# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION | Case No. 0:19-cv-02863 (WMW/KMM) |

## DEFENDANTS' MOTION REQUESTING JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT

Defendants Michael G. Nefkens, Joseph D. Ragan III, Niccolo de Masi, and

Resideo Technologies, Inc. ("Resideo" or, collectively, the "Defendants"), respectfully

request that the Court, in connection with Defendants' motion to dismiss Plaintiffs'

Consolidated Amended Complaint [Dkt. No. 51] (the "Complaint" or "Compl."),

consider and take judicial notice of the documents attached as exhibits to the Declaration

of Charles D. Cording ("Cording Declaration"). The exhibits attached to the Cording

Declaration are subject to judicial notice and properly considered by the Court on a

motion to dismiss.

## I.    LEGAL STANDARD

On a motion to dismiss, it is well-settled that a court "must consider . . .

documents incorporated into the complaint by reference, and matters of which a court

may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007); *see also In re K-Tel Intern., Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002).

Federal Rule of Evidence 201 permits a court to take judicial notice of "a fact that is not

subject to reasonable dispute because it (1) is generally known within the trial court's

territorial jurisdiction; or (2) can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, in the

context of a Rule 12(b)(6) motion, courts "consider matters incorporated by reference or

integral to the claim, items subject to judicial notice, matters of public record, orders,

items appearing in the record of the case, and exhibits attached to the complaint whose

authenticity is unquestioned; without converting the motion into one for summary

judgment." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir.

2012) (citation and quotation marks omitted).

The Defendants respectfully request that the Court take judicial notice of the

following categories of documents: (1) documents incorporated into the Complaint by

reference; and (2) publicly available documents showing information available to the

market.

## II. THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT

The Court should consider "documents incorporated into the complaint by

reference." *Tellabs*, 551 U.S. at 322; *see also Dittmer Prop., L.P. v. F.D.I.C.*, 708 F.3d

1011, 1021 (8th Cir. 2013). Exhibits A, E, I, O, Q, R, W, Y, BB, EE, FF, and HH are

directly cited in the Complaint, are central to Plaintiffs' claims, and their authenticity

cannot be disputed because they are public records;[1] they are properly considered on this

---

[1] Citations to the paragraphs of the Complaint in which these materials are referenced are provided in the Cording Declaration.

motion to dismiss so that the Court can examine the documents in their proper context, rather than as selectively excerpted by Plaintiffs in the Complaint.  *See Dittmer*, 708 F.3d at 1021 (finding "the district court properly considered the amended partnership agreement and POA because they were contemplated by or expressly mentioned in the complaint."); *see also Schwartz v. Silver Bay Realty Tr. Corp.*, No. 17-CV-1571 (WMW/DTS), 2018 WL 6435995, at *1 n.3 (D. Minn. July 9, 2018) (taking judicial notice of documents excerpted and referenced in the complaint).

## III.    THE COURT SHOULD CONSIDER PUBLIC DOCUMENTS

A court may take judicial notice of and consider in determining whether to grant a Rule 12(b)(6) motion "matters of public record."  *Miller*, 688 F.3d at 931 n.3.  Filings made with the SEC are routinely the subject of judicial notice in securities cases because they are public documents.  *See, e.g.*, *Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 663 (8th Cir. 2001) (taking judicial notice of facts "documented in public filings required to be filed with the SEC").  Courts also take judicial notice of other publicly available documents contemplated by the complaint that are not offered for the truth of the documents' contents.  *See Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n. 1 (9th Cir. 2017) (taking notice of other court filings, public SEC filings, and public analyst reports); *Markewich ex rel. Medtronic, Inc. v. Collins*, 622 F. Supp. 2d 802, 807 (D. Minn. 2009) (taking judicial notice of public commentary made by defendant, documents filed by the SEC, and news articles).

Plaintiffs allege that Resideo concealed certain "undisclosed" company-wide problems that resulted in the Company's earning guidance being materially false.

However, as Exhibits A, B, C, D, I, M, N, Q, V, BB, DD, EE, II (documents Resideo filed with the SEC) and E, F, G, H, O, R, S, W, X, Y, Z, BB, CC, FF, GG, HH (publicly available call transcripts, press releases, presentation materials) demonstrate, Resideo (and its former parent) publicly disclosed these purportedly "undisclosed" problems alleged in the Complaint.  The Court may therefore properly consider these publicly available materials, all of which were available to investors during the relevant period, because they are "integral to the claim" that Resideo's disclosures were materially false or misleading by omitting certain allegedly concealed facts.  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citation and quotation marks omitted) (affirming district court's consideration on a motion to dismiss of business records as documents embraced by the complaint).

Moreover, these documents are being offered, not for the truth of the matters described therein, but for the fact of their disclosure to the market.  *See In re Questcor Sec. Litig.*, No. SA CV 12-01623 DMG (FMOx), 2013 WL 5486762, at *2 (C.D. Cal. Oct. 1, 2013) (granting judicial notice for analyst reports and newspaper articles "to establish whether and when [certain] information was provided to the market, not the truth of the matters asserted therein.") (citations and quotation marks omitted).  Publicly available analyst reports (Exhibits J, K, L, T, and U) are likewise integral to Plaintiffs' claims as they establish the market expectations and knowledge throughout the class period, thereby informing the Court's materiality analysis.  *See Par Inv. Partners, L.P.*, 681 F. App'x at 620 n.1 (granting "public analyst reports for the limited purpose of determining what information was disclosed to the public during the class period").

- 4 -

Finally, Resideo's stock price (Exhibit P) throughout the class period was publicly available and integral to Plaintiffs' allegation that the price was purposefully inflated at times and that they suffered losses as a result of later decreases.  *See In re Moody's Corp. Sec. Litig.*, 612 F. Supp. 2d 397, 401 (S.D.N.Y. 2009) (taking judicial notice of Moody's historical stock prices as viewed on yahoo.finance.com).

Thus the Court should consider Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, EE, FF, GG, HH, and II.

## IV.    CONCLUSION

Defendants respectfully request that the Court consider and take judicial notice of the documents attached as exhibits to the Cording Declaration.

DATED: July 10, 2020

 */s/ Jerry Blackwell*
Jerry W. Blackwell (MN #186867)
G. Tony Atwal (MN #331636)
**BLACKWELL BURKE P.A.**
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Telephone: (612) 343-3200
blackwell@blackwellburke.com
tatwal@blackwellburke.com

*Defendants' Liaison Counsel*

 */s/ Tariq Mundiya*
Tariq Mundiya (*pro hac vice*)
Charles D. Cording (*pro hac vice*)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000

tmundiya@willkie.com
ccording@willkie.com

*Counsel for Defendants Resideo Technologies, Inc., Michael G. Nefkens, Joseph D. Ragan III, and Niccolo de Masi*