**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION | Case No. 19-cv-02863 (WMW/KMM)<br><br>**CLASS ACTION** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION**
**REQUESTING JUDICIAL NOTICE**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 1

LEGAL STANDARD .............................................................................................. 2

ARGUMENT........................................................................................................... 3

    I.    DEFENDANTS' EXTRINSIC DOCUMENTS DO NOT MEET THE STANDARD FOR JUDICIAL NOTICE ............................................... 4

    II.    THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF DISPUTED OR UNRELIABLE DOCUMENTS ......................................... 6

    III.    THE COURT SHOULD DIRECT DEFENDANTS TO SUBMIT COMPLETE DOCUMENTS TO AVOID MISLEADING EXCERPTING ....................................................................................... 9

CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*BJC Health Sys. v. Columbia Cas. Co.*,
348 F.3d 685 (8th Cir. 2003)......................................................................................4

*City Center Realty Partners, LLC v. Macy's Retail Holdings, Inc.*,
No. 17-CV-528, 2017 WL 4081896 (D. Minn. Sept. 13, 2017) ..............................4

*Coleman v. Mpls. Pub. Sch. SSD #1*,
No. 15-cv-4419, 2016 WL 4708495 (D. Minn. July 29, 2016) ...............................4

*Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*,
270 F.3d 645 (8th Cir. 2001)......................................................................................5

*Gibb v. Scott,*
958 F.2d 814 (8th Cir. 1992).....................................................................................4

*Huttner v. Aurora Loan Servs.*,
Civ. No. 11-1048 (RHK/LIB), 2011 WL 2910390 (D. Minn. July 19, 2011) .........1

*In re Am. Italian Pasta Co. Sec. Litig.*,
No. 05-0725-CV-W-ODS, 2006 WL 1715168 (W.D. Mo. June 19, 2006).............3

*In re PTC Therapeutics, Inc. Sec. Litig.*,
No. 16-1124 (KM) (MAH), 2017 WL 3705801 (D.N.J. Aug. 28, 2017) ...............6

*Karg v. Transamerica Corp.*,
No. 18-CV-134-CJW-KEM, 2019 WL 3938471 (N.D. Iowa Aug. 20, 2019).........6

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018)........................................................................3, 4, 9

*Lustgraaf v. Behrens*,
619 F.3d 867 (8th Cir. 2010).....................................................................................7

*Markewich ex rel. Medtronic, Inc. v. Collins*,
622 F. Supp. 2d 802 (D. Minn. 2009) .......................................................................5

*Mattes v. ABC Plastics, Inc.*,
323 F.3d 695 (8th Cir. 2003).....................................................................................3

*Meyer v. Haeg*,
No. 15-cv-2564 (SRN/HB), 2016 WL 6916796 (D. Minn. Nov. 21, 2016) ............3

*Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
     967 F. Supp. 1148 (D. Minn. 1997) ....................................................................2, 3

*Porous Media Corp. v. Pall Corp.*
     186 F.3d 1077 (8th Cir. 1999)................................................................................3

*Schermer v. BCBSM, Inc.*,
     No. 08-878, 2009 WL 928314 (D. Minn. Mar. 31, 2009)........................................5

*Young v. Principal Fin. Grp., Inc.*,
     547 F. Supp. 2d 965, 974 (D. Iowa 2008)..............................................................5

**Rules**

Fed. R. Evid. 201(b) ......................................................................................................3

iii

Plaintiffs respectfully oppose Defendants' motion (ECF 74) requesting judicial notice of certain documents in support of their motion to dismiss the Complaint.

## PRELIMINARY STATEMENT

Defendants request this Court take judicial notice of *twenty-three* documents neither cited nor incorporated by reference in the Complaint. But Defendants do not even attempt to demonstrate, because they cannot, how these documents were "necessarily embraced" by the Complaint – the relevant and narrow standard at the Rule 12(b)(6) stage.[1] Defendants have not shown the Complaint's allegations rely on any of their proffered documents. Nor can they show the documents meet the "public records" exception or the exacting standard of Federal Rule of Evidence 201.

To the contrary, here Defendants' request is particularly troublesome because the extrinsic documents they urge the Court to consider do not even support the "facts" they claim discredit the Complaint's allegations. For example, Defendants assert the Court must discount CW3's otherwise credible statements about the January 2019 *internal company* meeting in Orlando by citing Resideo's announcement of the June 2019 annual *shareholder* meeting.[2] Defendants' intentional conflation of these separate meetings is

---

[1] *See Huttner v. Aurora Loan Servs.*, Civ. No. 11-1048 (RHK/LIB), 2011 WL 2910390, at *1 (D. Minn. July 19, 2011) ("On a motion to dismiss, the Court analyzes only the four corners of the complaint (and material necessarily embraced by it or falling within several other narrow exceptions) to determine whether the plaintiff has pleaded a 'plausible' claim.").

[2] *See* ECF 71 at 37 n.16; ECF 72-4, Ex. II.

baldly misleading and the Court should not be required to sort through Defendants' voluminous extrinsic documents to identify such sleight-of-hand.[3]

Separately, Plaintiffs do not dispute the portion of Defendants' motion requesting that the Court consider the contents of eleven documents cited or incorporated by reference in the Complaint (Exhibits A, I, O, Q, R, W, Y, BB, EE, FF, HH), and therefore do not respond to Part I of Defendants' motion.[4]  Plaintiffs merely request the Court require Defendants to submit full versions of these exhibits for the Court to consider rather than decontextualized excerpts because, as set forth below, Defendants' excerpts from these documents are likewise misleading.

Accordingly, Plaintiffs respectfully submit that the Court decline to judicially notice or credit the documents not referenced or incorporated in the Complaint (Exhibits B, C, D, E, F, G, H, J, K, L, M, N, P, S, T, U, X, Z, AA, CC, DD, GG, II) (the "Extrinsic Documents").

## LEGAL STANDARD

On a motion to dismiss, "[t]he Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1)

---

[3] *See*, *e.g.*, *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 967 F. Supp. 1148, 1152 (D. Minn. 1997) ("the Court simply may not at this stage resolve factual disputes on the basis of preemptive (and untested) submissions").

[4] Defendants erroneously claim that Exhibit E – a Honeywell "portfolio review" conference call transcript that pre-dates Resideo by a year – is "directly cited in the Complaint" (ECF 74 at 2) and is therefore subject to incorporation by reference, but it is not.

exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint." *In re Am. Italian Pasta Co. Sec. Litig.*, No. 05-0725-CV-W-ODS, 2006 WL 1715168, at *1 (W.D. Mo. June 19, 2006) (citing *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003)); *see also Porous Media Corp. v. Pall Corp.* 186 F.3d 1077, 1079 (8th Cir. 1999).

As an exception to this general rule, Federal Rule of Evident 201 permits a court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). However, "the Federal Rules of Evidence greatly limit the type of 'facts' this Court can take judicial notice of." *Meyer v. Haeg*, No. 15-cv-2564 (SRN/HB), 2016 WL 6916796, at *1 (D. Minn. Nov. 21, 2016). "Under Rule 201(b), only facts that are 'generally known within the trial court's territorial jurisdiction,' or which 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned' can be noticed by the Court." *Id.* "'A high degree of indisputability is the essential prerequisite' to this requirement." *Id.*

## ARGUMENT

As a threshold matter, Plaintiffs note that Defendants' request for judicial notice of twenty-three documents never referenced in the Complaint follows the "concerning pattern in securities cases" whereby defendants employ "unscrupulous use of extrinsic documents to resolve competing theories against the complaint" in an attempt to secure premature dismissal of plausible claims. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Piper Jaffray*, 967 F. Supp. at 1152 (noting "unfortunate trend" of submitting voluminous extrinsic material in dismissal bid). That concern is heightened

3

where, as here, Defendants submit a cherry-picked selection of heavily excerpted documents in an attempt to "present their own version of the facts at the pleading stage" to facilitate "undermining of the usual pleading burdens." *Khoja*, 899 F.3d at 999.

## I.    DEFENDANTS' EXTRINSIC DOCUMENTS DO NOT MEET THE STANDARD FOR JUDICIAL NOTICE

Defendants concede the Extrinsic Documents are not cited or incorporated by reference in the Complaint.  (ECF 74 at 2).  Accordingly, consideration of these documents would violate the Eighth Circuit's instruction that "a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint."  *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687-88 (8th Cir. 2003); *see also Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir. 1992).

As this Court has recognized, it "may make an exception to this rule, however, for matters of public record, exhibits attached to the complaint, and other materials 'necessarily embraced by the pleadings.'"  *Coleman v. Mpls. Pub. Sch. SSD #1*, No. 15-cv-4419, 2016 WL 4708495, at *3 (D. Minn. July 29, 2016).  Defendants have not shown the Extrinsic Documents meet any of these narrow exceptions.

*First*, Defendants cannot demonstrate the Complaint "necessarily embraced" the Extrinsic Documents because the documents are not the essential basis for Plaintiffs' claims – *e.g.*, the contract at issue in a breach of contract action.  *See, e.g., City Center Realty Partners, LLC v. Macy's Retail Holdings, Inc.*, No. 17-CV-528, 2017 WL 4081896, *5 (D. Minn. Sept. 13, 2017) ("Here, the Court considers the Letter of Intent because it is necessarily embraced by the pleadings and provides the basis for Plaintiff's breach of

4

contract claim."); *Schermer v. BCBSM, Inc.*, No. 08-878, 2009 WL 928314, at *6  (D. Minn. Mar. 31, 2009) ("Here, the Court does not consider matters outside the four corners of the Amended Complaint, with the exception of the [insurance policy], which is necessarily embraced by the Amended Complaint.").  Where, as here, Plaintiffs' claims do not hinge on the Extrinsic Document they should not be judicially noticed.[5]

*Second*, most of the Extrinsic Documents do not meet the "public records" exception.  Defendants assert that courts routinely take judicial notice of SEC filings.  (ECF 47 at 3).  Assuming that is true, *only ten* of the twenty-three Extrinsic Documents are SEC filings.[6]  The rest are demonstrably *not* public records, but rather non-attested private documents such as call transcripts (Exhibits E, F, H), investor presentations (Exhibits G, S, X, Z, CC), and analyst reports (Exhibits J, K, L, T, U) that were not filed with any public authority and are not appropriate for judicial notice where, as here, they are disputed.[7]

---

[5] *See Young v. Principal Fin. Grp., Inc.*, 547 F. Supp. 2d 965, 974 (D. Iowa 2008) (declining to consider extra documents where "Defendants cannot demonstrate to the Court that they lacked a fiduciary duty to Plaintiffs by presenting contractual documents, when the Amended Complaint alleges that the fiduciary duty arose, at least in part, by Defendants' actions.").

[6] Exhibits B, C, D, M, N, V, AA, DD, II.

[7] For this reason, Defendants' cases (ECF 74 at 3) are inapposite.  *Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 663 (8th Cir. 2001) (crediting SEC filings detailing defendants' stock transactions because "[t]he investors do not dispute the accuracy of the defendants' assertions that they bought stock, and in fact the shareholders actually argue that the defendants' purchases are relevant as a cover-up."); *Markewich ex rel. Medtronic, Inc. v. Collins*, 622 F. Supp. 2d 802, 807 (D. Minn. 2009) ("Defendants do not object to the Court's judicial notice of public statements and SEC filings. . . . However, the memorandum of law submitted in the District of Massachusetts contains disputed factual assertions. Because disputed facts are not the proper subject for judicial notice, the Court will not consider this document.").

Finally, as set forth below, Defendants' documents and citations to those documents do not have a "high degree of indisputability."

## II. THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF DISPUTED OR UNRELIABLE DOCUMENTS

The Court should independently deny Defendants' request for judicial notice because, contrary to their assertion (ECF. 74 at 3, 4), Defendants offer the Extrinsic Documents to invite the Court to adopt their inferences – which is improper on a motion to dismiss.[8]  This is particularly true where Defendants' citations to the documents are patently misleading.

For example, Defendants purportedly dispute there was an internal company "annual meeting" in Orlando, Florida, during which Company employees were directed to use WhatsApp at the behest of Resideo's leadership team because it was "less discoverable" than email.  (*See* ¶ 162 ("CW3 also recalled a breakout meeting at Resideo's annual meeting in Orlando, Florida around January 2019, where challenges presented by Resideo's competition to the T-series thermostats were discussed")).  Defendants' "evidence" is Exhibit II – the announcement of the separate June 2019 shareholder meeting

---

[8] *See Karg v. Transamerica Corp.*, No. 18-CV-134-CJW-KEM, 2019 WL 3938471, at *6 (N.D. Iowa Aug. 20, 2019) ("even if the Court takes judicial notice of defendants' SEC filings, though, it may not rely on defendants' opinions about what proper inferences should be drawn from them.") (internal quotations and citation omitted); *In re PTC Therapeutics, Inc. Sec. Litig.*, No. 16-1124 (KM) (MAH), 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) ("the inferences defendants wish to draw from these documents go beyond the mere existence of statements within them (*e.g.*, what PTC actually believed about the ACT DMD results, what the investing public actually believed about the ACT DMD results, etc.).  Such contentions cannot properly be weighed on a motion to dismiss.").

– which they suggest means that "Resideo, and this Court, cannot determine whether [the January meeting] ever took place." (ECF 71 at 37).

This does not pass the smell test. The Complaint specifically referred to a breakout meeting of Vice President/General Managers, *not* shareholders or shareholder relations staff. (¶332). It is clear that that the meeting the CWs recalled was not the annual shareholders meeting (which, unlike the employee meeting was conducted virtually) and the document for which Defendants seek judicial notice adds nothing to the Court's consideration of the credibility of this allegation, which is only enhanced by the particularized level of detail alleged as to what was discussed at this meeting. (¶¶161-165). Defendants are left only with an improper factual dispute on a motion to dismiss. *See Lustgraaf v. Behrens*, 619 F.3d 867, 886 (8th Cir. 2010) (reversing dismissal where district court improperly resolved a factual dispute on a motion to dismiss).

Similarly, Defendants present Resideo's Second Quarter 2019 investor presentation (Ex. CC) to claim that Resideo's disclosure of "post spin inventory cleanup" somehow fully disclosed to investors the reasons for Resideo's drop in EBITDA. (ECF 71 at 17, 19). But Defendants omit that the document actually furthered Defendants' false narrative by touting "strong EBITDA due to a combination of growth and cost management" and "significant supply chain improvements in non-shipped backlog" (Ex. CC at 3, 4) – assertions which the Complaint demonstrates were patently untrue (*e.g.*, ¶¶210-211, 213).

Defendants also ask the Court to take judicial notice of numerous documents they assert disclosed Resideo's problems. For example, Defendants cite Exhibit E in asking the Court to conclude that Resideo's lack of operating history as part of Honeywell was

7

sufficiently disclosed to investors.  (ECF 71 at 37).  Defendants also rely on pre-Class Period statements made by Honeywell (Exs. F, G) in suggesting that Resideo's operating history was disclosed.  (ECF 71 at 14-15).  But these purported disclosures do not disclose the information the Complaint actually alleges was concealed.[9]

Defendants likewise ask the Court to consider a cherry-picked selection of analyst reports in support of their erroneous argument that Honeywell, not Resideo, issued the guidance the Complaint establishes lacked any reasonable basis.  (ECF 71 at 9-10).  For example, Defendants cite an Imperial Capital analyst report (Ex. L) to suggest that Honeywell made Resideo's 2019 projections.  This assertion is simply not true.  Defendants fail to mention an investor presentation prepared by Resideo for a December 2018 Imperial Capital investor conference wherein Resideo's adopted Honeywell's guidance.[10] Defendants likewise omit Defendant Ragan's lengthy discussion of Resideo's financial guidance during the same investor conference.  (Ent. JN Decl. Ex. 2 at 5).

Perhaps most egregiously, Defendants submit a March 7, 2019 single-page Oppenheimer analyst report (Ex. T) to support their false characterization that this case is only about an "earnings miss."  (ECF 71 at 22).  But Defendants fail to mention the detailed

---

[9] *See* ¶ 91 ("the Company was constructed with product lines from various Honeywell divisions, later revealed to have been underperforming, that did not otherwise have historic-separate P&Ls as standalone businesses or independent governance and operational structures"); ¶ 93 ("contrary to Honeywell's and Resideo's statements before and during the Class Period [] the Products & Solutions business was "thrown together" by Honeywell as a hodgepodge of random parts, thereby causing fissures in the segment and systemic governance problems").

[10] *See* Declaration of Andrew J. Entwistle in Support or Plaintiffs' Opposition to Defendants' Motion Requesting Judicial Notice ("Ent. JN Decl."), Exhibit 1 at 10.

Oppenheimer report issued *the very next day* which attributed the decreased earnings to "increase in investment spend" on development for GRIP and connected thermostats – the very problems identified in the Complaint as subjects of Defendants' misstatements – which "shocked the market" (Ent. JN Decl. Ex. 3 at 1) and caused the stock to fall $5.79 as a result (¶¶28, 395).  Their argument concerning how the market understood Defendants' statements is appropriate at trial or, if not genuinely disputed, on a motion for summary judgment.  But Defendants' purpose in selectively introducing their favorite analyst reports into the record at this time is clear: they want the Court to improperly weigh evidence and find in their favor before Plaintiffs have the benefit of discovery.[11]

The Court should decline this invitation.

## III. THE COURT SHOULD DIRECT DEFENDANTS TO SUBMIT COMPLETE DOCUMENTS TO AVOID MISLEADING EXCERPTING

Defendants also present heavily excerpted versions of documents Plaintiffs cite in the Complaint and then attempt to use the excerpted documents to create competing inferences to the well-pled allegations in the Complaint.  But Defendants turn the incorporation doctrine – designed to prevent stripping material from its context – on its head.

For example, Defendants submit excerpts from Amended Form 10-12B/A (Ex. M) to suggest to the Court that Resideo's disclosures were adequate.  But Exhibit M omits

---

[11] *See Khoja,* 899 F.3d at 998 ("the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.  This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.").

pages containing clearly untrue statements by Defendants, including: "We believe we have an attractive financial profile highlighted by our diversified revenue streams, strong segment profits and limited capital expenditure needs. We have delivered strong net sales growth over the period from 2013 to 2017, during which our net sales grew at a CAGR of 3.7%." (¶ 197). The Complaint demonstrates there was no basis to claim segment profits or sales growth going back to 2013 because Resideo's Products & Solutions operating segment did not exist from 2013 to 2017, but rather, as new CFO Robert Ryder conceded after the Class Period, "was various businesses within divisions of Honeywell" and Honeywell "threw them together and called that Products & Solutions." (¶¶ 11, 95, 187, 387).

Likewise, Defendants' Exhibit R – excerpts of Resideo's Fourth Quarter 2018 earnings call conducted March 7, 2019 (Ex. R) – omits pages containing crucial statements, such as Defendants' representation that "[i]n addition to successfully completing the spin we also launched some terrific products in the fourth quarter, including our market-moving next-generation security platform [GRIP], universal heat pump defrost controls and the T9 and T10 thermostats." (¶ 234). Of course, this statement was false and misleading because, by February 2019, Resideo had only sent ADT the GRIP product for beta testing, and the rollout of GRIP was delayed past May 2019. (¶ 140). The statement also omitted Resideo was subject to contractual penalties for missed milestones on GRIP – including delays in delivery date and in production. (¶ 141). Further, the references to the launch of "terrific products" – including the T9 and T10 thermostats – omitted the fact that these products

10

were already outdated and 18 months late to the market because Resideo lacked the necessary software developers and product engineers. (¶249).

Defendants should be directed to submit full versions of the documents cited in the Complaint so that the Court may evaluate the statements in context.

## CONCLUSION

Plaintiffs respectfully request the Court (i) decline to judicially notice documents not referenced in the Complaint which Defendants employ to contradict the Plaintiffs' factual allegations in contravention of Eighth Circuit law (Exhibits B, C, D, E, F, G, H, J, K, L, M, N, P, S, T, U, X, Z, AA, CC, DD, GG, II); and (ii) direct Defendants to submit in full documents incorporated by reference into the Complaint (Exhibits A, I, O, Q, R, W, Y, BB, EE, FF, HH).

DATED:  October 9, 2020

*/s/ Bryan L. Bleichner*
Karl L. Cambronne (MN #14321)
Bryan L. Bleichner (MN #0326689)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South,
Suite 1700
Minneapolis, MN 55401-2138
Telephone: (612) 339-7300
kcambronne@chestnutcambronne.com
bbleichner@chestnutcambronne.com

*Plaintiffs' Liaison Counsel*

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
Frost Bank Tower
401 Congress Avenue, Suite 1170
Austin, Texas 78701
Telephone: (512) 710-5960
aentwistle@entwistle-law.com

*Lead Counsel for The Gabelli Plaintiffs and Co-Lead Counsel for the Class*

*/s/ Ira A. Schochet*
Ira A. Schochet (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700

11

ischochet@labaton.com

*Lead Counsel for the Naya Group
and Co-Lead Counsel for the Class*


/s/ X. Jay Alvarez
X. Jay Alvarez (*pro hac vice*)
Steven W. Pepich (*pro hac vice*)
**ROBBINS GELLER RUDMAN
& DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
jaya@rgrdlaw.com
stevep@rgrdlaw.com

*Counsel for Additional Plaintiff Oklahoma
Firefighters Pension and Retirement System*

12