# EXHIBIT B

**Summary of Plaintiffs' Response to Defendants' Chart of Purported "Risk Disclosures"**

*In re Resideo Technologies, Inc. Securities Litigation*

I.     **Defendants' "Risk Factors" Regarding Resideo's Purported Operating History and Financial Success as Part of Honeywell Were Inadequate and/or Themselves Misleading**

| Defendants' Purported Disclosure of Risk[1] | Reasons "Disclosure" Was Inadequate and/or Itself Misleading |
|---|---|
| "We have no operating history *as an independent, publicly traded company,* and our historical combined financial information is not necessarily representative of the results we would have achieved *as an independent, publicly traded company* and may not be a reliable indicator of our future results." Ex. M at 25; ¶201. | • Inadequate in its *failure to disclose the fact that Resideo had no operating history as anything at all, and misleading because it implied that Resideo had some operating history (albeit not as an independent, public company).* ¶¶201-205.<br><br>• Misleading in that it implies without basis that the purported historical information was at worst an imperfect proxy for Resideo's ability to perform independently, when, in fact, each piece of Honeywell's business extracted to form Resideo had never operated together, but only as constitutive parts of separate Honeywell divisions. |
| "[W]e have neither operated with a residential Comfort & Care, Security & Safety, or home solutions business focus, nor combined that with a distribution business in the past." Ex. M at 25; ¶201. | Inadequate in that it did *not disclose the fact that both "Comfort & Care" and "Security & Safety" were themselves purely creations of the Spin-Off and that they had been thrown together from various other pieces of Honeywell's business* and misleading in that it *implies that these divisions themselves existed previously (separately and with a broader focus).* ¶203. |
| "*Prior to the Spin-Off, we operated as part of Honeywell's broader corporate organization,* and Honeywell performed various corporate functions for us." Ex. M at 25; ¶201. | Misleading in light of the fact that *Resideo did not operate as anything at all within Honeywell's broader corporate organization but was an amalgam of individual product lines.* ¶203. |

---

[1] Statements listed in this chart have been taken from Defendants' citations to Resideo's purported "Disclosure of Risk," ECF No. 71 at 37-40.

1

**Summary of Plaintiffs' Response to Defendants' Chart of Purported "Risk Disclosures"**

*In re Resideo Technologies, Inc. Securities Litigation*

II.    **Defendants' Purported Risk Factors Regarding Resideo's Supply Chain Were Inadequate and/or Themselves Misleading**

| Defendants' Purported Disclosure of Risk | Reasons "Disclosure" Was Inadequate and/or Itself Misleading |
|---|---|
| "*We must attract and retain qualified people to operate our systems . . . .* Any disruption to our business due to such issues . . . *could* have an adverse effect on business, financial condition, results of operations and cash flows." Ex. M at 31; Ex. A at 28. | Misleading because: (i) *Honeywell spun off Resideo without any value engineers* (¶¶99-101); and (ii) *Honeywell similarly kept the engineering talent necessary to develop new products* (¶¶101, 151, 155, 161, 181, 190) meaning that Resideo's business *was already experiencing adverse effects on its business and financial condition*. |
| "In addition, organizational changes, attrition, *labor relations difficulties, or workforce stoppage could have an adverse effect on our business . . .*" Ex. M at 41; Ex. A at 29. | Inadequate because it is *vague boilerplate that would apply to any company. Further inadequate in that it did not warn that Resideo currently had no value engineering team* (¶¶99-101) and a paucity of engineering talent (¶¶151, 155, 161, 181, 190). |
| "This Information Statement contains 'forward-looking statements' that involve risks and uncertainties . . . including but not limited to . . . *inability to recruit and retain qualified personnel*." Ex. M at 57.<br><br>(The statement is repeated in the Form 10-K and is inadequate and misleading for the same reasons). Ex. A at 20. | Inadequate and misleading because *Honeywell kept all of the value engineers in the Spin-Off and did not begin recruiting replacements until the end of the Class Period*. ¶¶99-101, 316. In other words, whereas any company might be unable to recruit and retain qualified personnel, Resideo had *not* attempted to retain the value engineers that supported its products and was not attempting to recruit new ones. ¶316. Honeywell likewise retained engineering talent necessary to develop new products. ¶¶101, 161, 190. |
| "We depend on the recruitment and retention of qualified personnel, and our *failure to attract and retain such personnel could adversely affect our business . . .*" Ex. M at 41; Ex. A at 38. | Inadequate and misleading because it (i) is *vague boilerplate that applies to any company* and (ii) did *not disclose that Honeywell kept all of the value engineers in the Spin-Off and that Resideo did not begin recruiting replacements until the end of the Class Period*. ¶¶99-101. |

2

**Summary of Plaintiffs' Response to Defendants' Chart of Purported "Risk Disclosures"**

*In re Resideo Technologies, Inc. Securities Litigation*

| **Defendants' Purported Disclosure of Risk** | **Reasons "Disclosure" Was Inadequate and/or Itself Misleading** |
|---|---|
| "Disruptions, or the need to relocate any of our facilities, *could* significantly disrupt our business . . . A disruption, including work stoppage, *supply chain failures*, natural disasters, weather-related disruptions, or *other disruptions at one or more of our production facilities* could have adverse effects on our business." Ex. M at 35; Ex. A at 31. | Inadequate because it *did not disclose that Honeywell had retained the critical manufacturing facilities, already significantly disrupting Resideo's business ("Maybe our manufacturing facilities aren't in the right places with the right freight lanes"). Misleading because it falsely portrayed such disruption as a mere contingency* (i.e., that they might never occur, when they already had.). ¶¶108, 188. |
| "Raw material price fluctuations, the ability of key suppliers to meet quality and delivery requirements, or catastrophic events can increase the cost of our products and services, impact our ability to meet commitments to customers and cause us to incur significant liabilities." Ex. M at 36; Ex. A at 33. | Did not adequately disclose that the *EMEA RTS business was already being adversely impacted by the near-doubling price in microprocessors*, which began prior to the Spin-Off. ¶116. |
| "As a stand-alone company, we will not have the same product diversity or scale and may not have similar purchasing power or access to capital markets." Ex. M at 31; Ex. A at 27. | Inadequate and misleading because *it portrayed loss of purchasing power as a contingency when it was unavoidable and had already occurred.* ¶118.<br><br>Further inadequate because it was *superseded by subsequent false statements to the effect that the supply chain issues had largely been resolved.* ¶220. |

3

**Summary of Plaintiffs' Response to Defendants' Chart of Purported "Risk Disclosures"**

*In re Resideo Technologies, Inc. Securities Litigation*

**III.   Defendants' Purported Risk Disclosures About Resideo's New Product Launches Were Inadequate**

| Defendants' Purported Disclosure of Risk | Reasons "Disclosure" Was Inadequate and/or Itself Misleading |
|---|---|
| "Our future results depend upon a number of factors, including our ability to . . . (iv) *develop, manufacture and bring compelling new products to market quickly and cost-effectively.*" Ex. M at 28; Ex. A at 24. | Inadequate because this *vague boilerplate would apply to any company.* It did not warn that *Resideo lacked the technical talent to timely launch products ahead of competitors or develop the very new products that Defendants were falsely touting as in development (or already developed).* ¶¶99-101, 143-155, 161, 181, 190. |
| "The efficient operation of our business requires *substantial investment in technology infrastructure systems.*" Ex. M at 31; Ex. A at 27. | Inadequate and misleading because it *did not warn that Resideo was not making the required substantial investment to eliminate substantial power outages that were occurring with Resideo product line that constituted 85% of its connected thermostats.* ¶¶120-133. |
| "Our future results depend upon a number of factors, including our ability to (i) identify emerging technological trends, (ii) *develop and maintain competitive products, in part by adding innovative features* that differentiate our products from those of our competitors and prevent commoditization of our products, (iii) grow our market share, (iv) develop, manufacture and bring compelling new products to market quickly . . ." Ex. M at 24; Ex. A at 28. | Inadequate because this *vague boilerplate would apply to any company.* It did not warn that *Resideo lacked the technical talent to develop timely launch products ahead of competitors orthe new products that Defendants were touting as in development (or already developed).* ¶¶99-101, 143-155, 161, 181, 190. |