# EXHIBIT 1

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

I. **Defendants' Alleged Misstatements Regarding Resideo's Operating History and Financial Success as Part of Honeywell**

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Was Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| August 23, 2018 Investor Presentation | All | Resideo's "Competitive Strengths," include: "Diversified revenue streams, *strong segment profits* and limited capital expenditures"; and "*strong management operating system and attractive financial profile.*" ¶192. | Resideo's Product & Solutions operating segment had no "strong segment profits" or "strong management operating system and attractive financial profile" because the Products & Solutions division *did not exist before the spin-off.* ¶¶ 11, 95, 187, 201, 387. | *Unchallenged* | This statement is inactionable as (1) a pre-Class Period statement by Honeywell; (2) puffery and corporate optimism; and (3) immaterial information that does not significantly alter the "total mix" of information made available to investors. (Mot. at 24, 49; Reply at 6 n.3, 14.) |
| October 2, Form 10 | All | "We have a *long history of innovation and industry firsts in our Comfort & Care and Security & Safety* markets and have a reputation for providing trusted, tested and proven products and solutions." ¶197. | The "Comfort & Care" and "Security & Safety" subdivisions did not have a long history of anything because they *did not exist within Honeywell*. ¶201. | *Unchallenged* | This statement is inactionable as (1) a pre-Class Period statement; and (2) immaterial information that does not significantly alter the "total mix" of information made available to investors. (Mot. at 24; Reply at 6 n.3.) |
| October 2, Form 10 | All | "We believe we have an attractive financial profile highlighted by our diversified revenue streams, *strong segment profits* and limited capital expenditure needs. *We have delivered strong net sales growth over the period from 2013 to 2017*, during which our net sales grew at a CAGR of 3.7%." ¶197. | There were *no segment profits or sales growth going back to 2013 because Resideo's Products & Solutions segment did not exist from 2013 to 2017.* ¶¶11, 95, 187, 201, 387. | *Unchallenged* | This statement is inactionable as (1) a pre-Class Period statement; (2) puffery and corporate optimism; and (3) an opinion, under *Omnicare*. (Mot. at 24, 49-51; Reply at 6 n.3, 14-15.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Was Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| October 10, 2018 Press Release | Nefkens | "Our *diversified revenue streams, strong segment profits and limited capital expenditure needs* are just a few of the reasons Resideo has a bright future." ¶206; *see similar* ¶250. | Resideo's Products & Solutions operating segment *did not exist* before the spin-off and therefore *had no existing "strong segment profits" or "diversified revenue streams."* ¶¶11, 95, 187, 201, 387. | The purported existing revenue, profit and expenditures are statements of present fact. ¶¶201-205. | This statement is inactionable as (1) a pre-Class Period statement by Honeywell; (2) corporate optimism; and (3) a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 46, 49; Reply at 6 n.3, 9-11, 13-15.) |
| November 13, 2018 3Q18 Earnings Press Release | Nefkens | "*Our performance as part of Honeywell over the past three years* demonstrates a well-run business that is on-track to deliver continued growth in 2018 and beyond." ¶216. | The Products & Solutions division had *no "performance as part of Honeywell" over the prior "three years" because the Products & Solutions division did not exist before the spin-off.* ¶¶11, 95, 187, 201, 387. | Purported performance "over the past three years" is not forward-looking.<br><br>"On track" is a statement of present condition. | This statement is inactionable as (1) a forward-looking statement accompanied by meaningful cautionary language; and (2) an opinion, under *Omnicare*. (Mot. at 24, 44, 49, 51-52; Reply at 13-14 n.10, 15.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

**II.    Defendants' Alleged Misstatements Regarding Resideo's Supply Chain**

**i.    Defendants' Alleged Misstatements Touting Resideo's Supply Chain**

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Was Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| November 8, 2018 Global Industrial Conference Presentation | All | "*Mature, Integrated Supply Chain*" "strategically positioned in low cost regions that are located in or near key markets to reduce delivery time." ¶210. | • Resideo's *supply chain was not mature, integrated or strategically positioned*. ¶¶96, 188, 227, 247, 325, 379.<br><br>• *Honeywell retained the engineering personnel and manufacturing facilities necessary for Resideo's products*. ¶¶99-116, 369, 414.<br><br>• Resideo was *unable to secure raw materials* required to manufacture products. *Id*.<br><br>• Resideo experienced *severe inventory shortages requiring it to purchase products from Honeywell*. ¶112. | *Unchallenged* | These statements are inactionable as (1) immaterial information that do not significantly alter the "total mix" of information made available to investors and these risks were sufficiently disclosed by Resideo and Honeywell; and (2) corporate optimism. (Mot. at 24; Reply at 14.)<br><br>Further, Plaintiffs' argument that these statements are false or misleading is based largely on *ex post* statements made by Defendants (¶96, 99-100, 188, 227, 247, 325, 369, 379, 414), which constitutes improper fraud-by-hindsight prohibited by the PSLRA. (Mot. at 25-29; Reply at 1-3, 6, 9, 21-22 n.14.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Was Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| December 12, 2018 Imperial Capital Security Investor Conference | Ragan | *"10 years ago, there were 50 factories and somehow Michael got from 50 to 18 and doubled revenue, which is spectacular . . . the company is incredibly efficient from a manufacturing supply chain perspective."* ¶226. | • *Products & Solutions (the only division with factories), did not exist ten years prior, let alone under Nefkens' command.* ¶227.<br><br>• Resideo was *not* "incredibly efficient from a manufacturing supply chain perspective." ¶227.<br><br>• *Omitted that Resideo needed the purportedly jettisoned factories and that Honeywell had pillaged them.* ¶¶96, 103, 188. | *Unchallenged* | This statement is inactionable because it is a truthful statement when read in the context of the operating history of the various components that comprise Products & Solutions when they were part of Honeywell. (Mot. at 7-9, 24, 54-55; Reply at 6-9.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

ii.    **Defendants' Alleged Misstatements About Their Efforts to Repair the Supply Chain**

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Was Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| November 13, 2018 Third Quarter 2018 Financial Results Press Release | All | "performance was impacted by *temporary supply chain issues as a result of the spinoff*" but Resideo *is "actively resolving"* them. ¶218. | • The *predominant spin-related supply chain issues were not "temporary."* ¶¶25, 116, 277.<br><br>• Resideo's product lines suffered from undisclosed *supply chain issues that did not happen "as a result of the spinoff" but occurred before* it. ¶¶25, 102, 104-106, 109, 115-116, 277.<br><br>• Resideo was *not actively resolving the supply chain issues that had materially impacted segment performance and never built out value engineering teams during the Class Period.* ¶316. | *Unchallenged* | This is an example of Resideo's inactionable contemporaneous disclosures. (Mot. at 54-55; Reply at 9.) |

5

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Was Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| November 14, 2018 3Q18 Earnings Call | Nefkens; Ragan | Nefkens: " . . . about the spin related supply chain issues . . . what they are – are our items I will just give you a really good example like *most of them are believe or not are administrative items*. We had an example of customs related issues where paperwork comes in under the Honeywell name, Products needs to actually be come out the Resideo name, took a couple days to do that."<br><br>"In Q4 I can tell you right now *we're already seeing volumes coming back to normal. . . .* And *we'll be fully back and running here by Q1 . . . and we're very comfortable that we're on the other side of it now.*<br><br>Analyst: *So, full power by the beginning of 2019?*<br><br>Nefkens: "*That's correc*t." ¶220. | • The *supply chain problems were not "administrative items"* which could easily be resolved. ¶¶ 25, 116, 277.<br><br>• *Volumes were not "coming back to normal" by November 2018.* ¶¶107, 109, 114-116.<br><br>• There was *no basis on which to claim the supply chain issues would be fully resolved in the following six weeks.* ¶¶99-116, 369, 414. | • Statements that issues were mostly administrative and that volumes were coming back to normal were statements of present and/or historical fact.<br><br>• Defendants' claim Resideo would be "full power by the beginning of 2019" lacked a reasonable basis and was contradicted by contemporaneous facts known to Defendants. ¶¶99-116.<br><br>• Defendants' claim they were "On the other side of it" was a statement of present condition, lacked a reasonable basis and was contradicted by facts known to Defendants. ¶¶99-116. | These statements are inactionable as (1) forward-looking statements accompanied by meaningful cautionary language; and (2) immaterial information that does not significantly alter the "total mix" of information made available to investors in light of disclosures made by Resideo regarding supply chain issues. (Mot. at 11, 13, 17, 19, 24, 44; Reply at 9-11, 13-14.) |
| March 7, 2019 4Q18 Earnings Call | Nefkens | "*The disruption from the spin is mostly behind us.*" ¶230. | The *spin-related disruption was not "behind"* Resideo. Honeywell's retention *of supply chain optimizing engineers* and of *critical manufacturing facilities would take years to resolve.* ¶¶99-116, 369, 414. | This is a misstatement of present fact. | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 46, Reply at 9-10, 13-14.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Was Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| March 7, 2019 4Q18 Earnings Call | Nefkens | "with the spin this effectively is the first time that we are having *all of our costs under our control . . . we are at or ahead of where I expect[ed] to be.*" ¶¶ 229-230. | Resideo *had not brought its costs under control*, nor had it even materially improved its costs because *it had not hired any value engineers* (¶ 181) and *had not resolved the issue posed by the split in manufacturing facilities*. ¶231. | These are misstatements of present fact. | This statement is inactionable as an opinion, under *Omnicare*. (Mot. at 24, 50-52; Reply at 3-4, 14-15.) |
| March 7, 2019 4Q18 Earnings Press Release and Call | Nefkens; Ragan | Nefkens: "*we're already taking action to optimize the cost base and operating footprint we inherited from the spin.*"<br><br>"new product launches," will "get us back to where we want to be margin-wise in 2020."<br><br>Ragan: "margin uplift for next year when you add in the incremental EBITDA that we'll get from the cost takeouts."<br><br>"With respect to *EBITDA margins, we're expecting approximately 11%.*" ¶232. | • Resideo was *not taking action to optimize its cost base or operating footprint*, (¶ 181), or to fix its manufacturing footprint (¶ 188), both of which take *years to resolve*. ¶¶99-116, 369, 414.<br><br>• Resideo's product lines suffered from additional *undisclosed supply chain issues that continued unabated after the Spin-Off*. ¶¶107, 109, 114, 116.<br><br>• There was no way the Company would "get [] back" to where Defendants wanted to be margin-wise because neither STORM nor GRIP for consumers were close to being done. ¶¶143-155, 163, 190, 249. | These were statements of present fact or mixed statements of present/future condition made with actual knowledge of falsity. ¶¶102-116. | These statement are inactionable as forward-looking statements accompanied by meaningful cautionary language. (Mot. at 24, 44; Reply at 9-11, 13-14.) |

7

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Was Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| March 18, 2019 2018 Form 10-K | All | "Important parts of our *supply chain are strategically positioned* in low cost regions located in or near key markets, consistent with a *strategy of optimizing our supply chain and reducing delivery times*." ¶246. | Resideo's supply chain was *not* "*strategically positioned*" to "*reduc[e] delivery time*" but, as *CFO Ryder later admitted*, had "*too many products*" in "*too many places*" due to the Honeywell-induced split in manufacturing facilities. ¶¶96, 188, 213, 217, 227, 247, 325, 379. | These are statements of current condition. ¶¶102-116. | This statement is inactionable as immaterial information that does not significantly alter the "total mix" of information made available to investors in light of disclosures made by Resideo regarding supply chain issues. (Mot. at 11, 13, 17, 19, 24, 53-54.) |
| May 9, 2019 1Q19 Earnings Call | Nefkens | "The *product segment also saw tangible improvement in supply chain execution as we work through spin-related headwinds* from the past 2 quarters" and "We're also starting to move beyond some of the supply chain and cost spin burdens." ¶279. | • Resideo was *not* "*work[ing] through spin-related headwinds*" (¶181) *or to fix its manufacturing footprint* (¶188).<br><br>• Resideo's was also *not moving* "*beyond*" *supply chain problems*. ¶¶107, 109, 114, 116. | *Unchallenged* | This statement is inactionable because it is an example of Resideo's contemporaneous disclosures regarding supply chain issues (Mot. at 11, 13, 17, 19; Reply at 9) and Plaintiffs' allegation that this statement is misleading is based on *ex post* statements by Resideo officers (¶181, 188), which constitutes improper fraud-by-hindsight prohibited by the PSLRA. (Mot. at 25-29; Reply at 1-3, 6, 9, 21-22 n.14.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Was Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| August 7, 2019 2Q19 Earnings Call | Nefkens | "due to new supply chain leadership and process changes, we're delivering more on time than ever before and our delivery metrics are the best they've been in 5 years. This improvement will allow us to be more aggressive on the growth side . . . I also want to *call out the incredible strides we've made on improving our supply chain.*" ¶298. | • Resideo's *supply chain issues were getting worse, not better.* ¶108.<br><br>• Resideo *had not even begun to replace supply chain optimizing engineers* (¶181) or fix its manufacturing footprint (¶188). | *Unchallenged* | This statement is inactionable because it is a true statement in the context of Resideo's progress in supply chain issues at the time and it also serves as an example of Resideo's contemporaneous disclosures regarding supply chain issues. (Mot. at 11, 13, 17, 19; Reply at 9.) |

**III.    Defendants' Alleged Misstatements About Resideo's New Product Launches GRIP and STORM**

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| March 7, 2019 4Q18 Earnings Call | Nefkens | "we also *launched some terrific products in the fourth quarter, including our market-moving next-generation security platform [GRIP] . . .*" ¶234. | • *By February 2019, Resideo had only sent ADT the GRIP product for beta testing, and the rollout of GRIP was delayed past May 2019.* ¶140.<br><br>• Omitted Resideo was subject to *contractual penalties for missed milestones on GRIP – including delays in delivery date and in production.* ¶141. | *Unchallenged* | This statement is inactionable puffery. (Mot. at 24, 49; Reply at 14.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| March 7, 2019 4Q18 Earnings Press Release | All | "Over the year ahead, Resideo will roll out next generation platforms in both its security and comfort division. In security, *Resideo's Global Residential Intrusion Platform [GRIP] is extensible and brings enhanced software offerings. In comfort, Resideo is launching a pioneering platform with recurring services that integrate all dimensions of home wellness [STORM].*" ¶235; *see similar* ¶197. | • *STORM was a fake project that was actually not being developed,* and Defendants had been informed could not be ready for several years because *Resideo did not have the technology to make it work.* ¶¶141, 237-238.<br><br>• Project GRIP for direct consumers was not close to being done. ¶¶142-146. | • Mixed statement of present/future condition contradicted by information then known to Defendants.<br><br>• GRIP and STORM are referred to in the present tense and the statement indicates the technology is already operable. | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 45; Reply at 9-11, 12-14, 17.) |
| March 7, 2019 4Q18 Earnings Press Release | All | "The company *began customer deliveries of its next-generation security platform (Global Residential Intrusion Platform [GRIP]) in December 2018.*" ¶¶235, 347. | Resideo did not begin customer deliveries of GRIP in 2018. Resideo *had not even completed GRIP at the time of the press release and lacked the technology to make it work. ¶145. By February 2019, Resideo had only sent GRIP to ADT for beta testing, and the rollout of GRIP was delayed past May 2019.* ¶140. | This is plainly a misstatement of present and historical fact. ¶¶137-146, 262. | This statement is inactionable because it is a true and accurate statement in the context of Resideo's multi-month roll-out of GRIP, as outlined more fully in the Motion to Dismiss and the Reply, and is otherwise immaterial. (Mot. at 45 n.17, 61, Reply at 15-17.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| March 7, 2019 4Q18 Earnings Call | Nefkens | "We have the *rollout of our new Global Intrusion Platform [GRIP], started in December.* That rollout is progressing very, very well with our first customers." <br><br> "[T]he rollout of our GRIP platform, that's the next-generation security platform, *which is already rolling out [] we've got our largest customer that comes up first,* then we have general market in the Americas and then we move to general market in Europe. We were not planning a European launch until 2020. *We're accelerating that into 2019 as well.*" ¶236. | • The rollout had *not "started in December."* ¶ 145. By *February 2019, Resideo had only sent GRIP to ADT for beta testing, and the rollout of GRIP was delayed past May 2019.* ¶¶140, 237-238. <br><br> • The rollout was *not currently progressing at all with customers* (plural). ¶¶237-238 <br><br> • Omitted that *GRIP was severely delayed, resulting in millions of dollars in lost revenue and millions more in contractual penalties.* ¶141. <br><br> • Project GRIP for direct consumers was "not even able to upgrade" by February 2019 and by that time was only able to send some alarms and communicate with the server. ¶¶142-146. | • Misstatements that the GRIP rollout started in December were historical. <br><br> • Misstatement that rollout to customers was progressing was of present fact. <br><br> • Misstatement that European launch was accelerated to 2019 omitted present condition. <br><br> • Misstatement that GRIP for direct consumers would roll out to general market in Americans and Europe mixed statement of present/future condition. | These statements are either accurate statements for the reasons laid out in the Motion and the Reply (Mot. at 45 n.17, Reply at 15-17) or inactionable as forward-looking statements accompanied by meaningful cautionary language. (Mot. at 24, 45; Reply at 9-11, 17.) |
| March 7, 2019 4Q18 Earnings Press Release | All | "*Over the year ahead . . . in comfort, Resideo is launching a pioneering platform with recurring services that integrate all dimensions of home wellness [STORM].*" ¶235. | • *Defendants were told STORM could not be completed for another two to five years because the hardware had not yet been developed and instructed employees to communicate such information via WhatsApp to avoid discovery.* ¶¶9, 56, 166, 231, 320, 332-333, 375. | Mixed statement of present/future condition made with actual knowledge statement was, at least, misleading. | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 45; Reply at 9-11, 13-14, 17.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| May 8, 2019 Press Release | All | "In Q1, *our in-house innovation shined with the launch and strong sales volumes of our next generation pro security platform [GRIP]*." <br><br> "Resideo's new next generation pro series security platform *[GRIP] began rollout in Q1. This* revolutionary platform delivers both entry-level security protection and scales to a fully integrated smart home security solution. It features new self-contained wireless panels, advanced encrypted sensing, and offers dealers one system for easy installation and support." ¶¶256-257. | • Resideo *did not begin "rollout in Q1." By February 2019*, Resideo had only sent GRIP to ADT for beta testing, and the rollout of GRIP was delayed past May 2019. ¶ 140. <br><br> • *GRIP was not yet operational. Id.* <br><br> • There was no basis to tout strong sales in Q1 because the *project was not completed even as of the time the statement was made.* ¶¶134-146, 258-259. | This is a misstatement of historical and present condition, referring to present capabilities and the rollout purportedly in the prior quarter. ¶¶137-146, 262. | These statements are inactionable puffery. (Mot. at 24, 49, 52; Reply at 14-15.) |
| May 9, 2019 1Q19 Earnings Call | Nefkens | Nefkens: "[W]ith the launch of our security platform to right now, which we're basically rolling out to one of our largest customers [ADT]. That is an OEM-type contract, it has lower price points." ¶257; *see* similar ¶260. | Omitted that the *rollout of GRIP to ADT was severely delayed*, resulting in lost revenue and contractual penalties. ¶141. | *Unchallenged* | This statement is inactionable because it is a true and accurate statement in the context of Resideo's multi-month roll-out of GRIP, as outlined more fully in the Motion to Dismiss and the Reply. (Mot. at 45 n.17, 61; Reply at 15-17.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| May 9, 2019 1Q19 Earnings Call | Nefkens | "being able to integrate not only the hardware but the hardware with our software, is going to be key for us, and then being able to leverage our platform to move into other adjacencies . . . that was just given. So we'll have the capability [STORM] by the end of the year, beginning of next year." ¶261. | Resideo *did not have the ability to complete STORM in 2019.* ¶¶147-150, 262. | Statement was misleading not because STORM did not ultimately launch, but because it falsely indicated that the project was currently real and close to completion, when it was a fake project that Resideo currently lacked the technology and personnel to complete. | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 45-46; Reply at 9-11, 13-14, 17.) |
| June 6, 2019 Baird Conference | Ragan | *"We won a large contract with ADT. . . . That's our GRIP. . ."* ¶285. | *Touted contract while omitting that breach resulted in millions of dollars in penalties and lost revenue. Statement also contradicted earlier false announcements about GRIP noted above.* ¶¶140, 237-238 | *Unchallenged* | This statement is inactionable because it is a true and accurate statement that does not contradict other statements made about the GRIP rollout. (Mot. at 45 n.17, 61; Reply at 15-17.) Further, Plaintiffs' argument that this statement is misleading is based on CW3's unreliable claim that ADT imposed contract penalties on Resideo. (Mot. at 27 n.13, 36; Reply at 16.) |

13

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| June 6, 2019 Baird Conference | Ragan | "[GRIP] is going great as far as the adoption. I'm sure everyone's seen the ADT commercials. That is our platform that they're highlighting there, and it is a great product. ¶285. | • There was *no "adoption" of GRIP because Resideo had not yet rolled out GRIP other than perhaps to one customer*, pursuant to a prior contract. ¶140.<br><br>• Touted contract with ADT *while omitting breach that resulted in millions of dollars in lost revenue and millions more in contractual penalties*. ¶141. | *Unchallenged* | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 45; Reply at 9-11.) |
| August 7, 2019 2Q19 Earnings Call | Nefkens | "We will be rolling out [Consumer GRIP] in Q4. So that in 2020, we'll be rolling that out in Europe. So we have launched it with [ADT]." ¶302. | • Omitted that *Consumer GRIP was severely delayed.* because it was poorly scoped and poorly run. ¶¶142-146.<br><br>• Omitted that *launch with ADT was so delayed that Resideo breached that key contract. Id.* | • Statement about roll-out to ADT was historical.<br><br>• Statement about future rollout to other customers omitted present fact that project was severely delayed. ¶141. | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 45-46; Reply at 9-11, 13-14, 17.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

IV.     **Defendants' Alleged Misstatements About Resideo's Thermostats, the RTS Business, Earnings Guidance and Gross Margin**

i.     **Defendants' Alleged Misstatements About Resideo's Connected and Nonconnected Thermostats**

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| August 23, 2018 Investor Presentation | Nefkens; Ragan | Resideo would be the "Leading global provider of critical comfort and security solutions, primarily in residential environments" and a provider of "*Innovative solutions protected by broad intellectual property portfolio.*" ¶193.<br><br>Also, would provide "*innovative, end-to-end solutions*" that represented a "*growing portfolio of connected home solutions*" that was "one of the largest and most comprehensive in the market." ¶194. | Omitted problems with products including:<br><br>• the *TCC app that controlled 85% of connected thermostats suffered from chronic app crashes that made it unusable and decreasing demand* (¶¶121-133);<br><br>• the overseas *RTS business was in crisis due to the massive increase in the cost of microprocessors* (¶116); and<br><br>• home security *products suffered from backorder and inventory problems* (¶¶104-107, 109). | *Unchallenged* | These statements are inactionable as (1) pre-class period statements by Honeywell; (2) statements with immaterial information that do not significantly alter the "total mix" of information made available to investors; and (3) puffery and corporate optimism. (Mot. at 24, 49; Reply at 6 n.3, 14-15.) |
| October 2, 2018 Form 10 | All | "We have a long-standing leadership position in the traditional/non-connected products space that contributes significantly to our net sales." ¶197. | Omitted that *non-connected thermostats were largely obsolete* (¶35), and demand was already *impacted by "poor pre-spin cutover from the prior generation*" (¶¶35, 176, 308, 360, 409). | These are misstatements of present fact. | This statement is inactionable as (1) a pre-class period statement; and (2) as a statement with immaterial information that does not significantly alter the "total mix" of information made available to investors. (Mot. at 24; Reply at 6 n.3.) |

15

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| October 2, 2018 Form 10 | All | ". . . Our *connected solutions are supported by software platforms* (which we expect to consolidate in [STORM]) that allow consumers and channel partners to *easily install, use and maintain our solutions*." ¶197. | The *TCC software controlling 85% of Resideo's connected thermostats did not work, resulting voluminous customer complaints*. ¶¶120-133. Exacerbating this, there was "*LITTLE or NO focus given to*" *fixing the problems*, and indeed management denied authorization to fix the problems. ¶¶128, 131-133. | These are misstatements of present fact. | This statement is inactionable as a (1) a pre-Class Period statement; and (2) forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24; Reply at 6 n.3, 9-11, 12-14.) |
| October 2, 2018 Form 10 | All | "We are strongly positioned to provide products that enhance consumers' comfort, convenience and sense of security and work together to *contribute to a connected home ecosystem*." ¶197. | Resideo was not strongly positioned because the *backend technology supporting Resideo's "home ecosystem" – the TCC app – did not work and was subject to chronic outages*. ¶¶121-133. | This is a statement of present fact or, alternatively, a mixed statement contradicted by present facts known to Defendants. ¶¶131-132. | This statement is inactionable as (1) a pre-Class Period statement; (2) corporate optimism; and (3) an opinion, under *Omnicare*. (Mot. at 24, 49-51; Reply at 6 n.3, 14-15.) |

16

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| October 2, 2018 Form 10 | All | "We are well positioned to leverage the growing demand for *connected home solutions with our innovative products that are easy to purchase, install and deploy . . .*" ¶¶197, 248; *see similar* ¶207. | • Omitted Resideo's *T-Series thermostats were dated technology at the time of the spin-off and the T-9 and T-10 were 18 months late to market* because Resideo lacked the technical talent – including software developers and product engineers. ¶249.<br><br>• Omitted the *TCC app – which controlled Resideo's suite of connected products – was not "easy" to "install and deploy" because it suffered from chronic crashes rendering the system inoperable* and forcing customers to operate thermostats manually. ¶¶120-133. | This is a misstatement of present fact. ¶¶131-132. | This statement is inactionable as (1) a pre-Class Period statement; (2) corporate optimism; and (3) an opinion, under *Omnicare*. (Mot. at 24, 49-51; Reply at 6 n.3, 14-15.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| November 8, 2018 Global Industrial Conference Presentation | All | Resideo is "uniquely positioned to benefit from growing demand for connected homes," has "Exciting and *extensive new product lines*" and "*Increasing penetration of connected systems*." Resideo has "*Seamless control across connected product categories*." ¶¶210-212; *see similar* ¶¶197, 248. | • Omitted Resideo's *TCC app crashes caused upset customers and decreased demand for its connected products.*<br><br>• Omitted *Resideo's software did not allow for "seamless control" but experienced frequent crashes.* ¶¶120-133.<br><br>• Omitted Resideo's *T-Series thermostats were dated technology at the time of the spin-off and the T-9 and T-10 were 18 months late to market* because Resideo lacked the technical talent – including software developers and product engineers. ¶249. | Misstatements of present fact or mixed statement contradicted by present facts known to defendants. ¶¶131-132. | This statement is inactionable as an opinion, under *Omnicare*. (Mot. at 24, 51-52; Reply at 14-15.) |
| March 18, 2019 2018 Form 10-K | All | "We have over *1,300 engineers creating innovative solutions . . .*" ¶248.<br><br>"We are developing new, innovative products and solutions across Comfort, RTS and Security to grow our core business and differentiate ourselves from our competitors." *Id.* | Omitted that *Resideo lacked the technical talent to develop the T-9 and T-10 thermostats (resulting in an 18-month delivery delay)* (¶249) or to produce new products before their competitors' products hit the market because *Honeywell kept the best engineers during the spin-off. Id.* | *Unchallenged* | These statements are inactionable because they were true and accurate statements at the time made and any related risks were sufficiently disclosed by Resideo. (Mot. at 11, 24.) |

18

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| March 18, 2019 2018 Form 10-K | All | "Our *award-winning thermostats are our most iconic products and we market certain models directly to end consumers.*" ¶248; *see similar* ¶¶287, 289 (Ragan). | Omitted that: <br><br> • Resideo's *T-Series thermostats were outdated technology at the time of the spin-off and the T-9 and T-10 were 18 months late to market because Resideo lacked the technical talent –* including software developers and product engineers. ¶¶120-133, 249. <br><br> • The *TCC software controlling 85% of Resideo's connected thermostats did not work, because it was subject to severe outages resulting in a highly significant and unusual amount of customer complaints.* ¶¶120-133. | *Unchallenged* | This statement is inactionable as (1) puffery; and (2) an opinion, under *Omnicare*. (Mot. at 24, 49-52; Reply at 14-15.) |
| May 9, 2019 Earnings Call | Nefkens | "We have broken [Comfort] down into 4 subsegments: the first, connected thermostats, is a growing market at 10% plus, and we've been performing above market with multiple market-gaining launches over the past 12 months, including the T9 and T10 smart home thermostats. ¶¶267-268. | Omitted that: <br><br> • Resideo's *T-9 and T-10 were 18 months late to market because* Resideo *lacked the technical talent – including software developers and product engineers.* ¶249. <br><br> • The TCC App *suffered from crashes rendering the system inoperable.* ¶¶120-133. | *Unchallenged as to ¶267.* <br><br> ¶268 includes misstatements of present fact and a mixed statement contradicted by present facts known to Defendants. | This statement is inactionable because it was a true and accurate statement when made and contains immaterial information that does not significantly alter the "total mix" of information made available to investors. (Mot. at 24, 51, 53 55.) |

19

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| May 9, 2019 Earnings Call | Nefkens | "traditional temperature control [market] is flat, and we're performing just about that." ¶273.<br><br>"…Resideo has market-leading positions...in the markets we serve, coupled with solid Q1 improvements in our Pro Security business. ¶278; *see similar* ¶265. | • Omitted that *Resideo's non-connected products were outdated, from a prior generation, and suffered from "poor pre-spin cutover" and Resideo's market position was pyrrhic.* ¶274.<br><br>• Omitted that *only the connected thermostat market will be growing while the non-connected thermostat market was shrinking.* ¶275. | *Unchallenged as to* ¶ 273<br><br>¶278 contains misstatements of present fact and a mixed statement contradicted by present facts known to Defendants. | These statements are inactionable because they were true and accurate when made. (Ex. X at 3-5.) |
| May 9, 2019 Earnings Call | Nefkens | "in RTS, Resideo has a strong and leading market position and growing well above market." ¶276. | • The overseas RTS business was in crisis due to the massive increase in the cost of microprocessors. ¶116.<br><br>• Undisclosed material risk regulation change resulted in competitor stockpiling of RTS business. ¶277. | *Unchallenged*<br><br>Misstatements of present fact | Plaintiffs' allegation that this statement is misleading is based on *ex post* statements by Defendants, which constitutes improper fraud-by-hindsight prohibited by the PSLRA. (Mot. at 25-29; Reply at 1-3, 6, 9, 21-22 n.14.)  This statement is also inactionable puffery and opinion. (Mot. at 49-50.) |
| October 22, 2019 Press Release | All | "the company is *actively investing in its value engineering team and expects meaningful improvement to gross margins over the next 18 months.*" ¶310. | Omitted that *Honeywell had kept all of the value engineers for Resideo's products, that it had not previously invested in replacing the value engineering team*, and therefore the *improvements to margins would not be possible until after one-to-two years (because the new engineers needed to be trained).* ¶311. | Omitted facts were present and historical, and the forward-looking component was contradicted by present facts known to Defendants. ¶¶156-159. | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 45-46; Reply at 9-11.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

ii.    **Defendants' Alleged Misstatements About Resideo's Earnings Guidance**

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| October 10, 2018 Investor Presentation | All | "*In 2019 Resideo will yield over 4% of organic revenue growth, as well as an adjusted EBITDA margin of 13% pre- indemnity and post-indemnity 10% adjusted EBITDA margin.*" ¶209. | *Lacked a reasonable basis* due to the known but undisclosed:<br><br>• *lack of value engineers, which increased costs and caused supply chain issues;*<br><br>• *significant decline in sourcing leverage after the Spin- Off;*<br><br>• *slow moving products, "nobody wanted to buy [Resideo products]"; and*<br><br>• *lack of expertise or technology to roll out new innovative products to drive demand and growth. All of these undisclosed factors made hitting earnings projections impossible.* ¶¶171-172, 217, 325. | Defendants had contemporaneous knowledge indicating their guidance lacked a reasonable basis. ¶¶25, 99- 115-116, 127, 131-132, 158. | This statement is inactionable as a (1) pre-Class Period statement by Honeywell; and (2) forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24; Reply at 6 n.3, 9-11.) |
| November 13, 2018 3Q18 Earnings Press Release | Ragan | Resideo is *expecting "4 percent organic revenue growth [and an] adjusted EBITDA margin of 13 percent.*" ¶216. | Lacked a reasonable basis in light of Resideo's undisclosed problems. ¶¶171-172, 217. | Defendants had contemporaneous knowledge indicating their guidance lacked a reasonable basis. | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 44; Reply at 9-11, 13-14.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| May 8, 2019 1Q19 Earnings Press Release | Ragan | "[w]ith continued confidence in our ability to execute and positive first-quarter results, we are *reiterating our full-year 2019 guidance to reflect revenue growth of 2-5% and Adjusted EBITDA at the upper end of the range of $410 to $430 million.*" ¶254. | Lacked a reasonable for the reasons noted above and because of *contractual penalties and lost revenue for failure to timely deliver GRIP.* ¶¶171-172, 217, 255. | Defendants had contemporaneous knowledge indicating their guidance lacked a reasonable basis. | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 44; Reply at 9-11.) |
| May 9, 2019 1Q19 Earnings Call | Ragan Nefkens | Ragan: "We've *reiterated our guidance for growth in a range of 2% to 5% as we gather more visibility into 2019. As I mentioned, we are guiding to the upper end of the adjusted EBITDA range of $410 million to $430 million.*" ¶254.<br><br>Nefkens: "for 2019, we're *confident in our growth guidance in the upper end of our EBITDA guidance, and we remain optimistic.*" Id. | Lacked a reasonable basis for the reasons stated above. ¶¶171-172, 217, 255. | Defendants had contemporaneous knowledge indicating their guidance lacked a reasonable basis. | These statements are inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 44; Reply at 9-11.) |
| May 9, 2019 1Q19 Earnings Call | Nefkens | Nefkens: "*from the new products, we'll get additional scale throughout the whole year, we've got it at 8%, which is what we did in Q1.*" ¶281. | Lacked a reasonable basis when made in light of Resideo's undisclosed problems. ¶¶282, 301. | Defendants had contemporaneous knowledge indicating their guidance lacked a reasonable basis. | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 44; Reply at 9-11.) |

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| August 7, 2019 2Q19 Earnings Press Release and Call | All | Resideo *reaffirmed its guidance, full year revenue growth of 2-5% and at the upper end of the Adjusted EBITDA range of $410 - $430 million*, supported by the Company's cost reduction program, which Resideo stated was on track to yield $50 million in annualized savings by 2020. ¶295.<br><br>"momentum continues with *strong top-line growth during the second quarter, spread evenly across our ADI Global Distribution and Products and Solutions businesses.*" ¶296. *See similar* ¶¶300, 301 (Nefkens). | Lacked a reasonable basis due to:<br><br>• *the lack of value engineers, which increased costs and caused supply chain issues;*<br><br>• *the significant decline in sourcing leverage after the Spin-Off; Contractual penalties and lost revenue for failure to timely deliver GRIP;*<br><br>• *slow moving products, "nobody wanted to buy [Resideo products]";* and<br><br>• *the lack of expertise or technology to roll out new innovative products to drive demand and growth* (¶¶171-172, 195(A)-(D), 297, 325). | Defendants had contemporaneous knowledge indicating their guidance lacked a reasonable basis. | These statements are inactionable as forward-looking statements accompanied by meaningful cautionary language. (Mot. at 24, 44; Reply at 9-11.) |

23

**Defendants' Reply to Plaintiffs' Exhibit A**

*In re Resideo Technologies, Inc. Securities Litigation*

| Source | Defendant Speaker(s) | Alleged Misstatement | Main Reasons Statement Allegedly False and Misleading | The Safe Harbor Allegedly Does Not Apply | Defendants' Reply |
|---|---|---|---|---|---|
| October 22, 2019 Press Release | All | The financial and operational review would "build upon the *previously announced cost optimization program, which is on track to achieve approximately $15 million in realized savings in 2019 and $50 million in [] 2020."* ¶313. | • Obscured that cost savings initiative would never compensate for all of Resideo's undisclosed problems that constituted the majority of the drag on margins.<br><br>• Omitted that a *major factor for the disappointing results was "slow moving products"*, *"nobody wanted to buy [Resideo products]."* ¶¶313, 325.<br><br>• Omitted the *mass employment termination of many of the engineering staff that it had retained.* ¶313. | Defendants had contemporaneous knowledge indicating their guidance lacked a reasonable basis. | This statement is inactionable as a forward-looking statement accompanied by meaningful cautionary language. (Mot. at 24, 45; Reply at 9-11.) |

24