**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION | Case No. 0:19-cv-02863 (WMW/KMM) |

**<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION REQUESTING JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................... 1

LEGAL STANDARD ................................................................................................... 7

ARGUMENT................................................................................................................ 7

    I.      JUDICIAL NOTICE IS APPROPRIATE FOR EIGHTEEN OF
           DEFENDANTS' EXHIBITS BECAUSE THEY ARE CITED OR
           INCORPORATED BY REFERENCE IN THE COMPLAINT .......................... 7

    II.     PLAINTIFFS' ARGUMENTS TO EXCLUDE PUBLICLY
           AVAILABLE DOCUMENTS SHOULD BE REJECTED ................................ 8

    III.    DEFENDANTS' EXHIBITS ESTABLISH INDISPUTABLE FACTS
           AND ARE THEREFORE APPROPRIATE FOR JUDICIAL NOTICE........... 15

CONCLUSION .......................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*In re Buca Inc. Sec. Litig.,*
  No. 05-1762, 2006 WL 3030886 (D. Minn. Oct. 16, 2006) ........................................... 9

*In re Express Scripts, Inc. Sec. Litig.,*
  No. 4:04CV1009 HEA, 2010 WL 2671456 (E.D. Mo. June 30, 2010) ....................... 10

*Fla. State Bd. of Admin. v. Green Tree Fin. Corp.,*
  270 F.3d 645 (8th Cir. 2001) ..................................................................................... 15

*Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.,*
  336 F. Supp. 3d 196 (S.D.N.Y. 2018), *aff'd sub nom. Kapitalforeningen
  Lægernes Invest v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019) .................. 10

*Horizon Asset Mgmt. Inc. v. H & R Block, Inc.,*
  580 F.3d 755 (8th Cir. 2009) ....................................................................................... 9

*Karg v. Transamerica Corp.,*
  No. 18-CV-134-CJW-KEM, 2019 WL 3938471 (N.D. Iowa Aug. 20,
  2019) ......................................................................................................................... 11

*Khoja v. Orexigen Therapeutics, Inc.,*
  899 F.3d 988 (9th Cir. 2018) ................................................................................ 12, 13

*Lustgraaf v. Behrens,*
  619 F.3d 867 (8th Cir. 2010) ..................................................................................... 15

*Markewich ex rel. Medtronic, Inc. v. Collins,*
  622 F. Supp. 2d 802 (D. Minn. 2009) ......................................................................... 10

*Miller v. Redwood Toxicology Lab'y., Inc.,*
  688 F.3d 928 (8th Cir. 2012) ....................................................................................... 7

*In re Moody's Corp. Sec. Litig.,*
  612 F. Supp. 2d 397 (S.D.N.Y. 2009) ......................................................................... 17

*Par Inv. Partners, L.P. v. Aruba Networks, Inc.,*
  681 F. App'x 618 (9th Cir. 2017) .................................................................... 10, 12, 14

*Podraza v. Whiting,*
  790 F.3d 828 (8th Cir. 2015) ..................................................................................... 11

*In re PTC Therapeutics, Inc. Sec. Litig.,*
  No. 16-1124 (KM) (MAH), 2017 WL 3705801 (D.N.J. Aug. 28, 2017) .............. 11, 12

*Reinschmidt v. Zillow, Inc.,*
  No. C12-2084 RSM, 2014 WL 5343668 (W.D. Wash. Oct. 20, 2014) ...................... 13

*United States Sec. & Exch. Comm'n v. Ustian,*
  229 F. Supp. 3d 739 (N.D. Ill. 2017) .................................................................... 13, 14

*In re Wet Seal, Inc. Sec. Litig.,*
  518 F.Supp.2d 1148 (C.D. Cal. 2007) ........................................................................ 13

*Yellen v. Hake,*
  437 F. Supp. 2d 941 (S.D. Iowa 2006) ................................................................. 10, 11

**Other Authorities**

Fed. R. Evid. 201(b) ........................................................................................................ 7

iii

For the reasons set forth in Defendants' Motion Requesting Judicial Notice in Support of Motion to Dismiss Consolidated Amended Complaint ("Motion Requesting Judicial Notice" or "Mot. Jud. Not.") [Dkt. 74] and below, Defendants Michael G. Nefkens, Joseph D. Ragan III, Niccolo de Masi, and Resideo Technologies, Inc. ("Resideo" and, collectively, the "Defendants") respectfully request that, in connection with Defendants' Motion to Dismiss Consolidated Amended Complaint ("Motion to Dismiss") [Dkt. 71], the Court consider and take judicial notice of the documents attached as exhibits to the Declaration Of Charles D. Cording In Support Of Defendants' Reply In Support Of Motion Requesting Judicial Notice In Support Of Motion To Dismiss Consolidated Amended Complaint.

## PRELIMINARY STATEMENT

In their Opposition to Defendants' Motion Requesting Judicial Notice ("Opposition to Judicial Notice" or "Opp. Jud. Not."), Plaintiffs concede that the Court should take judicial notice of certain of Defendants' exhibits cited or incorporated by reference in the Complaint (Exs. A, I, O, Q, R, W, Y, BB, EE, FF, HH). (Opp. Jud. Not. at 2.) Plaintiffs also do not dispute that Exhibit V, a Form 8-K filed with the Securities and Exchange Commission (the "SEC") by Resideo that is cited in the Complaint, is appropriate for judicial notice. Additionally, Plaintiffs all but concede that the Court should take judicial notice of Defendants' exhibits that were filed with the SEC (Exs. B, C, D, M, N, V, AA, DD). (Opp. Jud. Not. at 5.)

1

The remaining disputed exhibits are appropriate for judicial notice because they (1) are cited or referenced in the Complaint (Exs. C, E, M, N, X, AA); (2) are matters of public record offered to demonstrate the type of information that was publicly available to reasonable investors at the time Defendants made the allegedly false statements (Exs. E, F, G, H, J, K, L, S, T, U, X, Z, CC, GG); or (3) are incontrovertible (and undisputed) facts, such as the location of Resideo's annual shareholder meeting in 2019 (Ex. II) and Resideo's stock prices at various dates throughout the Class Period (Ex. P).

A summary of each exhibit, Plaintiffs' position on each exhibit, and the basis for why each exhibit is appropriate for judicial notice is set out in the following chart (and discussed in more detail *infra*):

| Ex. | Description | Plaintiffs' Position | Defendants' Argument |
|---|---|---|---|
| A | Resideo SEC Form 10-K for 2018 (March 18, 2019). | Conceded. (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶50–52, 245–53.) |
| B | Resideo SEC Form 8-K (May 19, 2020). | Not directly contested. (Opp. Jud. Not. at 5.) | Offered not for truth of the matter, but for information available to market. |
| C | Resideo SEC Form 8-K (October 23, 2019). | Not directly contested. (Opp. Jud. Not. at 5.) | Incorporated by reference. (¶¶35–36, 173–77, 269, 305–13, 360–62, 367, 384, 408–11.)<br><br>Offered not for truth of the matter, but for information available to market. |
| D | Resideo SEC Form 8-K (May 29, 2020). | Not directly contested. (Opp. Jud. Not. at 5.) | Offered not for truth of the matter, but for information available to market. |

2

| Ex. | Description | Plaintiffs' Position | Defendants' Argument |
|---|---|---|---|
| E | Honeywell International Inc. Company Conference Call Transcript (October 10, 2017). | Disputed.  (Opp. Jud. Not. at 2 n.4, 5.) | Incorporated by reference. (*See* ¶¶78, 81.)  Offered not for truth of the matter, but for information available to market. |
| F | Honeywell International Inc. Q1 2018 Earnings Call Transcript (April 20, 2018). | Disputed.  (Opp. Jud. Not. at 5.) | Offered not for truth of the matter, but for information available to market. |
| G | Honeywell International Inc. Q1 2018 Earnings Call Presentation (April 20, 2018). | Disputed.  (Opp. Jud. Not. at 5.) | Offered not for truth of the matter, but for information available to market. |
| H | Honeywell International Inc. Q4 2017 Earnings Call Transcript (January 26, 2018). | Disputed.  (Opp. Jud. Not. at 5.) | Offered not for truth of the matter, but for information available to market. |
| I | Resideo SEC Form 8-K (October 10, 2018). | Conceded.  (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶207–09.) |
| J | Analyst Report: "Buy on Dislocation," Oppenheimer Report (October 31, 2018). | Disputed.  (Opp. Jud. Not. at 8–9.) | Offered not for truth of the matter, but for information available to market. |
| K | Analyst Report: "Investment Summary," WhiteSand Research Report (January 16, 2019). | Disputed.  (Opp. Jud. Not. at 8–9.) | Offered not for truth of the matter, but for information available to market. |
| L | Analyst Report: "Resideo Technologies, Inc.," Imperial Capital Report (December 11, 2019). | Disputed.  (Opp. Jud. Not. at 8–9.) | Offered not for truth of the matter, but for information available to market. |
| M | Resideo SEC Form 10-12B/A (October 2, 2018). | Not directly contested.  (Opp. Jud. Not. at 5.) | Incorporated by reference. (¶¶50, 79, 196–205, 250, 253.) |

3

| Ex. | Description | Plaintiffs' Position | Defendants' Argument |
|---|---|---|---|
| | | | Offered not for truth of the matter, but for information available to market. |
| N | Resideo SEC Form 8-K (November 13, 2018). | Not directly contested. (Opp. Jud. Not. at 5.) | Incorporated by reference. (¶¶216–18.)<br><br>Offered not for truth of the matter, but for information available to market. |
| O | Resideo Q3 2018 Earnings Call Transcript. | Conceded. (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶21–22, 216–17, 219–25, 350–51.) |
| P | Resideo or "REZI" Historic Stock Information Chart. | Disputed. (Opp. Jud. Not. at 2.) | Contains facts that are both undisputed and not subject to reasonable dispute. |
| Q | Resideo SEC Form 8-K (March 7, 2019). | Conceded. (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶28, 229–32, 235, 237, 347, 395.) |
| R | Resideo Q4 2018 Earnings Call Transcript (March 7, 2019). | Conceded. (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶230–43, 347, 354, 397.) |
| S | Resideo Q4 2018 Earnings Call Presentation (March 7, 2019). | Disputed. (Opp. Jud. Not. at 5.) | Offered not for truth of the matter, but for information available to market. |
| T | Analyst Report: "Resideo Technologies, Inc.," Imperial Capital Report (March 5, 2019). | Disputed. (Opp. Jud. Not. at 8–9.) | Offered not for truth of the matter, but for information available to market. |
| U | Analyst Report: "Beats Fourth Quarter, But 2019 Guidance Below Expectations," Oppenheimer Report (March 7, 2019). | Disputed. (Opp. Jud. Not. at 8–9.) | Offered not for truth of the matter, but for information available to market. |

| Ex. | Description | Plaintiffs' Position | Defendants' Argument |
|---|---|---|---|
| V | Resideo SEC Form 8-K (May 8, 2019). | Conceded. (Opp. Jud. Not. at 2, 11.) | Incorporated by reference. (¶¶254–58, 263, 284.)<br><br>Offered not for truth of the matter, but for information available to market. |
| W | Resideo Q1 2019 Earnings Call Transcript (May 9, 2019). | Conceded. (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶254–55, 257–58, 260–62, 264, 267–69, 271–74, 276–84.) |
| X | Resideo Q1 2019 Earnings Call Presentation (May 9, 2019). | Disputed. (Opp. Jud. Not. at 5.) | Incorporated by reference. (¶¶265–267, 278.)<br><br>Offered not for truth of the matter, but for information available to market. |
| Y | Baird Global Consumer, Tech. & Services Conference Transcript (June 6, 2019). | Conceded. (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶238, 285–92, 347, 357.) |
| Z | Robert W. Baird Global Consumer, Technology & Services Conference Presentation (June 6, 2019). | Disputed. (Opp. Jud. Not. at 5.) | Offered not for truth of the matter, but for information available to market. |
| AA | Resideo SEC Form 8-K (August 7, 2019). | Not directly contested. (Opp. Jud. Not. at 5.) | Incorporated by reference. (¶¶31, 294–97, 399.)<br><br>Offered not for truth of the matter, but for information available to market. |
| BB | Resideo Q2 2019 Earnings Call Transcript (August 8, 2019). | Conceded. (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶31, 296–303, 356, 366, 403, 405.) |

| Ex. | Description | Plaintiffs' Position | Defendants' Argument |
|---|---|---|---|
| CC | Resideo Q2 2019 Earnings Call Presentation (August 8, 2019). | Disputed. (Opp. Jud. Not. at 5.) | Offered not for truth of the matter, but for information available to market. |
| DD | Resideo SEC Form 10-Q for Q2 2019 (August 7, 2019). | Not directly contested. (Opp. Jud. Not. at 5.) | Offered not for truth of the matter, but for information available to market. |
| EE | Resideo SEC Form 8-K (November 6, 2019). | Conceded. (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶179, 314.) |
| FF | Resideo Q3 2019 Earnings Call Transcript (November 7, 2019). | Conceded. (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶37–38, 180–85, 259, 315–20, 322, 365, 367–75 415–16.) |
| GG | Resideo Q3 2019 Earnings Call Presentation (November 7, 2019). | Disputed. (Opp. Jud. Not. at 2.) | Offered not for truth of the matter, but for information available to market. |
| HH | Imperial Capital 16th Annual Security Investor Conference Transcript (December 11, 2019). | Conceded. (Opp. Jud. Not. at 2.) | Incorporated by reference. (¶¶11–12, 94–97, 187–88, 325, 367–79, 381–82, 387–88.) |
| II | Resideo SEC Form Def 14A Proxy Statement (April 25, 2019). | Disputed. (Opp. Jud. Not. at 6–7.) | Contains facts that are both undisputed and not subject to reasonable dispute. |

Plaintiffs also requested in their Opposition to Judicial Notice that Defendants submit complete versions of each exhibit. (Opp. Jud. Not. at 9-11.) While Defendants' exhibits were originally excerpted to include only the relevant sections because the documents were voluminous (totaling approximately 1300 pages) and publicly available, Defendants do not object to Plaintiffs' request and hereby submit complete versions of each exhibit.

6

## LEGAL STANDARD

As set out in Defendants' Motion Requesting Judicial Notice (Mot. Jud. Not. at 1–2), in the context of a Rule 12(b)(6) motion, courts "consider **matters incorporated by reference or integral to the claim**, items subject to judicial notice, **matters of public record**, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab'y., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (citation and quotation marks omitted; emphasis added). This includes taking judicial notice of any fact "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs do not dispute this standard.

## ARGUMENT

## I. JUDICIAL NOTICE IS APPROPRIATE FOR EIGHTEEN OF DEFENDANTS' EXHIBITS BECAUSE THEY ARE CITED OR INCORPORATED BY REFERENCE IN THE COMPLAINT

The Court should take judicial notice of the documents referenced or incorporated in the Complaint. (*See* Mot. Jud. Not. at 2–3.) Plaintiffs, in fact, "do not dispute the portion of Defendants' motion requesting that the Court consider the contents of eleven documents cited or incorporated by reference in the Complaint (Exs. A, I, O, Q, R, W, Y, BB, EE, FF, HH)." (Opp. Jud. Not. at 2.)

Plaintiffs claim that Exhibit E is not "directly cited" in the Complaint. (*Id*. at 2 n.4.) However, in the Complaint, Plaintiffs cite to the "announce[ment]" by Honeywell, "[o]n

7

October 10, 2017," of "its intention to spin-off its Homes and Global Distribution portfolio . . . to create Resideo." (¶78; *see also* ¶81 ("After the Spin-Off was announced in October 2017 . . .").) Exhibit E is a transcript of that announcement by Honeywell dated October 10, 2017. It is therefore cited in the Complaint, or at the very least incorporated by reference. Even were Exhibit E found to not be cited or incorporated by reference in the Complaint, the Court should still take judicial notice of it because it is a publicly available document offered to show what information was disclosed to investors and is directly responsive to Plaintiffs' claim that investors were not made aware of the fact that Resideo was compiled from various independent subcomponents of Honeywell.

Furthermore, as noted in the original Cording Declaration [Dkt. 72] and set out in the above chart, Exhibits C, E, M, N, V, X, and AA are also cited and incorporated by reference in the Complaint.[1] Therefore, for the same reason that Plaintiffs concede judicial notice should be taken of the eleven aforementioned exhibits (Exs. A, I, O, Q, R, W, Y, BB, EE, FF, HH), judicial notice should also be taken of these seven exhibits.

## II.    PLAINTIFFS' ARGUMENTS TO EXCLUDE PUBLICLY AVAILABLE DOCUMENTS SHOULD BE REJECTED

Exhibits B, C, D, E, F, G, H, J, K, L, M, N, S, T, U, V, X, Z, AA, CC, DD, and GG are appropriate for judicial notice because they are used to demonstrate the type of information that was publicly available to reasonable investors at the time Defendants made the allegedly false statements. Plaintiffs acknowledge that the Court may take

---

[1] As Defendants argued in the Motion Requesting Judicial Notice, and as discussed *infra*, these documents are also subject to judicial notice because they are SEC filings or otherwise matters of public record.

judicial notice of "matters of public record." (Opp. Jud. Not. at 3–4.) Further, they do not dispute that SEC filings routinely qualify as "matters of public record" and can be appropriate for judicial notice. (*Id.* at 5.) Judicial notice of the SEC filings here is appropriate, as they were clearly publicly available and were used to demonstrate what was disclosed to investors throughout the Class Period. (*See* Mot. Jud. Not. at 3); *see also Horizon Asset Mgmt. Inc. v. H & R Block, Inc.*, 580 F.3d 755, 761 (8th Cir. 2009) (taking notice of public SEC filings in dismissing securities fraud allegations); *In re Buca Inc. Sec. Litig.*, No. 05-1762 (DWF/AJB), 2006 WL 3030886, at *13 n.3 (D. Minn. Oct. 16, 2006) (taking judicial notice of SEC Schedule 14A). As such, the Court should take judicial notice of Exhibits B, C, D, M, N, V, AA, and DD.[2]

As for the remaining exhibits that Plaintiffs argue should not be judicially noticed (Exs. E, F, G, H, J, K, L, S, T, U, X, Z, CC, GG), Plaintiffs do not dispute that each document was publicly available to investors at the time Defendants allegedly failed to disclose the information contained therein. Nor do Plaintiffs dispute that the exhibits accurately convey the content of these publicly available documents. Instead, Plaintiffs claim that these exhibits are not appropriate for judicial notice because they "were not filed with any public authority," such as the SEC. (Opp. Jud. Not. at 5.) Plaintiffs attempt here to invent a new legal standard for determining what types of documents constitute "matters of public record." Yet they cite no authority for such a standard. To the contrary, courts routinely take judicial notice of "matters of public record" not filed with the SEC (or any

---

[2] As noted *supra*, Exhibits C, M, N, V, and AA are also cited or incorporated by reference in the Complaint and should be noticed for that reason as well.

other "public authority"), including the very types of documents at issue here:  transcripts of earnings calls and conference calls (Exs. E, F, H, GG); investor presentations (Exs. G, S, X, Z, CC); and analyst reports (Exs. J, K, L, T, U).  *See, e.g.*, *Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017) (taking judicial notice of analyst reports); *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018), *aff'd sub nom. Kapitalforeningen Lægernes Invest v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019) (taking judicial notice of earnings calls transcripts); *In re Express Scripts, Inc. Sec. Litig.*, No. 4:04CV1009 HEA, 2010 WL 2671456, at *1 n.1 (E.D. Mo. June 30, 2010) (taking judicial notice of conference call transcripts); *Markewich ex rel. Medtronic, Inc. v. Collins*, 622 F. Supp. 2d 802, 807 (D. Minn. 2009) (taking judicial notice of investor conference calls and news articles).

These types of documents are appropriate for judicial notice because they demonstrate "the type of information that was publicly available to reasonable investors at the time Defendants made the allegedly false statements."  *Yellen v. Hake*, 437 F. Supp. 2d 941, 963 n.3 (S.D. Iowa 2006) (taking judicial notice of "press releases and investor presentations") (citation omitted).  It is for this same purpose that Defendants seek judicial notice of Exhibits E, F, G, H, J, K, L, S, T, U, X, Z, CC, GG.  At the core of Plaintiffs' securities fraud claims is the contention that Defendants misstated or failed to disclose certain "companywide problems" before and throughout the Class Period, which resulted in Resideo's earning guidance being materially false.  (Compl. ¶¶90–172; Mot. Jud. Not. at 3–4.)  These documents are used to demonstrate that Resideo (and its former parent), in fact, publicly disclosed these purportedly "undisclosed" problems to investors at the time

Defendants made the allegedly false statements or omissions.  That is, the exhibits are being offered, not for the truth of the matters described therein, but for the fact of their disclosure to the market, and are therefore appropriate for judicial notice.  (Mot. Jud. Not. at 3–4.)

Plaintiffs argue that Defendants' disclosures are insufficient to demonstrate that dismissal of Plaintiffs' securities fraud claims is warranted.  (Opp. Jud. Not. at 7–9.)  However, such arguments are more appropriate for their opposition to Defendants' Motion to Dismiss—they are not germane to the Court's determination of whether to take judicial notice of publicly available documents to determine what investors knew at the time Defendants made the allegedly false statements and omissions.  For example, in *Podraza v. Whiting*, the court took judicial notice of SEC filings "to establish what [the defendant] wrote in those documents."  790 F.3d 828, 833 (8th Cir. 2015).  In *Yellen v. Hake*, the court considered press releases and investor presentations for the fact of their public availability to investors.  437 F. Supp. at 964.  Defendants do not ask the Court to draw any inference regarding the merits of Plaintiffs' claims from these publicly available documents, as Plaintiffs contend.  (Opp. Jud. Not. at 6.)  Defendants merely request the Court to consider what was publicly disclosed throughout the Class Period in determining whether Plaintiffs have sufficiently pleaded falsity and scienter.[3]

---

[3] This purpose is consistent with the two cases Plaintiffs cite to claim that Defendants invite the Court to adopt improper inferences:  *Karg v. Transamerica Corp.*, No. 18-CV-134-CJW-KEM, 2019 WL 3938471, at *6 (N.D. Iowa Aug. 20, 2019) (explaining that judicial notice of SEC filings was appropriate so long as Court was not asked to "rely on defendant's opinions about what proper inferences should be drawn from them" (citation and quotations omitted)), and *In re PTC Therapeutics, Inc. Sec. Litig.*, No. 16-1124 (KM)

11

Moreover, such arguments by Plaintiffs are revealing, as they make clear that Plaintiffs dispute neither the exhibits' public availability nor their authenticity—making them appropriate for judicial notice.  For example, Defendants offer Resideo's Second Quarter 2019 investor presentation to demonstrate that factors negatively impacting EBITDA were disclosed to the market (Mot. at 19, citing Ex. CC).  Plaintiffs note other statements made therein, thereby acknowledging that the document is authentic and contains Resideo's statements to the market.  (Opp. Jud. Not. at 7.)  Likewise, Plaintiffs suggest how the Court should interpret the statements in Exhibits E, F, and G, but do not deny that the information was in fact disclosed to the market.  (*Id.* at 7–8.)

As to the analyst reports (Exs. J, K, L, T, U), Plaintiffs do not dispute that the analyst reports cited by Defendants are publicly available and that the information therein accurately reflects the reports' contents.  (*See* Opp. Jud. Not. at 8–9.)  Plaintiffs merely complain that Defendants "cherry-picked" such reports and attach additional new exhibits to their brief without requesting judicial notice themselves.  However, Plaintiffs again miss the purpose for which Defendants seek judicial notice—that is, not for the truth of the matters asserted therein, but for the purpose of establishing that certain facts were disclosed to the market.  *See, e.g.*, *Par Inv. Partners, L.P.*, 681 F. App'x at 620 n.1 (judicial notice of "public analyst reports for the limited purpose of determining what information was disclosed to the public during the class period"); *Khoja v. Orexigen Therapeutics, Inc.*, 899

_____

(MAH), 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (noting that, where "materiality is not an issue," it was improper for defendants to draw inferences from the publicly available documents about what the defendant actually believed and what investors actually believed).

12

F.3d 988, 1004 (9th Cir. 2018) (affirming judicial notice of analyst reports and noting that "the reports form the basis of [plaintiff's] claim that the market relied on [defendant's]" public statements concerning interim results at issue in the securities case); *United States Sec. & Exch. Comm'n v. Ustian*, 229 F. Supp. 3d 739, 761–62 (N.D. Ill. 2017) ("Courts routinely consider analyst reports during motions to dismiss securities fraud claims to resolve questions about the materiality of alleged misrepresentations and omissions." (citations omitted)); *Reinschmidt v. Zillow, Inc.*, No. C12-2084 RSM, 2014 WL 5343668, at \*3 (W.D. Wash. Oct. 20, 2014) (noting that "[c]ourts routinely take judicial notice of analyst reports . . . to determine what may or may not have been disclosed to the public" (quoting *In re Century Aluminum Co. Sec. Litig.*, C 09–1001 SI, 2011 WL 830174, at \*9 (N.D. Cal. Mar. 3, 2011))); *In re Wet Seal, Inc. Sec. Litig.*, 518 F.Supp.2d 1148, 1157–559 (C.D. Cal. 2007) (approving judicial notice of analyst reports as requested by defendants in part because "several of the [reports] that Plaintiffs challenged were referred to by Plaintiffs" and were "central to the [plaintiffs'] allegations of intent to defraud.").

For instance, Plaintiffs claim that Defendants "cite an Imperial Capital analyst report (Ex. L) to suggest that Honeywell made Resideo's 2019 projections." (Opp. Jud. Not. at 8.) While this fact is indisputable for independent reasons,[4] Defendants cite to the Imperial Capital report for the purpose of establishing how the market interpreted the

---

[4] Defendants in actuality rely on the Form 8-K filed by Honeywell on October 10, 2018, prior to the Spin-Off, which establishes that Honeywell (not Resideo) announced full-year 2018 revenue guidance for Resideo of $4.770B-$4.830B and pro forma adjusted EBITDA of $465M-$475M, and projected revenue organic growth for 2019 of "4%+" and an adjusted EBITDA margin of "~10%." (Mot. at 9, citing Ex. I.)

13

Honeywell 2019 guidance, not for the truth or accuracy of such expectations. (Mot. at 10 (citing the Imperial Capital report as estimating 2019 adjusted EBITDA as $487M).) Plaintiffs also accuse Defendants of "egregious" behavior in submitting "a March 7, 2019 single-page Oppenheimer analyst report (Ex. T) to support their false characterization that this case is only about an 'earnings miss.'" (Opp. Jud. Not. at 8.) However, Exhibit T is a March 5, 2019 Imperial Capital Analyst Report cited to demonstrate the market's expectations prior to Resideo's release of its 2019 earnings guidance. Exhibit U, a March 7, 2019 Oppenheimer analyst report, was cited merely to demonstrate that Resideo's guidance came in below expectations. (Mot. at 15, citing Ex. U.) There is nothing improper about citing to an analyst's report to establish "what information was disclosed to the public during the class period," *Par Inv. Partners*, 681 F. App'x at 620 n.1, and what market expectations were at the time of a challenged disclosure, *Ustian*, 229 F. Supp. 3d at 761. Moreover, nothing in the follow-on analyst report Plaintiffs cite to[5] contradicts the purpose for which Exhibit U is cited, as Plaintiffs claim—the follow-on report merely discusses its understanding that Resideo planned to invest a "shock[ing]" amount in developing new products, which, the analyst predicted, could help Resideo exceed its growth estimate. (Ent. JN Decl. Ex. 1, at 2–3.)

---

[5] Plaintiffs cite to Ex. 3 of the Andrew J. Entwistle Declaration [Dkt. 79] for this point (a December 2018 investor call transcript), however, it appears they intended to cite to Ex. 1 (a March 8, 2019 Oppenheimer report).

14

### III.    DEFENDANTS' EXHIBITS ESTABLISH INDISPUTABLE FACTS AND ARE THEREFORE APPROPRIATE FOR JUDICIAL NOTICE

Defendants seek to use Exhibit II, a document publicly filed with the SEC, to demonstrate the indisputable fact that Resideo's 2019 annual meeting took place virtually in June 2019.  Plaintiffs do not contest that fact (nor could they), which demonstrates that the Company's annual meeting ***did not*** take place in Orlando, Florida in January or February 2019, as CW3 is purported to have alleged in the Complaint.  (¶330 (describing the WhatsApp allegation as taking place at "a breakout meeting at the Company's annual meeting in Orlando, Florida in January or February 2019").)  Because Plaintiffs do not contest the factual assertion for which Defendants seek to use Exhibit II, and because it is relevant to the Court's consideration of CW3's reliability, this fact is appropriate for judicial notice under Rule 201(b), as it can be "accurately and readily determined from sources whose accuracy cannot reasonably be"—and is not—questioned.  *See, e.g.*, *Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 663 (8th Cir. 2001) (taking judicial notice of the fact that certain executives purchased stock and noting that Plaintiffs did not dispute the accuracy of the assertion that the purchases were made).  Plaintiffs' reliance on *Lustgraaf* is misplaced (Opp. Jud. Not. at 7), as the Eighth Circuit merely found that it would be improper to take judicial notice of a fact—whether a defendant was indeed ever a director of an entity—where such fact was subject to "reasonable dispute" and was, in fact, disputed.  *Lustgraaf v. Behrens*, 619 F.3d 867, 886 (8th Cir. 2010).  But that is not the circumstance presented here.

15

Instead of presenting arguments relevant to the Court's judicial notice inquiry, Plaintiffs again resort to arguing their opposition to Defendants' Motion to Dismiss. Plaintiffs do not contest the very fact for which Defendants seek to use the exhibit—that *there was no "annual meeting" in Orlando, Florida at all in 2019* (let alone in January or February of that year) as CW3 purportedly stated, but that the 2019 annual meeting took place virtually in June as Exhibit II demonstrates (thus, there could be no in-person "breakout meeting" where employees were supposedly instructed to communicate with WhatsApp).  (Opp. Jud. Not. 1–2, 6–7.)  Realizing they cannot escape this fact, Plaintiffs instead argue that when CW3 said an incident took place at "the Company's annual meeting" in "January or February 2019" (¶330), he actually meant that it took place at an "*internal company* meeting," (Opp. Jud. Not. at 1), in "early 2019," (Opp. at 17), and thus, the date and location of Resideo's annual meeting does not discredit CW3's account.[6]  Yet, by blatantly changing CW3's supposed allegation at this stage (instead of contesting the accuracy of the fact for which Defendants' seek judicial notice), Plaintiffs only serve to demonstrate Defendants' point—the uncontested date and location of Resideo's "annual meeting" *is* appropriate for judicial notice and can be considered in determining CW3's reliability as well as the reliability of his uncorroborated WhatsApp allegation.

---

[6] Plaintiffs also accuse Defendants' of "baldly misleading" the Court by "intentional[ly] conflat[ing] these separate meetings."  (Opp. Jud. Not. at 1-2.)  This accusation is baseless. The meeting is described in the Complaint as "Resideo's annual meeting" (¶330).  Other than Resideo's annual meeting which took place virtually in June 2019—as Exhibit II establishes (and which Plaintiffs do not contest)—no other meeting matching CW3's description in the Complaint occurred.

Finally, Plaintiffs state without explanation that the Court should not take judicial notice of Exhibit P, which includes Resideo's stock price at various times throughout the Class Period.  (Opp. Jud. Not. at 2.)  As set out in Defendants' Motion Requesting Judicial Notice, Resideo's stock price (Ex. P) throughout the Class Period was publicly available and integral to Plaintiffs' allegation that the price was purposefully inflated at times and that they suffered losses as a result of later decreases, and is thus appropriate for judicial notice. *See In re Moody's Corp. Sec. Litig.*, 612 F. Supp. 2d 397, 401 (S.D.N.Y. 2009) (taking judicial notice of Moody's historical stock prices as viewed on yahoo.finance.com).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court judicially notice Exhibits A through II.

DATED: November 9, 2020

> */s/ Jerry W. Blackwell*
> Jerry W. Blackwell (MN #186867)
> G. Tony Atwal (MN #331636)
> **BLACKWELL BURKE P.A.**
> 431 South Seventh Street
> Suite 2500
> Minneapolis, MN 55415
> Telephone: (612) 343-3200
> blackwell@blackwellburke.com
> tatwal@blackwellburke.com
>
> *Defendants' Liaison Counsel*

17

*/s/ Tariq Mundiya*

Tariq Mundiya (*pro hac vice*)
Charles D. Cording (*pro hac vice*)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
tmundiya@willkie.com
ccording@willkie.com

Nicholas Reddick (*pro hac vice submitted*)
**WILLKIE FARR & GALLAGHER LLP**
1875 K Street, N.W.
Washington, DC 20006
Telephone: (202) 303-1000
nreddick@willkie.com

*Counsel for Defendants Resideo Technologies, Inc., Michael Nefkens, Joseph Ragan III, and Niccolo de Masi*

18