**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION | Case No. 19-cv-02863 (WMW/KMM) <br><br> **CLASS ACTION** |

**DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED**
**CLASS ACTION COMPLAINT**

Defendants Resideo Technologies, Inc. ("Resideo" or the "Company"), Michael G. Nefkens, Joseph D. Ragan III, and Niccolo de Masi (collectively, "Defendants"), by and through their undersigned counsel, hereby submit the following Answer in response to the Consolidated Amended Class Action Complaint, filed by Plaintiffs The Gabelli Asset Fund, The Gabelli Dividend & Income Trust, The Gabelli Focus Five Fund, The Gabelli Multimedia Trust Inc., The Gabelli Value 25 Fund Inc., GAMCO International SICAV, GAMCO Asset Management Inc., Naya 1740 Fund Ltd., Naya Coldwater Fund Ltd., Naya Master Fund LP and Nayawood LP, and Oklahoma Firefighters Pension and Retirement System, dated April 10, 2020 (the "Consolidated Complaint").[1]

## I.    INTRODUCTION

1.    Defendants deny the allegations in Paragraph 1 of the Consolidated Complaint, except admit that Resideo spun off from Honeywell and began trading as an independent public company on October 29, 2018 at $28.00 per share.

2.    Defendants deny the allegations in Paragraph 2 of the Consolidated Complaint, except admit that Defendants made certain statements during the putative class period referring to the Company's strengths in the HVAC and RTS markets.  Defendants further state that the allegations in Paragraph 2 purport to characterize statements made by Defendants and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

---

[1] Defendants are not required to respond to the headings of the Consolidated Complaint, but, to the extent any response is required, Defendants deny the allegations and characterizations of allegations set forth in the headings of the Consolidated Complaint.

3.    Defendants deny the allegations in Paragraph 3 of the Consolidated Complaint, except admit that Defendants made certain statements during the putative class period referring to the Company's strengths as a standalone corporation. Defendants further state that the allegations in Paragraph 3 purport to characterize and quote statements made by Defendants and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

4.    Defendants deny the allegations in Paragraph 4 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 4 purport to characterize statements made by Defendants and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

5.    Defendants deny the allegations in Paragraph 5 of the Consolidated Complaint.

6.    Defendants deny the allegations in Paragraph 6 of the Consolidated Complaint, except admit that Resideo experienced some supply chain issues, loss of sourcing leverage and value engineers following the Spin-Off, consistent with its public disclosures during and after the Class Period.

7.    Defendants deny the allegations in Paragraph 7 of the Consolidated Complaint.

8.    Defendants deny the allegations in Paragraph 8 of the Consolidated Complaint, except admit that the T-Series line included thermostats controlled by the TCC application.

9. Defendants deny the allegations in Paragraph 9 of the Consolidated Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during a November 7, 2019 earnings call. Defendants further state that the allegations in Paragraph 10 purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

11. Defendants deny the allegations in Paragraph 11 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 11 purport to quote from or characterize the December 2019 investor conference and respectfully refer the Court to the transcript of the December 2019 investor conference for a true, correct and complete statement of its contents.

12. Defendants deny the allegations in Paragraph 12 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 12 purport to quote from or characterize the December 2019 investor conference and respectfully refer the Court to the transcript of the December 2019 investor conference for a true, correct and complete statement of its contents.

13. Defendants deny the allegations in Paragraph 13 of the Consolidated Complaint, except admit that Defendants announced an earnings estimate in March 2019.

14. Defendants deny the allegations in Paragraph 14 of the Consolidated Complaint.

### A.     Honeywell's One-Sided Spin-Off

15.     Defendants deny the allegations in Paragraph 15 of the Consolidated Complaint, except admit that Resideo and Honeywell entered into certain agreements in connection with the Spin-Off, and respectfully refer the Court to those agreements for a true, correct and complete statement of their contents.

16.     Defendants deny the allegations in Paragraph 16 of the Consolidated Complaint.

17.     Defendants deny the allegations in Paragraph 17 of the Consolidated Complaint.

### B.     Defendants' Material Misstatements and Omissions

18.     Defendants deny the allegations in Paragraph 18 of the Consolidated Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Consolidated Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Consolidated Complaint, except to the extent that the October 10, 2018 press release speaks for itself. Defendants further state that the allegations in Paragraph 20 purport to quote from or characterize statements made by Defendant Nefkens in the October 11, 2018 investor call and respectfully refer the Court to the transcript of that call for a true, correct and complete statement of its contents.

21.     Defendants deny the allegations in Paragraph 21 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 21 purport to quote

from a November 14, 2018 earnings call and respectfully refer the Court to the transcript of the November 14, 2018 call for a true, correct and complete statement of its contents.

22.    Defendants deny the allegations in Paragraph 22 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 22 purport to characterize statements made by Defendants and respectfully refer the Court to the transcript of the November 14, 2018 earnings call for a true, correct and complete statement of its contents.

23.    Defendants deny the allegations in Paragraph 23 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 23 purport to quote from various unspecified documents and respectfully refer the Court to publicly available presentations and documents for a true, correct and complete statement of their contents.

24.    Defendants deny the allegations in Paragraph 24 of the Consolidated Complaint.

25.    Defendants deny the allegations in Paragraph 25 of the Consolidated Complaint.

26.    Defendants deny the allegations in Paragraph 26 of the Consolidated Complaint.

27.    Defendants deny the allegations in Paragraph 27 of the Consolidated Complaint.

C.    **Investors Suffer Massive Losses as the Truth Is Revealed**

28.     Defendants deny the allegations in Paragraph 28 of the Consolidated Complaint, except admit that Resideo announced a revised revenue growth guidance from

5

4 percent to a range of 2 to 5 percent, and that Resideo's common stock price closed at $18.96 on March 7, 2019.

29.    Defendants deny the allegations in Paragraph 29 of the Consolidated Complaint, except admit that Defendants made certain statements during a March 7, 2019 earnings call.  Defendants further state that the allegations in Paragraph 29 purport to quote from or characterize Resideo's March 7, 2019 press release and respectfully refer the Court to the press release for the true, correct and complete statement of its contents.

30.    Defendants deny the allegations in Paragraph 30 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during the March 7, 2019 earnings call.  Defendants further state that the allegations in Paragraph 30 purport to characterize statements made by Defendant Nefkens in the March 7, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

31.    Defendants deny the allegations in Paragraph 31 of the Consolidated Complaint, except to the extent that the Company's August 7, 2019 press release speaks for itself.  Defendants further state that the allegations in Paragraph 31 purport to characterize statements made by Defendant Nefkens during the August 8, 2019 earnings call and respectfully refer the Court to the transcript of the August 8, 2019 call for a true, correct and complete statement of its contents.

32.    Defendants admit the allegations in Paragraph 32 of the Consolidated Complaint and respectfully refer the Court to the publicly available trading information for a true, correct and complete statement of its contents.

33. Defendants deny the allegations in Paragraph 33 of the Consolidated Complaint, except admit that in August 2019 Oppenheimer issued an analyst report concerning Resideo. Defendants further state that the allegations in Paragraph 33 purport to characterize statements made in an Oppenheimer analyst report and respectfully refer the Court to the report for a true, correct and complete statement of its contents.

34. Defendants deny the allegations in Paragraph 34 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 34 purport to characterize statements made by Oppenheimer and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

35. Defendants deny the allegations in Paragraph 35 of the Consolidated Complaint, except admit that the Company issued a press release with third quarter 2019 financial results on October 22, 2019. Defendants further state that the allegations in Paragraph 35 purport to quote from the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

36. Defendants deny the allegations in Paragraph 36 of the Consolidated Complaint, except to the extent that any October 22, 2019 press releases speak for themselves.

37. Defendants deny the allegations in Paragraph 37 and Footnote 2 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during the November 7, 2019 earnings call. Defendants further state that the allegations in Paragraph 37 purport to characterize the statements made by Defendant Nefkens and

respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

38.    Defendants deny the allegations in Paragraph 38 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during the November 7, 2019 earnings call.  Defendants further state that the allegations in Paragraph 38 purport to characterize statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

39.    Defendants deny the allegations in Paragraph 39 of the Consolidated Complaint, except admit that Resideo's common stock closed at $9.02 per share on November 11, 2019.

40.    Defendants deny the allegations in Paragraph 40 of the Consolidated Complaint.

## II.    JURISDICTION AND VENUE

41.    The allegations in Paragraph 41 of the Consolidated Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Defendants deny them, except admit that this Court has federal question jurisdiction in this case.

42.    The allegations in Paragraph 42 of the Consolidated Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Defendants deny them.

8

43.     The allegations in Paragraph 43 of the Consolidated Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Defendants deny them, except admit that Defendants Nefkens, Ragan, and de Masi were senior executives at Resideo during the putative Class Period.

44.     The allegations in Paragraph 44 of the Consolidated Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, Defendants deny them.

## III.   PARTIES

### A.      Plaintiffs

45.     Defendants deny that the Gabelli Funds suffered any damage.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Consolidated Complaint.

46.     Defendants deny that GAMCO suffered any damage.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Consolidated Complaint.

47.     Defendants deny that the Naya Funds suffered any damage.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Consolidated Complaint.

48.     Defendants deny that Oklahoma Fire suffered any damage.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Consolidated Complaint.

9

**B.    Corporate Defendant**

49.    Defendants admit, on information and belief, the allegations in Paragraph 49 of the Consolidated Complaint.

**C.    Individual Defendants**

50.    Defendants deny that the Company's Annual Report on Form 10-K, filed on March 18, 2019, or any of Defendant Nefkens's public statements, contained material misstatements or omissions.  Defendants otherwise admit, on information and belief, the allegations in Paragraph 50 of the Consolidated Complaint.

51.    Defendants deny that the Company's Annual Report on Form 10-K, filed on March 18, 2019, or any of Ragan's public statements, contained material misstatements or omissions.  Defendants otherwise admit, on information and belief, the allegations in Paragraph 51 of the Consolidated Complaint.

52.    Defendants deny that the Company's Annual Report on Form 10-K, filed on March 18, 2019, contained material misstatements or omissions.  Defendants otherwise admit, on information and belief, the allegations in Paragraph 52 of the Consolidated Complaint.

53.    The definition in Paragraph 53 of the Consolidated Complaint does not require a responsive pleading.

**D.    Relevant Non-Parties**

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Consolidated Complaint.

55.    Defendants admit, on information and belief, that Edgar Tu served as Resideo's Chief Technology Officer from October 2018 to approximately August 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Tu served as the Chief Technology Officer of Honeywell Security and Fire. Defendants otherwise deny the allegations in Paragraph 55 of the Consolidated Complaint.

56.    Defendants admit, on information and belief, that Scott Harkins has served as Resideo's Vice President and General Manager of Connected Home from October 2018 to approximately February 2020.  Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Harkins served as Honeywell's President Partner Development from 2014 to 2017 or as President of Honeywell Security Products from 2011 to 2014.  Defendants otherwise deny the allegations in Paragraph 56 of the Consolidated Complaint.

## IV.    SOURCES OF ALLEGATIONS

57.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Consolidated Complaint regarding the bases of Plaintiffs' allegations.  Defendants otherwise deny the allegations in Paragraph 57 of the Consolidated Complaint.

58.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Consolidated Complaint regarding the purported statements and observations made by CW1.  Defendants otherwise deny the allegations in Paragraph 58 of the Consolidated Complaint.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Consolidated Complaint regarding the purported statements and observations made by CW2.  Defendants otherwise deny the allegations in Paragraph 59 of the Consolidated Complaint.

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Consolidated Complaint regarding the purported statements and observations made by CW3.  Defendants otherwise deny the allegations in Paragraph 60 of the Consolidated Complaint.

61.     Defendants admit, on information and belief, that Rob Aarnes has served as the President of ADI Global Distribution from October 2018 to the present.  Defendants deny the allegations in the third sentence of Paragraph 61 to the extent they purport to characterize comments allegedly made by Defendant Nefkens.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the statements and observations made by CW4 alleged in Paragraph 61 of the Consolidated Complaint.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Consolidated Complaint.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Consolidated Complaint.

64.     Defendants admit, on information and belief, that ADI was previously owned by Honeywell and after the Spin-Off became a part of Resideo.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Consolidated Complaint.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Consolidated Complaint regarding the purported statements and observations made by CW8. Defendants otherwise deny the allegations in Paragraph 65 of the Consolidated Complaint.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and observations made by CW9 alleged in Paragraph 66 of the Consolidated Complaint. Defendants otherwise deny the allegations in Paragraph 66 of the Consolidated Complaint.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and observations made by CW10 alleged in Paragraph 67 of the Consolidated Complaint. Defendants otherwise deny the allegations in Paragraph 67 of the Consolidated Complaint.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and observations made by CW11 alleged in Paragraph 68 of the Consolidated Complaint. Defendants otherwise deny the allegations in Paragraph 68 of the Consolidated Complaint, except admit, on information and belief, that ADI was previously owned by Honeywell and after the Spin-Off became a part of Resideo.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and observations made by CW12 alleged in Paragraph 69 of the Consolidated Complaint. Defendants otherwise deny the allegations in Paragraph 69 of the Consolidated Complaint, except Defendants admit, on information and belief, that ADI was previously owned by Honeywell and after the Spin-Off became a part of Resideo.

13

70.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and observations made by CW13 alleged in Paragraph 70 of the Consolidated Complaint.  Defendants otherwise deny the allegations in Paragraph 70 of the Consolidated Complaint, except admit, on information and belief, that ADI was previously owned by Honeywell and after the Spin-Off became a part of Resideo.

71.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Consolidated Complaint regarding the purported statements and observations made by CW14.  Defendants otherwise deny the allegations in Paragraph 71 of the Consolidated Complaint.

72.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

V.    **SUBSTANTIVE ALLEGATIONS**

A.    **Background of the Spin-Off**

1.    **Honeywell Seeks to Optimize Its Valuation**

73.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Consolidated Complaint.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Consolidated Complaint.

75.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Consolidated Complaint.

76.    Defendants admit that Honeywell spun off its distribution portfolio and certain of its homes product portfolio into what became Resideo.  Defendants otherwise

14

lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Consolidated Complaint.

77.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Consolidated Complaint.

### 2.    Resideo's Massive Liabilities Under the Spin-Off Agreements

78.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Consolidated Complaint. The Defendants further state that the allegations in Paragraph 78 purport to characterize the statements made by a third party and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

79.    Defendants admit, on information and belief, the allegations in Paragraph 79 of the Consolidated Complaint and respectfully refer the Court to the full contents of the October 2, 2018 Form 10 filing with the SEC for a true, correct and complete statement of its contents.

80.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 80 of the Consolidated Complaint.  Defendants otherwise admit the allegations in Paragraph 80 of the Consolidated Complaint.

81.    Defendants admit that Honeywell and Resideo entered into certain agreements in connection with the Spin-Off.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Consolidated Complaint.

82.    Defendants admit, on information and belief, the allegations in the first three sentences of Paragraph 82 of the Consolidated Complaint and respectfully refer the Court to the October 14, 2018 Indemnification and Reimbursement Agreement with Honeywell for a true, correct and complete statement of its contents.  Defendants deny that Defendant Nefkens made the statement quoted in the last sentence of Paragraph 82 of the Consolidated Complaint.  Defendants further state that the allegations in the last sentence of Paragraph 82 purport to quote from a June 6, 2019 investor call and respectfully refer the Court to the transcript of the June 6, 2019 investor call for a true, correct, and complete statement of its contents.  Defendants otherwise deny the allegations in Paragraph 82 of the Consolidated Complaint.

83.    Defendants admit, on information and belief, the allegations in Paragraph 83 of the Consolidated Complaint, except to the extent that Plaintiffs purport to characterize the size of the licensing fees paid by Resideo to Honeywell in 2019.  Defendants respectfully refer the Court to the October 19, 2018 Trademark License Agreement and any relevant SEC filings showing Resideo's 2019 financial results for a true, correct and complete statement of their contents.

84.    Defendants admit, on information and belief, the allegations in Paragraph 84 of the Consolidated Complaint, except to the extent that Plaintiffs purport to characterize the size of the dividend payment to Honeywell.  Defendants respectfully refer the Court to the relevant documents filed with the SEC for a true, correct and complete statement of their contents.

16

85.    Defendants deny the allegations in Paragraph 85 of the Consolidated Complaint.

### 3.    Resideo's Post-Spin Composition

86.    Defendants admit, on information and belief, the allegations in Paragraph 86 of the Consolidated Complaint.

87.    Defendants deny the allegations in Paragraph 87 of the Consolidated Complaint.

88.    Defendants admit, on information and belief, the allegations in Paragraph 88 of the Consolidated Complaint.

89.    Defendants admit, on information and belief, the allegations in Paragraph 89 of the Consolidated Complaint.

### B.    Resideo Immediately Faces Undisclosed Companywide Problems Following the Spin-Off

90.    Defendants deny the allegations in Paragraph 90 of the Consolidated Complaint.

### 1.    Resideo's Creation from Unrelated Business Units Causes Governance, Manufacturing and Product Problems

91.    Defendants deny the allegations in Paragraph 91 of the Consolidated Complaint, except admit that many of the product lines that later came to comprise Resideo originated from various Honeywell divisions and that many of these product lines did not historically have separate P&Ls, consistent with Resideo's disclosures before, during, and after the Class Period.

92. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Consolidated Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Consolidated Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Consolidated Complaint, except admit that Robert Ryder made certain statements during an Investor Conference on December 11, 2019. Defendants further state that the allegations in Paragraph 94 of the Consolidated Complaint purport to characterize the statements made by Robert Ryder and respectfully refer the Court to the transcript of the December 11, 2019 Investor Conference for a true, correct and complete statement of its contents.

95. Defendants deny the allegations in Paragraph 95 of the Consolidated Complaint, except admit that Robert Ryder made certain statements during an Investor Conference on December 11, 2019. Defendants further state that the allegations in Paragraph 95 of the Consolidated Complaint purport to characterize the statements made by Robert Ryder and respectfully refer the Court to the transcript of the December 11, 2019 Investor Conference for a true, correct and complete statement of its contents.

96. Defendants deny the allegations in Paragraph 96 of the Consolidated Complaint, except admit that Robert Ryder made certain statements during an Investor Conference on December 11, 2019. Defendants further state that the allegations in Paragraph 96 of the Consolidated Complaint purport to characterize the statements made by Robert Ryder and respectfully refer the Court to the transcript of the December 11, 2019 Investor Conference for a true, correct and complete statement of its contents.

97.    Defendants deny the allegations in Paragraph 97 of the Consolidated Complaint, except admit that Robert Ryder made certain statements during an Investor Conference on December 11, 2019.  Defendants further state that the allegations in Paragraph 97 of the Consolidated Complaint purport to characterize the statements made by Robert Ryder and respectfully refer the Court to the transcript of the December 11, 2019 Investor Conference for a true, correct and complete statement of its contents.

98.    Defendants deny the allegations in Paragraph 98 of the Consolidated Complaint.

### 2.    Honeywell Retains Resideo's Value Engineers Causing Systemic Supply Chain Issues

99.    Defendants deny the allegations in Paragraph 99 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019.  Defendants further state that the allegations in Paragraph 99 of the Consolidated Complaint purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

100.    Defendants deny the allegations in Paragraph 100 of the Consolidated Complaint.

101.    Defendants deny the allegations in the first sentence of Paragraph 101 of the Consolidated Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second and third sentences of Paragraph 101 of the Consolidated Complaint regarding the purported statements and observations made by

19

CW3. Defendants admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019. Defendants further state that the allegations in the last sentence of Paragraph 101 purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

102. Defendants deny the allegations in Paragraph 102 of the Consolidated Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Consolidated Complaint.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Consolidated Complaint regarding the purported statements and observations made by CW5, CW7, CW11, CW12, and CW 13. Defendants otherwise deny the allegations in Paragraph 104 of the Consolidated Complaint.

105. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Consolidated Complaint regarding the purported statements and observations made by CW5.

106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Consolidated Complaint regarding the purported statements and observations made by CW7.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Consolidated Complaint regarding the purported statements and observations made by CW11.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Consolidated Complaint regarding the purported statements and observations made by CW12.

109. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 109 of the Consolidated Complaint regarding the purported statements and observations made by CW13. Defendants deny the allegations in the second sentence of Paragraph 109 of the Consolidated Complaint.

110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Consolidated Complaint regarding the purported statements and observations made by CW13.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Consolidated Complaint regarding the purported statements and observations made by CW1, CW2, CW6, and CW14.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Consolidated Complaint regarding the purported statements and observations made by CW14.

113. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Consolidated Complaint regarding the

purported statements and observations made by CW14. Defendants otherwise deny the allegations in Paragraph 113 of the Consolidated Complaint.

114. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Consolidated Complaint regarding the purported statements and observations made by CW1. Defendants otherwise deny the allegations in Paragraph 114 of the Consolidated Complaint, except admit that Resideo was given the residential HVAC business during the Spin-Off.

115. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Consolidated Complaint regarding the purported statements and observations made by CW6. Defendants otherwise deny the allegations in Paragraph 115 of the Consolidated Complaint.

116. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Consolidated Complaint regarding the purported statements and observations made by CW2. Defendants otherwise deny the allegations in Paragraph 116 of the Consolidated Complaint.

### 3. Resideo Loses Its Sourcing Leverage

117. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 117 of the Consolidated Complaint, except admit that Honeywell is one of the world's largest industrial conglomerates.

118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Consolidated Complaint regarding the

purported statements and observations made by CW10.  Defendants otherwise deny the allegations in Paragraph 118 of the Consolidated Complaint.

119.    Defendants deny the allegations in Paragraph 119 of the Consolidated Complaint.

### 4.    Resideo's TCC Application Faces Chronic Failures

120.    Defendants admit, on information and belief, the allegations in the first two sentences of Paragraph 120 of the Consolidated Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 120 of the Consolidated Complaint.

121.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 121 of the Consolidated Complaint regarding CW3. Defendants otherwise deny the allegations in Paragraph 121 of the Consolidated Complaint.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Consolidated Complaint regarding the purported statements and observations made by CW15.  Defendants otherwise deny the allegations in Paragraph 122 of the Consolidated Complaint, except admit that customers can manually control their thermostats from their home during a TCC App outage.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Consolidated Complaint regarding the purported statements and observations made by CW15.

23

124. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Consolidated Complaint regarding the purported statements and observations made by CW15. Defendants further state that the allegations in Paragraph 124 purport to characterize statements made in an attachment to an email dated January 8, 2019 and respectfully refer the Court to the email itself for a true, correct and complete statement of its contents. Defendants otherwise deny the allegations in Paragraph 124 of the Consolidated Complaint, except to the extent that the January 8, 2019 email attachment speaks for itself.

125. Defendants deny the allegations in Paragraph 125 of the Consolidated Complaint, except admit that Resideo sold thermostats controlled by the TCC App. Defendants further state that the allegations in Paragraph 125 purport to characterize statements made in a PowerPoint presentation and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 126 purport to characterize statements made in two emails sent on January 23, 2019 and respectfully refer the Court to those emails for a true, correct and complete statement of their contents.

127. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Consolidated Complaint regarding the purported statements and observations made by CW15. Defendants otherwise deny the allegations in Paragraph 127 of the Consolidated Complaint.

128. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Consolidated Complaint regarding the purported statements and observations made by CW15. Defendants otherwise deny the allegations in Paragraph 128 of the Consolidated Complaint.

129. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Consolidated Complaint regarding the purported statements and observations made by CW15. Defendants otherwise deny the allegations in Paragraph 129 of the Consolidated Complaint, except admit, on information and belief, that Resideo's software engineering department considered converging the TCC App into the Honeywell Home App.

130. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Consolidated Complaint.

131. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Consolidated Complaint regarding the purported statements and observations made by CW15. Defendants further state that the allegations in Paragraph 131 purport to characterize statements made in an email dated May 21, 2019 and respectfully refer the Court to that email for a true, correct and complete statement of its contents. Defendants otherwise deny the allegations in Paragraph 131 of the Consolidated Complaint, except admit, on information and belief, that Cristian Sturek reported to Vic Cutrone.

132. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Consolidated Complaint. Defendants

further state that the allegations in Paragraph 132 purport to quote from an email dated May 20, 2019 and respectfully refer the Court to that email for a true, correct and complete statement of its contents.

133. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Consolidated Complaint regarding the purported statements and observations made by CW15. Defendants otherwise deny the allegations in Paragraph 133 of the Consolidated Complaint.

### 5. Resideo's Late Delivery of GRIP and Resulting Contractual Penalties

134. Defendants admit, on information and belief, the allegations in Paragraph 134 of the Consolidated Complaint.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Consolidated Complaint regarding the purported statements and observations made by CW8. Defendants otherwise deny the allegations in Paragraph 135, except admit that Resideo developed two versions of GRIP, one for ADT and one for the direct consumer market.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 136 of the Consolidated Complaint.

137. Defendants deny the allegations in Paragraph 137 of the Consolidated Complaint.

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 138 of the Consolidated Complaint.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 139 of the Consolidated Complaint.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 140 of the Consolidated Complaint.

141. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 141 of the Consolidated Complaint.

142. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Consolidated Complaint regarding the purported statements and observations made by CW8. Defendants otherwise deny the allegations in Paragraph 142 of the Consolidated Complaint.

143. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Consolidated Complaint.

144.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Consolidated Complaint regarding the purported statements and observations made by CW8.  Defendants otherwise deny the allegations in Paragraph 144 of the Consolidated Complaint.

145.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Consolidated Complaint regarding the purported statements and observations made by CW8.  Defendants otherwise deny the allegations in Paragraph 145 of the Consolidated Complaint.

146.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the Consolidated Complaint.

### 6.    Resideo Lacked the Technology for Project STORM

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Consolidated Complaint regarding the purported statements and observations made by CW3.  Defendants otherwise deny the allegations in Paragraph 147 of the Consolidated Complaint, except admit that the referenced "pioneering platform" was known internally at Resideo as Project STORM.

148.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Consolidated Complaint.

149.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Consolidated Complaint.

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Consolidated Complaint.

### 7.    Resideo was Late to the Market with "Flycatcher"

151.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 151 of the Consolidated Complaint.

152.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 152 of the Consolidated Complaint.

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 153 of the Consolidated Complaint.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 154 of the Consolidated Complaint, except admit that Defendant Ragan made certain statements during a June 6, 2019 Investor Conference. Defendants further state that the allegations in Paragraph 154 purport to characterize the statements made by Defendant Ragan and respectfully refer the Court to the transcript of the June 6, 2019 Investor Conference for a true, correct and complete statement of its contents.

155.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Consolidated Complaint regarding the purported statements and observations made by CW3.  Defendants otherwise deny the allegations in Paragraph 155 of the Consolidated Complaint.

**8.    Resideo's T-Series Thermostats and Security Products Suffered from Aging Technology, Leading to a Directive From Senior Management to Only Use WhatsApp When Discussing These Problems**

156.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Consolidated Complaint regarding the purported statements and observations made by CW3.  Defendants otherwise deny the allegations in Paragraph 156 of the Consolidated Complaint.

157.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the Consolidated Complaint regarding the purported statements and observations made by CW3.  Defendants otherwise deny the allegations in Paragraph 157 of the Consolidated Complaint.

158.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Consolidated Complaint regarding the purported statements and observations made by CW3.  Defendants otherwise deny the allegations in Paragraph 158 of the Consolidated Complaint.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Consolidated Complaint regarding the

purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 159 of the Consolidated Complaint.

160. Defendants deny the allegations in Paragraph 160 of the Consolidated Complaint.

161. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 161 of the Consolidated Complaint.

162. Defendants deny that Resideo's 2019 annual meeting took place in Orlando, Florida. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Consolidated Complaint regarding the purported statements and observations made by CW3.

163. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 163 of the Consolidated Complaint.

164. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Consolidated Complaint.

165. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 165 of the Consolidated Complaint.

166. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 166 of the Consolidated Complaint.

167. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Consolidated Complaint regarding the purported statements and observations made by CW4. Defendants otherwise deny the allegations in Paragraph 167 of the Consolidated Complaint.

168. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the Consolidated Complaint regarding the purported statements and observations made by CW4. Defendants otherwise deny the allegations in Paragraph 168 of the Consolidated Complaint.

169. Defendants deny the allegations in Paragraph 169 of the Consolidated Complaint.

170. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Consolidated Complaint regarding the purported statements and observations made by CW11. Defendants otherwise deny the allegations in Paragraph 170 of the Consolidated Complaint.

### 9. Resideo's Problems Precluded it Meeting Earnings Projections

171. Defendants deny the allegations in Paragraph 171 of the Consolidated Complaint.

172.   Defendants deny the allegations in Paragraph 172 of the Consolidated Complaint.

## C.   Resideo Admits Problems with its Supply Chain, Products and Engineering

173.   Defendants deny the allegations in Paragraph 173 of the Consolidated Complaint, except to the extent that the October 22, 2019 press release speaks for itself.

174.   Defendants admit that Resideo announced the departure of Defendant Ragan on the same day as it announced the Company's preliminary third quarter 2019 financial results.  Defendants further state that to the extent that the allegations in Paragraph 174 purport to characterize the departure of Defendant Ragan, Defendants respectfully refer the Court to the October 23, 2019 Form 8-K filed with the SEC for a true, correct and complete statement of its contents.

175.   Defendants admit that Resideo made certain statements regarding its Product segment and respectfully refer the Court to Resideo's October 23, 2019 press release for a true, correct and complete statement of its contents.  Defendants otherwise deny the allegations in Paragraph 175 of the Consolidated Complaint.

176.   Defendants admit that Resideo made certain statements regarding its Comfort business and respectfully refer the Court to Resideo's October 23, 2019 press release for a true, correct and complete statement of its contents.  Defendants otherwise deny the allegations in Paragraph 176 of the Consolidated Complaint.

177. Defendants admit that Resideo made certain statements regarding its products and respectfully refer the Court to Resideo's October 23, 2019 press release for a true, correct and complete statement of its contents.

178. Defendants deny the allegations in Paragraph 177 of the Consolidated Complaint, except admit that Resideo's common stock closed at $9.50 per share on October 23, 2019.

179. Defendants admit that Resideo issued a press release summarizing Resideo's third quarter 2019 results and filed a Form 8-K with the SEC on November 6, 2019. Defendants further state that the allegations contained in Paragraph 179 of the Consolidated Complaint purport to characterize the November 6, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents. Defendants otherwise deny the allegations in Paragraph 179 of the Consolidated Complaint.

180. Defendants deny the allegations in Paragraph 180 of the Consolidated Complaint, except admit that Resideo held an earnings call on November 7, 2019 to discuss its Q3 2019 results and that supply chain and value engineering issues were discussed on that earnings call. Defendants also admit that Defendant Nefkens made certain statements regarding value engineering during an earnings call on November 7, 2019. Defendants further state that the allegations in Paragraph 180 of the Consolidated Complaint purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

181.    Defendants deny the allegations in Paragraph 181 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements regarding value engineering during an earnings call on November 7, 2019.  Defendants further state that the allegations in Paragraph 181 of the Consolidated Complaint purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

182.    Defendants deny the allegations in Paragraph 182 of the Consolidated Complaint.   Defendants further state that the allegations in Paragraph 182 of the Consolidated Complaint purport to characterize statements made by Defendant Nefkens during a November 7, 2019 earnings call and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

183.    Defendants deny the allegations in Paragraph 183 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements regarding sourcing leverage during an earnings call on November 7, 2019.  Defendants further state that the allegations in Paragraph 183 of the Consolidated Complaint purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

184.    Defendants deny the allegations in Paragraph 184 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an

35

earnings call on November 7, 2019. Defendants further state that the allegations in Paragraph 184 of the Consolidated Complaint purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the statements and observations made by CW15 alleged in the last sentence of Paragraph 184 of the Consolidated Complaint.

185. Defendants admit, on information and belief, the allegations in Paragraph 185 of the Consolidated Complaint, except deny the allegations to the extent that Plaintiffs purport to characterize how the market interpreted Resideo's November 7, 2019 earnings call.

186. Defendants admit that on December 2, 2019, Resideo announced the departure of Defendant Nefkens and respectfully refer the Court to the December 2, 2019 press release for a true, correct and complete statement of its contents. Defendants otherwise deny the allegations in Paragraph 186 of the Consolidated Complaint.

187. Defendants admit that Resideo released an "Investor Update" presentation on December 11, 2019. Defendants further admit that Robert Ryder served as Resideo's CFO from November 7, 2019 until his departure on June 7, 2020. Defendants also admit that Robert Ryder made certain statements during an Investor Conference on December 11, 2019. Defendants further state that the allegations in Paragraph 187 of the Consolidated Complaint purport to characterize the statements made by Robert Ryder and respectfully refer the Court to the transcript of the December 11, 2019 Investor Conference for a true,

correct and complete statement of its contents. Defendants otherwise deny the allegations in Paragraph 187 of the Consolidated Complaint.

188. Defendants deny the allegations in Paragraph 188 of the Consolidated Complaint, except admit that Robert Ryder made certain statements during an Investor Conference on December 11, 2019. Defendants further state that the allegations in Paragraph 188 of the Consolidated Complaint purport to characterize the statements made by Robert Ryder and respectfully refer the Court to the transcript of the December 11, 2019 Investor Conference for a true, correct and complete statement of its contents.

189. Defendants deny the allegations in Paragraph 189 of the Consolidated Complaint, except admit that on February 26, 2020, Resideo issued a press release providing fourth quarter and full-year 2019 results. Defendants further state that the allegations in Paragraph 189 of the Consolidated Complaint purport to characterize the February 26, 2020 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

190. Defendants deny the allegations in Paragraph 190 of the Consolidated Complaint, except admit that Resideo held an earnings call on February 27, 2020 at which Nefkens, Ryder, and Andy Teich were present. Defendants further state that the allegations in Paragraph 190 of the Consolidated Complaint purport to characterize statements made by Andy Teich and a third party and respectfully refer the Court to the transcript of the February 27, 2020 earnings call for a true, correct and complete statement of its contents.

## VI.    DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

### A.    Pre-Class Period Misrepresentations That Conditioned the Market for Resideo Common Stock

191.    Defendants state that the allegations in Paragraph 191 purport to characterize statements made in Honeywell's August 23, 2018 presentation and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

192.    Defendants state that the allegations in Paragraph 192 purport to characterize statements made in Honeywell's August 23, 2018 presentation and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

193.    Defendants state that the allegations in Paragraph 193 purport to characterize statements made in Honeywell's August 23, 2018 presentation and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

194.    Defendants state that the allegations in Paragraph 194 purport to characterize statements made in Honeywell's August 23, 2018 presentation and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

195.    Defendants deny the allegations in Paragraph 195 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 191–194 and 91–170 as set forth herein.

196.    Defendants deny the allegations in Paragraph 196 of the Consolidated Complaint, except to the extent that a Registration Statement was filed on October 2, 2018 by Honeywell.  Defendants further state that the allegations in Paragraph 196 purport to characterize the October 2, 2018 amended Registration Statement that Honeywell filed in

38

the name of Resideo and respectfully refer the Court to the SEC filing for a true, correct and complete statement of its contents.

197. Defendants state that the allegations in Paragraph 197 of the Consolidated Complaint purport to characterize the October 2, 2018 amended Registration Statement that Honeywell filed in the name of Resideo and respectfully refer the Court to the filing for a true, correct and complete statement of its contents. Defendants otherwise deny the allegations in Paragraph 197.

198. Defendants deny the allegations in Paragraph 198 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 197 and 151–170 as set forth herein.

199. Defendants deny the allegations in Paragraph 199 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 197 and 99–170 as set forth herein.

200. Defendants deny the allegations in Paragraph 200 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 197 and 91–116 as set forth herein.

201. Defendants admit that the October 2, 2018 Registration Statement filed by Honeywell in the name of Resideo included a section on risk factors. Defendants further state that the allegations in Paragraph 201 purport to quote from and characterize the October 2, 2018 Registration Statement and respectfully refer the Court to the SEC filing for a true, correct and complete statement of its contents.

202.    Defendants deny the allegations in Paragraph 202 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 202 purport to characterize the October 2, 2018 Registration Statement and respectfully refer the Court to the filing for a true, correct and complete statement of its contents.

203.    Defendants deny the allegations in Paragraph 203 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 203 purport to characterize the October 2, 2018 Registration Statement and respectfully refer the Court to the filing for a true, correct and complete statement of its contents.

204.    Defendants deny the allegations in Paragraph 204 of the Consolidated Complaint.  Defendants incorporate by reference their responses to Paragraphs 117–119 as set forth herein.  Defendants further state that the allegations in Paragraph 204 purport to characterize the October 2, 2018 Registration Statement and respectfully refer the Court to the filing for a true, correct and complete statement of its contents.

205.    Defendants deny the allegations in Paragraph 205 of the Consolidated Complaint.

206.    Defendants deny the allegations in Paragraph 206 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 91–170 as set forth herein.   Defendants further state that the allegations in Paragraph 206 purport to characterize the October 10, 2018 press release that Honeywell filed with the SEC on Form 8-K in the name of Resideo and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

207. Defendants deny the allegations in Paragraph 207 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 207 purport to characterize the October 10, 2018 presentation that Honeywell filed with the SEC on Form 8-K in the name of Resideo and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

208. Defendants deny the allegations in Paragraph 208 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 207 and 91–170 as set forth herein.

209. Defendants deny the allegations in Paragraph 209 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 91–170 as set forth herein. Defendants further state that the allegations in Paragraph 209 purport to characterize the October 10, 2018 presentation that Honeywell filed with the SEC on Form 8-K in the name of Resideo and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

**B. Resideo Begins the Class Period with False Claims of Past Performance, A Shorter Product Development Period Than Its Competitors and Comfort That "We're on The Other Side" Of the Supply Chain Issues**

210. Defendants admit that Resideo filed a Form 8-K with the SEC on November 8, 2018, to which a press release and a presentation were attached. Defendants further state that the allegations in Paragraph 210 purport to characterize the November 2018 presentation and press release and respectfully refer the Court to the presentation and press

release for a true, correct and complete statement of their contents. Defendants otherwise deny the allegations in Paragraph 210 of the Consolidated Complaint.

211. Defendants deny the allegations in Paragraph 211 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 211 purport to characterize the November 2018 presentation attached to the Form 8-K and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

212. Defendants deny the allegations in Paragraph 212 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 212 purport to characterize the November 2018 presentation attached to the Form 8-K and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

213. Defendants deny the allegations in Paragraph 213 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 210–211 and 91–116 as set forth herein.

214. Defendants deny the allegations in Paragraph 214 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 210–211, 120–133, and 151–170 as set forth herein.

215. Defendants deny the allegations in Paragraph 215 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 212 and 147–170 as set forth herein.

216. Defendants admit that Resideo issued a press release on November 13, 2018 and held an earnings call on November 14, 2018. Defendants further state that the allegations in Paragraph 216 of the Consolidated Complaint purport to characterize

statements made by Defendant Nefkens, Defendant Ragan, and Resideo in the press release and during the earnings call and respectfully refer the Court to the press release and the earnings call transcript for a true, correct and complete statement of their contents. Defendants otherwise deny the allegations in Paragraph 216.

217. Defendants deny the allegations in Paragraph 217 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 216 and 91–172 as set forth herein.

218. Defendants deny the allegations in Paragraph 218 of the Consolidated Complaint, except to the extent that the November 13, 2018 press release speaks for itself.

219. Defendants deny the allegations in Paragraph 219 of the Consolidated Complaint, except admit that Defendants Nefkens and Ragan made certain statements during an earnings call on November 14, 2018. Defendants further state that the allegations in Paragraph 219 purport to characterize the statements made by Defendants Nefkens and Ragan and respectfully refer the Court to the transcript of the November 14, 2018 earnings call for a true, correct and complete statement of its contents.

220. Defendants admit that there was an earnings call on November 14, 2018 at which Defendant Nefkens spoke and respectfully refer the Court to the transcript of the earnings call for a true, correct and complete statement of its contents. Defendants otherwise deny the allegations in Paragraph 220 of the Consolidated Complaint.

221. Defendants deny the allegations in Paragraph 221 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 220 and 91–170 as set forth herein.

222. Defendants deny the allegations in Paragraph 222 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 14, 2018. Defendants further state that the allegations in Paragraph 222 purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 14, 2018 earnings call for a true, correct and complete statement of its contents.

223. Defendants deny the allegations in Paragraph 223 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 222 and 91–170 as set forth herein.

224. Defendants deny the allegations in Paragraph 224 of the Consolidated Complaint, except admit that Defendant Ragan made certain statements during an earnings call on November 14, 2018. Defendants further state that the allegations in Paragraph 224 purport to characterize the statements made by Defendant Ragan and respectfully refer the Court to the transcript of the November 14, 2018 earnings call for a true, correct and complete statement of its contents.

225. Defendants deny the allegations in Paragraph 225 of the Consolidated Complaint, and incorporate by reference their response to Paragraph 224 as set forth herein.

226. Defendants admit that Defendant Ragan presented at the Imperial Capital Security Investor Conference on December 12, 2018. Defendants further state that the allegations in Paragraph 226 of the Consolidated Complaint purport to characterize the statements made by Defendant Ragan and respectfully refer the Court to the statements

44

themselves for a true, correct and complete statement of their contents. Defendants otherwise deny the allegations in Paragraph 226.

227. Defendants deny the allegations in Paragraph 227 of the Consolidated Complaint, and incorporate by reference their response to Paragraph 226 as set forth herein. Defendants further state that the allegations in the last sentence of Paragraph 226 purport to characterize statements made by Robert Ryder and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

228. Defendants deny the allegations in Paragraph 228 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 228 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

### C. Resideo Falsely Assures Investors the Company's Supply Chain Issues are Resolved, Touts the Release of the T9 and T10 Thermostats and the GRIP Platform and Claims the Company is at a "Strategic Inflection Point"

229. Defendants admit that Resideo announced financial results for the fourth quarter and the full year of 2018 in a press release on March 7, 2019, and that Defendant Nefkens made certain statements in the press release. Defendants further state that the allegations in Paragraph 229 of the Consolidated Complaint purport to characterize statements made in the March 7, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents. Defendants otherwise deny the allegations in Paragraph 229.

230.   Defendants deny the allegations in Paragraph 230 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on March 7, 2019.  Defendants further state that the allegations in Paragraph 230 purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the March 7, 2019 earnings call for a true, correct and complete statement of its contents.

231.   Defendants deny the allegations in Paragraph 231 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 229–230 and 91–170 as set forth herein.

232.   Defendants deny the allegations in Paragraph 232 of the Consolidated Complaint, except admit that Defendants Nefkens and Ragan made certain statements during an earnings call on March 7, 2019.  Defendants further state that the allegations in Paragraph 232 purport to characterize statements made by Defendants and respectfully refer the Court to the March 7, 2019 transcript and press release for a true, correct and complete statement of their contents.

233.   Defendants deny the allegations in Paragraph 233 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 91–170 as set forth herein.

234.   Defendants deny the allegations in Paragraph 234 of the Consolidated Complaint, except to the extent that the March 7, 2019 earnings call transcript and press release speak for themselves.  Defendants incorporate by reference their responses to Paragraphs 151–170 as set forth herein.

235.    Defendants deny the allegations in Paragraph 235 of the Consolidated Complaint, except to the extent that the March 7, 2019 earnings call transcript and press release speak for themselves.

236.    Defendants deny the allegations in Paragraph 236 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during a March 7, 2019 earnings call and respectfully refer the Court to the earnings call transcript for a true, correct and complete statement of its contents.

237.    Defendants deny the allegations in the first two sentences of Paragraph 237 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 235–236 and 134–146 as set forth herein.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 237 regarding the statements and observations made by CW3.

238.    Defendants deny the allegations in Paragraph 238 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 134–146 as set forth herein.  Defendants further state that the allegations in Paragraph 238 purport to characterize statements made during a May earnings call and a June presentation and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

239.    Defendants deny the allegations in Paragraph 239 of the Consolidated Complaint, except to the extent that the information purportedly quoted therein speaks for itself.  Defendants further state that the allegations in Paragraph 239 purport to quote

47

statements made by Defendant Nefkens and respectfully refer the Court to those statements for a true, correct and complete statement of their contents.

240. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 of the Consolidated Complaint regarding what CW3 "reasoned," "recalled," or "said." Defendants otherwise deny the allegations in Paragraph 240 of the Consolidated Complaint.

241. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 of the Consolidated Complaint regarding what CW15 "stated," "believes," who CW15 "identified," or CW15's role at Resideo, if any. Defendants otherwise deny the allegations in Paragraph 241 of the Consolidated Complaint.

242. Defendants deny the allegations in Paragraph 242 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 239, 151–170, 120-133, and 99–116 as set forth herein. Defendants lack knowledge or information sufficient to form a belief as to the truth of what CW15 "said."

243. Defendants deny the allegations in Paragraph 243 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 91–170 as set forth herein. Defendants further state that the allegations in Paragraph 243 purport to quote statements made by Defendant Nefkens and respectfully refer the Court to those statements for a true, correct and complete statement of their contents.

244. Defendants admit that on March 12, 2019, certain members of Resideo's management, including Defendant Ragan, presented at a meeting hosted by Bank of

America Merrill Lynch. Defendants further state that the allegations in Paragraph 244 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

245. Defendants deny the allegations in Paragraph 245 of the Consolidated Complaint, except admit that Resideo filed its Form 10-K with the SEC on or about March 18, 2019. Defendants further state that the allegations in Paragraph 245 purport to characterize the Form 10-K and respectfully refer the Court to the filing for a true, correct and complete statement of its contents.

246. Defendants deny the allegations in Paragraph 246 of the Consolidated Complaint, except to the extent the Form 10-K speaks for itself.

247. Defendants deny the allegations in Paragraph 247 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 246 and 91–116 as set forth herein.

248. Defendants deny the allegations in Paragraph 248 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 248 purport to characterize Resideo's Form 10-K and respectfully refer the Court to the filing for a true, correct and complete statement of its contents.

249. Defendants deny the allegations in Paragraph 249 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 248 and 93–170 as set forth herein. Defendants further state that the allegations in Paragraph 249 purport to characterize certain statements made after the Class Period and respectfully refer the Court

to the purportedly quoted statements for a true, correct and complete statement of their contents.

250.    Defendants deny the allegations in Paragraph 250 of the Consolidated Complaint, and incorporate by reference their response to Paragraph 249 as set forth herein. Defendants further state that the allegations in Paragraph 250 purport to quote Resideo's Form 10-K and respectfully refer the Court to the filing for a true, correct and complete statement of its contents.

251.    Defendants deny the allegations in Paragraph 251 of the Consolidated Complaint, except to the extent Resideo's Form 10-K speaks for itself.

252.    Defendants deny the allegations in Paragraph 252 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 251 and 134–146 as set forth herein.

253.    Defendants deny the allegations in Paragraph 253 of the Consolidated Complaint, except admit that Resideo's 2018 Form 10-K contained "Risk Factors." Defendants further state that the allegations in Paragraph 253 purport to characterize Resideo's Form 10-K and respectfully refer the Court to the filing for a true, correct and complete statement of its contents. Defendants also incorporate by reference their response to Paragraph 201 as set forth herein.

**D.    Resideo's Management Again Touts Its Products and Purported Accelerated Product Launches, Again Minimizes Supply Chain Issues and Again Claims Progress Toward Margin Expansion**

254.    Defendants admit that Resideo issued a press release announcing its financial results for the first quarter of 2019 on May 8, 2019 and held an earnings call on May 9,

50

2019. Defendants further state that the allegations in Paragraph 254 purport to quote statements made by the Defendants in the press release and earnings call and respectfully refer the Court to the May 8, 2019 press release and the transcript of the May 9, 2019 earnings call for a true, correct and complete statement of their contents. Defendants otherwise deny the allegations in Paragraph 254.

255. Defendants deny the allegations in Paragraph 255 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 254 and 195 as set forth herein.

256. Defendants deny the allegations in Paragraph 256 of the Consolidated Complaint, except to the extent the May 8, 2019 press release speaks for itself.

257. Defendants deny the allegations in Paragraph 257 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 257 purport to characterize statements made by the Defendants and respectfully refer the Court to the May 8, 2019 press release and the transcript of the May 9, 2019 earnings call for a true, correct and complete statement of their contents.

258. Defendants deny the allegations in Paragraph 258 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 256–257 and 134–146 as set forth herein.

259. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 of the Complaint regarding what CW3 "explained," "characterized," or "recalled." Defendants further state that the allegations in Paragraph 259 purport to quote certain statements made by Defendant Nefkens and

respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents. Defendants otherwise deny the allegations in Paragraph 259 of the Consolidated Complaint.

260. Defendants deny the allegations in Paragraph 260 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 260 purport to quote certain statements made by Defendant Nefkens and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

261. Defendants deny the allegations in Paragraph 261 of the Consolidated Complaint, except to the extent the information purportedly quoted therein speaks for itself. Defendants respectfully refer the Court to the May 9, 2019 earnings call transcript for a true, correct and complete statement of its contents.

262. Defendants deny the allegations in Paragraph 262 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 260–261 and 134–146 as set forth herein. Defendants lack knowledge or information sufficient to form a belief as to the truth of what CW3 "referred to."

263. Defendants deny the allegations in Paragraph 263 of the Consolidated Complaint, except to the extent the information purportedly quoted therein speaks for itself. Defendants respectfully refer the Court to the May 8, 2019 press release for a true, correct and complete statement of its contents.

264. Defendants deny the allegations in Paragraph 264 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on May 9, 2019. Defendants further state that the allegations in Paragraph

52

264 purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the May 9, 2019 earnings call for a true, correct and complete statement of its contents.

265.    Defendants deny the allegations in Paragraph 265 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 265 purport to characterize an investor presentation and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

266.    Defendants deny the allegations in Paragraph 266 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 266 purport to quote from an investor presentation and respectfully refer the Court to the presentation for a true, correct and complete statement of its contents.

267.    Defendants deny the allegations in Paragraph 267 of the Consolidated Complaint, except to the extent that the information purportedly quoted therein speaks for itself.  Defendants further state that the allegations in Paragraph 267 purport to characterize statements made by Defendant Nefkens during the May 9, 2019 earnings call and respectfully refer the Court to the transcript for a true, correct and complete statement of its contents.

268.    Defendants deny the allegations in Paragraph 268 of the Consolidated Complaint, except to the extent the information purportedly quoted therein speaks for itself. Defendants further state that the allegations in Paragraph 268 purport to characterize statements made by Defendant Nefkens during the May 9, 2019 earnings call and

53

respectfully refer the Court to the transcript for a true, correct and complete statement of its contents.

269.    Defendants deny the allegations in Paragraph 269 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 267–268 and 156–170 as set forth herein.

270.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 of the Consolidated Complaint regarding the statements and observations made by CW15.  Defendants otherwise deny the allegations in Paragraph 270 of the Consolidated Complaint.

271.    Defendants deny the allegations in Paragraph 271 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 267–268 and 151–155 as set forth herein.

272.    Defendants deny the allegations in Paragraph 272 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 268 and 195 as set forth herein.

273.    Defendants deny the allegations in Paragraph 273 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 273 purport to characterize statements made by Defendant Nefkens during the May 9, 2019 earnings call and respectfully refer the Court to the transcript of the May 9, 2019 earnings call for a true, correct and complete statement of its contents.

274. Defendants deny the allegations in Paragraph 274 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 273 and 156–170 as set forth herein.

275. Defendants deny the allegations in Paragraph 275 of the Consolidated Complaint.

276. Defendants deny the allegations in Paragraph 276 of the Consolidated Complaint, except to the extent the information purportedly quoted therein speaks for itself. Defendants further state that the allegations in Paragraph 276 purport to characterize statements made during the May 9, 2019 earnings call and respectfully refer the Court to the transcript of the May 9, 2019 earnings call for a true, correct and complete statement of its contents.

277. Defendants deny the allegations in Paragraph 277 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 276 and 91–98 as set forth herein.

278. Defendants deny the allegations in Paragraph 278 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 266 and 195 as set forth herein. Defendants further state that the allegations in Paragraph 278 purport to characterize statements made by Defendant Nefkens during the May 9, 2019 earnings call and respectfully refer the Court to the transcript of the earnings call for a true, correct and complete statement of its contents.

279. Defendants deny the allegations in Paragraph 279 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an

earnings call on May 9, 2019. Defendants further state that the allegations in Paragraph 279 purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the May 9, 2019 earnings call for a true, correct and complete statement of its contents.

280. Defendants deny the allegations in Paragraph 280 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 279 and 91–116 as set forth herein. Defendants further state that the allegations in Paragraph 280 purport to characterize certain statements made by Robert Ryder after the Class Period and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

281. Defendants state that the allegations in Paragraph 281 purport to characterize statements made by Defendant Ragan during an earnings call on May 9, 2019 and respectfully refer the Court to the transcript of the earnings call for a true, correct and complete statement of its contents.

282. Defendants deny the allegations in Paragraph 282 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 281 and 91–170 as set forth herein.

283. Defendants deny the allegations in Paragraph 283 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 281 and 91–170 as set forth herein.

284. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284 of the Consolidated Complaint. Defendants

further state that the allegations in Paragraph 284 of the Consolidated Complaint purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

285. Defendants deny the allegations in Paragraph 285 of the Consolidated Complaint, except admit that Defendant Ragan presented at the June 6, 2019 Robert W. Baird Global Consumer, Technology & Services Conference. Defendants also admit that Defendant Nefkens made certain statements during the June 6, 2019 Conference. Defendants further state that the allegations in Paragraph 285 purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the June 6, 2019 Conference for a true, correct and complete statement of its contents.

286. Defendants deny the allegations in Paragraph 286 of the Consolidated Complaint, and incorporate by reference their response to Paragraph 285 as set forth herein.

287. Defendants deny the allegations in Paragraph 287 of the Consolidated Complaint, except admit that Defendant Ragan made certain statements at the June 6, 2019 Robert W. Baird Global Consumer, Technology & Services Conference. Defendants further state that the allegations in Paragraph 287 purport to characterize the statements made by Defendant Ragan and respectfully refer the Court to the transcript of the June 6, 2019 Conference for a true, correct and complete statement of its contents.

288. Defendants deny the allegations in Paragraph 288 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 287, 153, and 156– 170 as set forth herein. Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 288 regarding what CW3 "stated" or understood.

289.    Defendants admit that Defendant Ragan made certain statements at the June 6, 2019 Robert W. Baird Global Consumer, Technology & Services Conference. Defendants further state that the allegations in Paragraph 289 purport to characterize the statements made by Defendant Ragan and respectfully refer the Court to the transcript of the June 6, 2019 Conference for a true, correct and complete statement of its contents. Defendants otherwise deny the allegations in Paragraph 289.

290.    Defendants deny the allegations in Paragraph 290 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 289 and 156–170 as set forth herein.

291.    Defendants admit that Defendant Ragan made certain statements at the June 6, 2019 Robert W. Baird Global Consumer, Technology & Services Conference. Defendants further state that the allegations in Paragraph 291 of the Consolidated Complaint purport to characterize the statements made by Defendant Ragan and respectfully refer the Court to the transcript of the June 6, 2019 Conference for a true, correct and complete statement of its contents.  Defendants otherwise deny the allegations in Paragraph 291.

292.    Defendants deny the allegations in Paragraph 292 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 291 and 91–98 as set forth herein.

293.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 293 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

**E.    Resideo's Management Again Claims the Company's Supply Chain Issues Had Been Resolved, Commits to Rolling Out the GRIP Product for Direct Consumers in Q4, While Disclosing a 36% Drop in Products & Solutions EBITDA**

294.    Defendants deny the allegations in Paragraph 294 of the Consolidated Complaint, except admit that Resideo issued a press release announcing its second quarter of 2019 financial results on August 7, 2019.  Defendants further state that the allegations in Paragraph 294 of the Consolidated Complaint purport to characterize statements made in the August 7, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

295.    Defendants deny the allegations in Paragraph 295 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 295 of the Consolidated Complaint purport to characterize statements made in the August 7, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

296.    Defendants deny the allegations in Paragraph 296 of the Consolidated Complaint, except admit that Resideo held a conference call on August 8, 2019. Defendants further state that the allegations in Paragraph 296 purport to characterize

statements made in the August 7, 2019 press release and August 8, 2019 conference call and respectfully refer the Court to the press release and call transcript for a true, correct and complete statement of their contents.

297. Defendants deny the allegations in Paragraph 297 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 294–296 and 195 as set forth herein.

298. Defendants deny the allegations in Paragraph 298 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements on a conference call on August 8, 2019. Defendants further state that the allegations in Paragraph 298 of the Consolidated Complaint purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the August 8, 2019 for a true, correct and complete statement of its contents.

299. Defendants deny the allegations in Paragraph 299 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 298 and 91–116 as set forth herein. Defendants further state that the allegations in Paragraph 299 purport to characterize certain statements made after the Class Period and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

300. Defendants deny the allegations in Paragraph 300 of the Consolidated Complaint, except admit that Defendant Ragan made certain statements during a conference call on August 8, 2019. Defendants further state that the allegations in Paragraph 300 purport to characterize the statements made by Defendant Ragan and

respectfully refer the Court to the transcript of the August 8, 2019 conference call for a true, correct and complete statement of its contents.

301. Defendants deny the allegations in Paragraph 301 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 300 and 195 as set forth herein.

302. Defendants admit that Resideo held a conference call on August 8, 2019 in which the Company was asked questions about its business. Defendants further state that the allegations in Paragraph 302 of the Consolidated Complaint purport to characterize statements made by Defendant Nefkens and a third party and respectfully refer the Court to the transcript of the August 9, 2019 conference call for a true, correct and complete statement of its contents.

303. Defendants deny the allegations in Paragraph 303 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 302 and 134–146 as set forth herein.

304. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 304 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

**F.      Resideo Initiates a Comprehensive Operational and Financial Review and is Forced to Admit a Slowdown in the RTS and Comfort Businesses**

305.    Defendants deny the allegations in Paragraph 305 of the Consolidated Complaint, except admit that Resideo announced its financial results for the third quarter of 2019 on October 22, 2019.  Defendants further state that the allegations in Paragraph 305 of the Consolidated Complaint purport to characterize the statements made in the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

306.    Defendants admit that Resideo announced the departure of Defendant Ragan on the same day as it announced the Company's third quarter 2019 financial results. Defendants further state that to the extent that the allegations in Paragraph 306 purport to characterize the departure of Defendant Ragan, Defendants deny those allegations and respectfully refer the Court to the October 23, 2019 Form 8-K filed with the SEC for a true, correct and complete statement of its contents.

307.    Defendants deny the allegations in Paragraph 307 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 307 purport to characterize the statements made in the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

308.    Defendants deny the allegations in Paragraph 308 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 308 purport to characterize the statements made in the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

309. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 of the Consolidated Complaint regarding what CW3 "states." Defendants otherwise deny the allegations in Paragraph 309 of the Consolidated Complaint.

310. Defendants deny the allegations in Paragraph 310 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 310 purport to characterize the statements made in the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

311. Defendants deny the allegations in Paragraph 311 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 310 and 99–116 as set forth herein.

312. Defendants deny the allegations in Paragraph 312 of the Consolidated Complaint, except admit that Resideo announced third quarter EBITDA in a press release on October 22, 2019. Defendants further state that the allegations in Paragraph 312 purport to characterize the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

313. Defendants deny the allegations in Paragraph 313 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 91–172 as set forth herein. Defendants further state that the allegations in Paragraph 313 of the Consolidated Complaint purport to characterize statements made in the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

## VII.    THE TRUTH IS DISCLOSED

314.    Defendants admit that Resideo issued a press release summarizing Resideo's third quarter 2019 results and filed a Form 8-K with the SEC on November 6, 2019. Defendants further state that the allegations contained in Paragraph 314 of the Consolidated Complaint purport to characterize the November 6, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents. Defendants otherwise deny the allegations in Paragraph 314 of the Consolidated Complaint.

315.    Defendants deny the allegations in Paragraph 315 of the Consolidated Complaint, except admit that Resideo held an earnings call on November 7, 2019 to discuss its Q3 2019 results and that supply chain and value engineering issues were discussed on that earnings call.  Defendants also admit that Defendant Nefkens made certain statements regarding value engineering during an earnings call on November 7, 2019.  Defendants further state that the allegations in Paragraph 315 of the Consolidated Complaint purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

316.    Defendants deny the allegations in Paragraph 316 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019.  Defendants further state that the allegations in Paragraph 316 of the Consolidated Complaint purport to characterize the statements made

by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

317. Defendants deny the allegations in Paragraph 317 of the Consolidated Complaint, and incorporate by reference their response to Paragraph 101 as set forth herein. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 regarding what CW3 "noted."

318. Defendants deny the allegations in Paragraph 318 of the Consolidated Complaint.

319. Defendants deny the allegations in Paragraph 319 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019. Defendants further state that the allegations in Paragraph 319 of the Consolidated Complaint purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

320. Defendants deny the allegations in Paragraph 320 of the Consolidated Complaint, and incorporate by reference their responses to Paragraph 184 as set forth herein. Defendants further state that the allegations in Paragraph 319 of the Consolidated Complaint purport to characterize statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320 regarding the purported statements and observations made by CW3.

321. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 321 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

322. Defendants deny the allegations in Paragraph 322 of the Consolidated Complaint, except admit that Resideo's common stock closed at: $9.78 per share on November 7, 2019, $9.60 per share on November 8, 2019, and $9.02 per share on November 11, 2019.

## VIII. POST-CLASS PERIOD DEVELOPMENTS

323. Defendants deny the allegations in Paragraph 323 of the Consolidated Complaint, except admit that Resideo announced that Defendant Nefkens would be leaving his role at Resideo on December 2, 2019. Defendants further state that the allegations in Paragraph 323 of the Consolidated Complaint purport to characterize an announcement and respectfully refer the Court to the announcement for a true, correct and complete statement of its contents. Defendants further state that the allegations in Paragraph 323 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

324. Defendants deny the allegations in Paragraph 324 of the Consolidated Complaint, except admit that Resideo presented at an investor conference on December 11, 2019. Defendants further state that the allegations in Paragraph 324 purport to

characterize an investor presentation and respectfully refer the Court to the presentation itself for a true, correct and complete statement of its contents.

325. Defendants deny the allegations in Paragraph 325 of the Consolidated Complaint, except admit that Robert Ryder presented at an investor conference on December 11, 2019, and incorporate by reference their responses to Paragraphs 11–12, 94–98, and 187–188 as set forth herein. Defendants further state that the allegations in Paragraph 325 of the Consolidated Complaint purport to characterize an investor presentation and respectfully refer the Court to the presentation itself for a true, correct and complete statement of its contents.

326. Defendants deny the allegations in Paragraph 326 of the Consolidated Complaint.

327. Defendants deny the allegations in Paragraph 327 of the Consolidated Complaint, except admit that Resideo issued a press release providing fourth quarter and full year results for 2019 on February 26, 2020. Defendants further state that the allegations in Paragraph 327 of the Consolidated Complaint purport to characterize the February 26, 2020 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

328. Defendants deny the allegations in Paragraph 328 of the Consolidated Complaint, except admit that Resideo held an earnings call on February 27, 2020 at which Nefkens, Ryder, and Andy Teich were present, and incorporate by reference their responses to Paragraph 190 as set forth herein. Defendants further state that the allegations in Paragraph 328 of the Consolidated Complaint purport to characterize statements made by

67

Andy Teich and respectfully refer the Court to the transcript of the February 27, 2020 earnings call for a true, correct and complete statement of its contents.

## IX. DEFENDANTS ACTED WITH SCIENTER WHEN THEY MADE OR CAUSED TO BE MADE MATERIAL MISSTATEMENTS OR OMISSIONS IN VIOLATION OF SECTION 10(B) OF THE EXCHANGE ACT

329. Defendants state that Paragraph 329 of the Consolidated Complaint contains legal conclusions as to which no response is required. To the extent that any response is required, Defendants deny the allegations in Paragraph 329 of the Consolidated Complaint.

### A. Nefkens and Ragan Participated Directly in Periodic Reviews of Resideo's Individual Products, Were Personally Involved in New Product Introductions and in Addressing Supply Chain Issues and Directed the Concealment of Negative Information

#### 1. Nefkens and Ragan Instructed Resideo Employees to Conceal Negative Information

330. Defendants deny that any annual meeting occurred in Orlando, Florida in or around January 2019. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 of the Consolidated Complaint regarding the statements and observations made by CW3.

331. Defendants deny that any annual meeting occurred in Orlando, Florida in or around January 2019. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331 of the Consolidated Complaint regarding the statements and observations made by CW3.

332. Defendants deny that any annual meeting occurred in Orlando, Florida in or around January 2019. Defendants further deny that Scott Harkins provided any such

instruction regarding the use of WhatsApp. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332 of the Consolidated Complaint regarding the statements and observations made by CW3.

333. Defendants deny that any annual meeting occurred in Orlando, Florida in or around January 2019. Defendants further deny that Scott Harkins provided any such instruction regarding the use of WhatsApp and deny that such instruction came from the leadership team. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333 of the Consolidated Complaint regarding the statements and observations made by CW3.

334. Defendants deny the allegations in Paragraph 334 of the Consolidated Complaint.

### 2. Nefkens' "Skip-Level" Meeting

335. Defendants deny the allegations in Paragraph 335 of the Consolidated Complaint, except admit that Defendant Nefkens attended Resideo meetings in which the supply chain issues were discussed. Defendants lack knowledge or information sufficient to form a belief as to the information available to Honeywell's C-suite executives. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements and observations made by CW2 or CW4.

### 3. Nefkens' Position at Honeywell Prior to the Spin-Off

336. Defendants deny the allegations in Paragraph 336 of the Consolidated Complaint, except admit that Defendant Nefkens or his direct reports attended calls during which performance indicators were discussed.

### 4.    Nefkens' Involvement in Project STORM

337.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337 of the Consolidated Complaint regarding statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 337 of the Consolidated Complaint.

338.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338 of the Consolidated Complaint regarding statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 338 of the Consolidated Complaint.

339.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339 of the Consolidated Complaint regarding statements and observations made by CW15. Defendants otherwise deny the allegations in Paragraph 339 of the Consolidated Complaint.

340.    Defendants deny the allegations in Paragraph 340 of the Consolidated Complaint, except admit that Edgar Tu, Scott Harkins, and Defendant de Masi served as senior officers of Resideo.

341.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341 of the Consolidated Complaint regarding statements and observations made by CW9. Defendants otherwise deny the allegations in Paragraph 341 of the Consolidated Complaint, except admit, on information and belief, that A.J. Smith served as the Vice President of Home Comfort, Nate Craft served as the

Head of Product of Global Connected Home, and David Quam served as the Global Director of Connected Services.

342. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342 of the Consolidated Complaint regarding statements and observations made by CW9. Defendants otherwise deny the allegations in Paragraph 342 of the Consolidated Complaint.

**B.     The GRIP Project Managing Engineers Continuously Informed Senior Management of Serious Problems With its Development**

343. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343 of the Consolidated Complaint regarding the purported statements and observations made by CW8, and incorporate by reference their response to Paragraph 143 as set forth herein. Defendants otherwise deny the allegations in Paragraph 343 of the Consolidated Complaint, except admit, on information and belief, that Brian Beale has served as Resideo's Director of Software Engineering from January 2019 to the present and that Laurent Legris served as Vice President of Engineering for Security.

344. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 344 of the Consolidated Complaint regarding the purported statements and observations made by CW8. Defendants otherwise deny the allegations in Paragraph 344 of the Consolidated Complaint, except admit, on information and belief, that Laurent Legris reported to Edgar Tu.

71

345.    Defendants deny the allegations in Paragraph 345 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 345 purport to quote from earnings call transcripts and respectfully refer the Court to those transcripts for a true, correct and complete statement of their contents.

**C.    Defendants Made Inconsistent Statements Regarding the Rollout of the Project GRIP Product For ADT, All of Which Were Belied by the Concealed Facts**

346.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346 of the Consolidated Complaint.

347.    Defendants deny the allegations in Paragraph 347 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 347 purport to characterize statements made in various press releases, earnings calls, and investor presentations, and respectfully refer the Court to those press releases, earnings calls transcripts, and investor presentations for a true, correct and complete statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 347 regarding the purported statements and observations made by CW3, and incorporate by reference their responses to Paragraphs 134–146 as set forth herein.

348.    Defendants deny the allegations in Paragraph 348 of the Consolidated Complaint.

72

**D.    Defendants Demonstrated in Their Public Representations Direct and Detailed Knowledge of the Issues to Which All Alleged Undisclosed Facts Pertained**

349.    Defendants deny the allegations in Paragraph 349 of the Consolidated Complaint, except admit that Defendants spoke to investors and analysts prior to and throughout the Class Period regarding Resideo's products.

### 1.    Resideo's Supply Chain

350.    Defendants deny the allegations in Paragraph 350 of the Consolidated Complaint, except admit that Resideo encountered supply chain issues following the Spin-Off.  Defendants further state that the allegations in Paragraph 350 purport to characterize statements made by Defendants Nefkens and Ragan and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

### 2.    Resideo's Financial Guidance

351.    Defendants deny the allegations in Paragraph 351 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 351 purport to characterize statements made by Defendants Nefkens and Ragan and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

352.    Defendants deny the allegations in Paragraph 352 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call in August 2019.  Defendants further state that the allegations in Paragraph 352 purport to characterize the statements made by Defendants Nefkens and respectfully

refer the Court to the transcript of the August 2019 earnings call for a true, correct and complete statement of its contents.

### 3.    Resideo's New Product Introductions

353.    Defendants deny the allegations in Paragraph 353 of the Consolidated Complaint, except admit that Defendant Nefkens introduced new products on behalf of Resideo.  Defendants further state that the allegations in Paragraph 353 purport to characterize statements made by Defendant Nefkens and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

354.    Defendants deny the allegations in Paragraph 354 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on March 7, 2019.  Defendants further state that the allegations in Paragraph 354 purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the March 7, 2019 earnings call for a true, correct and complete statement of its contents.

355.    Defendants deny the allegations in Paragraph 355 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on May 9, 2019.  Defendants further state that the allegations in Paragraph 355 purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the May 9, 2019 earnings call for a true, correct and complete statement of its contents.

356.    Defendants deny the allegations in Paragraph 356 of the Consolidated Complaint, except admit that Defendant Ragan made certain statements during an earnings

call on August 8, 2019. Defendants further state that the allegations in Paragraph 356 purport to characterize the statements made by Defendant Ragan and respectfully refer the Court to the transcript of the August 8, 2019 earnings call for a true, correct and complete statement of its contents.

357. Defendants deny the allegations in Paragraph 357 of the Consolidated Complaint, and incorporate by reference their response to Paragraph 285 as set forth herein.

358. Defendants deny the allegations in Paragraph 358 of the Consolidated Complaint, except admit that Defendants shared information with investors and analysts during the Class Period through investor conference calls, SEC filings, and industry and investor events.

E.    **The Defendants Made Admissions as to the Causes of The Significant 2019 Shortfalls in Financial Results Only Upon the End of the Class Period, the Vast Majority of Which They Were Aware of *Before the Spin-Off***

359. Defendants deny the allegations in Paragraph 359 of the Consolidated Complaint, except admit that Defendants made statements regarding Resideo's financial results after the end of the Class Period.

360. Defendants deny the allegations in Paragraph 360 of the Consolidated Complaint, except admit that the October 22, 2019 press release discussed factors contributing to business declines. Defendants further state that the allegations in Paragraph 360 purport to quote from or characterize the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

75

361. Defendants deny the allegations in Paragraph 361 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 361 purport to quote from or characterize the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

362. Defendants deny the allegations in Paragraph 362 of the Consolidated Complaint, except admit that the October 22, 2019 press release discussed the RTS slowdown. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the alleged statements and observations made by CW3. Defendants further state that the allegations in Paragraph 362 purport to quote from or characterize the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

363. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 of the Consolidated Complaint regarding the purported statements and observations made by CW3. Defendants otherwise deny the allegations in Paragraph 363 of the Consolidated Complaint.

364. Defendants deny the allegations in Paragraph 364 of the Consolidated Complaint.

365. Defendants deny the allegations in Paragraph 365 of the Consolidated Complaint, except admit that Defendant Nefkens discussed the October 22, 2019 press release and quarterly results during the November 7, 2019 earnings call. Defendants further state that the allegations in Paragraph 365 purport to quote from or characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of

the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

366. Defendants deny the allegations in Paragraph 366 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during earnings calls in May and August 2019. Defendants further state that the allegations in Paragraph 366 purport to quote from or characterize statements made by Defendant Nefkens during earnings calls in May and August 2019 and respectfully refer the Court to the statements themselves true, correct and complete statement of their contents.

367. Defendants deny the allegations in Paragraph 367 of the Consolidated Complaint, except admit that Defendant Nefkens and Robert Ryder made certain statements during an earnings call on November 7, 2019. Defendants further state that the allegations in Paragraph 367 purport to quote from or characterize statements made by Defendant Nefkens and Robert Ryder and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

368. Defendants deny the allegations in Paragraph 368 of the Consolidated Complaint.

369. Defendants deny the allegations in Paragraph 369 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019. Defendants further state that the allegations in Paragraph 369 purport to quote from or characterize statements made by Defendant Nefkens and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

370.    Defendants deny the allegations in Paragraph 370 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019.  Defendants further state that the allegations in Paragraph 370 purport to quote from or characterize statements made by Defendant Nefkens and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

371.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371 of the Consolidated Complaint regarding the purported statements and observations made by CW10, and incorporate by reference their response to Paragraph 118 as set forth herein.  Defendants otherwise deny the allegations in Paragraph 371 of the Consolidated Complaint.

372.    Defendants deny the allegations in Paragraph 372 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019.  Defendants further state that the allegations in Paragraph 372 purport to quote from or characterize statements made by Defendant Nefkens and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

373.    Defendants deny the allegations in Paragraph 373 of the Consolidated Complaint, and incorporate by reference their response to Paragraph 260 as set forth herein.

374.    Defendants deny the allegations in Paragraph 374 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019.  Defendants further state that the allegations in

Paragraph 374 purport to characterize the statements made by Defendant Nefkens and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 of the Consolidated Complaint regarding the purported statements and observations made by CW3, and incorporate by reference their responses to Paragraphs 156–170 as set forth herein.

375. Defendants deny the allegations in Paragraph 375 of the Consolidated Complaint, and incorporate by reference their response to Paragraph 166 as set forth herein. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375 of the Consolidated Complaint regarding the purported statements and observations made by CW3, CW11, and CW12.

376. Defendants deny the allegations in Paragraph 376 of the Consolidated Complaint, except admit that Robert Ryder made certain statements during an Investor Conference on December 11, 2019. Defendants further state that the allegations in Paragraph 376 of the Consolidated Complaint purport to characterize the statements made by Robert Ryder and respectfully refer the Court to the transcript of the December 11, 2019 Investor Conference for a true, correct and complete statement of its contents.

377. Defendants deny the allegations in Paragraph 377 of the Consolidated Complaint, except admit that Robert Ryder made certain statements during an Investor Conference on December 11, 2019. Defendants further state that the allegations in Paragraph 377 of the Consolidated Complaint purport to characterize the statements made

by Robert Ryder and respectfully refer the Court to the transcript of the December 11, 2019 Investor Conference for a true, correct and complete statement of its contents.

378.   Defendants deny the allegations in Paragraph 378 of the Consolidated Complaint.

379.   Defendants deny the allegations in Paragraph 379 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 11–12, 94–98, and 187–188 as set forth herein.

380.   Defendants deny the allegations in Paragraph 380 of the Consolidated Complaint.

381.   Defendants deny the allegations in Paragraph 381 of the Consolidated Complaint, and incorporate by reference their responses to Paragraphs 91–116 as set forth herein.   Defendants further state that the allegations in Paragraph 381 purport to characterize certain statements made by Robert Ryder after the Class Period and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

382.   Defendants deny the allegations in Paragraph 382 of the Consolidated Complaint, except admit that Robert Ryder made certain statements during an Investor Conference on December 11, 2019.   Defendants further state that the allegations in Paragraph 382 of the Consolidated Complaint purport to characterize the statements made by Robert Ryder and respectfully refer the Court to the transcript of the December 11, 2019 Investor Conference for a true, correct and complete statement of its contents.

383.   Defendants deny the allegations in Paragraph 383 of the Consolidated Complaint, and incorporate by reference their response to Paragraph 190 as set forth herein.

**F.     Nefkens' and Ragan's Sudden Departure Supports a Strong Inference of Scienter**

384.   Defendants deny the allegations in Paragraph 384 of the Consolidated Complaint, except admit that Resideo announced plans for a comprehensive operational and financial review on October 22, 2019.  Defendants further state that the allegations in Paragraph 384 purport to quote from October 22, 2019 press releases and respectfully refer the Court to the press releases for a true, correct and complete statement of their contents.

385.   Defendants deny the allegations in Paragraph 385 of the Consolidated Complaint, except admit that on December 2, 2019, Resideo announced the departure of Defendant Nefkens and respectfully refer the Court to the December 2, 2019 press release for a true, correct and complete statement of its contents.

**G.     Nefkens' and Ragan's Misrepresentations Were Quickly Uncovered by Resideo's New Management**

386.   Defendants deny the allegations in Paragraph 386 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 386 purport to characterize statements made by Robert Ryder at an investor conference and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

387.   Defendants deny the allegations in Paragraph 387 of the Consolidated Complaint, except admit that Robert Ryder made certain post-Class Period statements. Defendants further state that the allegations in Paragraph 387 purport to characterize

statements made by Robert Ryder and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

388. Defendants deny the allegations in Paragraph 388 of the Consolidated Complaint, except admit that Robert Ryder made certain post-Class Period statements. Defendants further state that the allegations in Paragraph 388 purport to quote from or characterize statements made by Robert Ryder and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

## X.    LOSS CAUSATION

389. The allegations contained in Paragraph 389 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 389 of the Consolidated Complaint.

390. The allegations contained in Paragraph 390 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 390 of the Consolidated Complaint.

391. The allegations contained in Paragraph 391 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 391 of the Consolidated Complaint.

392. Defendants deny the allegations in Paragraph 392 of the Consolidated Complaint.

393.    Defendants deny the allegations in Paragraph 393 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 393 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

394.    Defendants deny the allegations in Paragraph 394 of the Consolidated Complaint.

**A.    March 7, 2019 Corrective Disclosure and/or Materialization of Risk**

395.    Defendants deny the allegations in Paragraph 395 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 395 purport to characterize statements made in the March 7, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

396.    Defendants deny the allegations in Paragraph 396 of the Consolidated Complaint.

397.    Defendants deny the allegations in Paragraph 397 of the Consolidated Complaint, except admit that Defendants made certain statements during a March 7, 2019 earnings call.  Defendants further state that the allegations in Paragraph 397 purport to quote from or characterize Resideo's March 7, 2019 press release and respectfully refer the Court to the press release for the true, correct and complete statement of its contents.

398.    Defendants deny the allegations in Paragraph 398 of the Consolidated Complaint.  Defendants further state that the allegations in Paragraph 398 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

**B.        August 7-14 Corrective Disclosures and/or Materialization of Risks**

399.    Defendants deny the allegations in Paragraph 399 of the Consolidated Complaint, except to the extent that the Company's August 7, 2019 press release speaks for itself.    Defendants further state that the allegations in Paragraph 399 purport to characterize statements made by Defendants during an August 8, 2019 earnings call and respectfully refer the Court to the transcript of the call for a true, correct and complete statement of its contents.

400.    Defendants deny the allegations in Paragraph 400 of the Consolidated Complaint.

401.    Defendants deny the allegations in Paragraph 401 of the Consolidated Complaint.

402.    Defendants deny the allegations in Paragraph 402 of the Consolidated Complaint, except admit that Resideo's common stock closed at $16.45 per share on August 9, 2019 and $15.59 per share on August 12, 2019.

403.    Defendants deny the allegations in Paragraph 403 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on August 8, 2019.    Defendants further state that the allegations in Paragraph 403 purport to characterize statements made by Defendant Nefkens during the August 8, 2019 earnings call and respectfully refer the Court to the transcript of the earnings call for a true, correct and complete statement of its contents.

404.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 404 of the Consolidated Complaint.    Defendants

84

further state that the allegations in Paragraph 404 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

405. Defendants deny the allegations in Paragraph 405 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 405 purport to characterize statements made by Resideo and third parties in various earnings calls and analyst reports and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

406. Defendants deny the allegations in Paragraph 406 of the Consolidated Complaint, except admit that Resideo's common stock closed at $15.31 per share on August 13, 2019 and closed at $14.64 per share on August 14, 2019.

407. Defendants deny the allegations in Paragraph 407 of the Consolidated Complaint, except admit that Oppenheimer issued an analyst report on August 12, 2019 concerning Resideo. Defendants further state that the allegations in Paragraph 407 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

**C.    October 22, 2019 Corrective Disclosure and/or Materialization of Risk**

408. Defendants deny the allegations in Paragraph 408 of the Consolidated Complaint, except admit that the Company issued a press release on October 22, 2019. Defendants further state that the allegations in Paragraph 408 purport to quote from the October 22, 2019 press release and respectfully refer the Court to the press release for a true, correct and complete statement of its contents.

85

409. Defendants deny the allegations in Paragraph 409 of the Consolidated Complaint.

410. Defendants deny the allegations in Paragraph 410 of the Consolidated Complaint, except to the extent the October 22, 2019 press releases speak for themselves.

411. Defendants deny the allegations in Paragraph 411 of the Consolidated Complaint.

412. Defendants deny the allegations in Paragraph 412 of the Consolidated Complaint. Defendants further state that the allegations in Paragraph 412 purport to characterize statements made by third parties and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

**D.    November 7, 2019 Corrective Disclosure and/or Materialization of Risk**

413. Defendants deny the allegations in Paragraph 413 of the Consolidated Complaint.

414. Defendants deny the allegations in Paragraph 414 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements in an earnings call on November 7, 2019. Defendants further state that the allegations in Paragraph 414 purport to characterize Defendant Nefkens' statements and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

415. Defendants deny the allegations in Paragraph 415 of the Consolidated Complaint, except to the extent the November 7, 2019 earnings call transcript speaks for itself.

416.    Defendants deny the allegations in Paragraph 416 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019.  Defendants further state that the allegations in Paragraph 416 purport to characterize Defendant Nefkens' statements and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

417.    Defendants deny the allegations in Paragraph 417 of the Consolidated Complaint.

418.    Defendants deny the allegations in Paragraph 418 of the Consolidated Complaint.

419.    Defendants deny the allegations in Paragraph 419 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019.  Defendants further state that the allegations in Paragraph 419 purport to characterize Defendant Nefkens' statements and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.

420.    Defendants deny the allegations in Paragraph 420 of the Consolidated Complaint, except admit that Defendant Nefkens made certain statements during an earnings call on November 7, 2019.  Defendants further state that the allegations in Paragraph 420 purport to characterize Defendant Nefkens' statements and respectfully refer the Court to the transcript of the November 7, 2019 earnings call for a true, correct and complete statement of its contents.  Defendants lack knowledge or information

87

sufficient to form a belief as to the truth of the allegations in Paragraph 420 of the Consolidated Complaint regarding the purported statements and observations made by CW3.

421. Defendants deny the allegations in Paragraph 421 of the Consolidated Complaint.

422. Defendants deny the allegations in Paragraph 422 of the Consolidated Complaint, except admit that Resideo's common stock closed at $9.60 per share on November 8, 2019, and closed at $9.02 per share on November 11, 2019.

**E.   Cumulative Effect of the Partial Corrective Disclosures and/or Materialization of Risks**

423. Defendants deny the allegations in Paragraph 423 of the Consolidated Complaint.

424. Defendants deny the allegations in Paragraph 424 of the Consolidated Complaint.

425. Defendants deny the allegations in Paragraph 425 of the Consolidated Complaint.

426. Defendants deny the allegations in Paragraph 426 of the Consolidated Complaint.

427. Defendants deny the allegations in Paragraph 427 of the Consolidated Complaint.

428. Defendants deny the allegations in Paragraph 428 of the Consolidated Complaint.

429.    The allegations contained in Paragraph 429 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 429 of the Consolidated Complaint.

## XI.    PRESUMPTION OF RELIANCE

430.    The allegations contained in Paragraph 430 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 430 of the Consolidated Complaint.

431.    The allegations contained in Paragraph 431 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 431 of the Consolidated Complaint.

432.    The allegations contained in Paragraph 432 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 432 of the Consolidated Complaint.

## XII.    INAPPLICABILITY OF THE STATUTORY SAFE HARBOR AND BESPEAKS CAUTION DOCTRINE

433.    The allegations contained in Paragraph 433 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent a

response is required, Defendants deny the allegations in Paragraph 433 of the Consolidated Complaint.

434.    The allegations contained in Paragraph 434 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 434 of the Consolidated Complaint.

## XIII.   CLASS ACTION ALLEGATIONS

435.    The allegations in Paragraph 435 of the Consolidated Complaint set forth Plaintiff's characterization of its claims in this action to which no responsive pleading is required.

436.    The allegations contained in Paragraph 436 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 436 of the Consolidated Complaint.

437.    The allegations contained in Paragraph 437 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 437 of the Consolidated Complaint.

438.    The allegations contained in Paragraph 438 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 438 of the Consolidated Complaint.

439.    The allegations contained in Paragraph 439 of the Consolidated Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 439 of the Consolidated Complaint.

## XIV.  CLAIMS FOR RELIEF

### COUNT I
### For Violations of Section 10(b) of the Exchange Act and Rule 10b-5
### Against All Defendants

440.    Defendants repeat each of the foregoing responses.

441.    Defendants deny the allegations in Paragraph 441 of the Consolidated Complaint.

442.    Defendants deny the allegations in Paragraph 442 of the Consolidated Complaint.

443.    Defendants deny the allegations in Paragraph 443 of the Consolidated Complaint.

444.    Defendants deny the allegations in Paragraph 444 of the Consolidated Complaint.

445.    Defendants deny the allegations in Paragraph 445 of the Consolidated Complaint.

446.    Defendants deny the allegations in Paragraph 446 of the Consolidated Complaint.

447.    Defendants deny the allegations in Paragraph 447 of the Consolidated Complaint.

448.   Defendants deny the allegations in Paragraph 448 of the Consolidated Complaint.

449.   Defendants deny the allegations in Paragraph 449 of the Consolidated Complaint.

## COUNT II
### For Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

450.   Defendants repeat each of the foregoing responses.

451.   Defendants deny the allegations in Paragraph 451 of the Consolidated Complaint.

452.   Defendants deny the allegations in Paragraph 452 of the Consolidated Complaint.

453.   Defendants deny the allegations in Paragraph 453 of the Consolidated Complaint.

454.   Defendants deny the allegations in Paragraph 454 of the Consolidated Complaint.

455.   Defendants deny the allegations in Paragraph 455 of the Consolidated Complaint.

## XV.   PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief contains statements to which no responsive pleading is required.  Defendants deny that Plaintiffs are entitled to any damages or any other of the relief requested.

92

## XVI.  JURY DEMAND

Plaintiffs' Jury Demand contains statements to which no responsive pleading is required.

### GENERAL DENIAL

Defendants deny each and every allegation in the Consolidated Complaint, except as expressly admitted or otherwise stated above.

### AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing denials, Defendants assert the following defenses.  By asserting these defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Private Securities Litigation Reform Act of 1995.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the substance of the information Plaintiffs allege was omitted or misrepresented was disclosed in Resideo's public disclosures or was otherwise known to the markets and/or Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

93

Plaintiffs' claims are barred because Plaintiffs cannot show loss causation.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs are not entitled to a presumption of reliance and have otherwise failed to adequately plead reliance on any alleged misrepresentation or omission.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered any damages or injury resulting from any act or omission of the Defendants.  In the alternative, Plaintiffs' claims are barred, in whole or in part, because the damages alleged in the Consolidated Complaint are speculative, remote, and/or not subject to proof or allocation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs cannot show that the Defendants acted with scienter.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs do not have standing to assert the claims in the Consolidated Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not properly maintainable as class action claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not adequate class action representatives.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs did not act with due diligence.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Defendants acted in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Defendants did not know, or by using reasonable care could not have known, of any falsity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because certain allegedly untrue statements of material facts or omissions of material fact were identified as forward-looking statements, and were accompanied by meaningful cautionary statements, or were immaterial, or were not made with actual knowledge that the statements were false or misleading.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the "Bespeaks Caution" doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Should Plaintiffs recover damages from Defendants, Defendants are entitled to indemnification or contribution, either in whole or in part, from all persons or entities who caused Plaintiffs' damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

95

Defendants adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant to the extent that Defendants may share in such a defense.

## RESERVATION OF RIGHTS

This Answer is based on information currently available to Defendants. Defendants reserve the right to assert additional affirmative defenses to the extent they become known through discovery or otherwise following the date of this Answer. Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this action.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury in this action on all issues so triable.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, against Plaintiffs, as follows:

a.  a judgment denying all relief against them on all counts;

b.  awarding them their reasonable attorneys' fees and costs; and

c.  for such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of April, 2021.

/s/ Jerry W. Blackwell
Jerry W. Blackwell (MN #186867)
G. Tony Atwal (MN #331636)
**BLACKWELL BURKE P.A.**
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Telephone: (612) 343-3200
blackwell@blackwellburke.com
tatwal@blackwellburke.com

*Defendants' Liaison Counsel*

/s/ Tariq Mundiya
Tariq Mundiya (*pro hac vice*)
Charles D. Cording (*pro hac vice*)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
tmundiya@willkie.com
ccording@willkie.com

Nicholas Reddick (*pro hac vice*)
**WILLKIE FARR & GALLAGHER LLP**
1875 K Street, N.W.
Washington, DC 20006
Telephone: (202) 303-1000
nreddick@willkie.com

*Counsel for Defendants Resideo Technologies, Inc., Michael Nefkens, Joseph Ragan III, and Niccolo de Masi*

97