UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION | CASE NO. 19-CV-02863 (WMW/KMM) |

**[PROPOSED] AGREED ORDER
REGARDING IDENTITY OF CONFIDENTIAL WITNESSES**

Lead Plaintiffs The Gabelli Asset Fund, The Gabelli Dividend & Income Trust, The The Gabelli Focused Growth and Income Fund f/k/a The Gabelli Focus Five Fund, The Gabelli Multimedia Trust Inc., The Gabelli Value 25 Fund Inc., GAMCO International SICAV, and GAMCO Asset Management Inc., (the "Gabelli Plaintiffs"); Naya 1740 Fund Ltd., Naya Coldwater Fund Ltd., Naya Master Fund LP and Nayawood LP (the "Naya Group"); Additional Plaintiff Oklahoma Firefighters Pension and Retirement System ("Oklahoma Fire,") and together with the Gabelli Plaintiffs and Naya Group, ("Plaintiffs"); and Defendants Resideo Technologies, Inc., Michael G. Nefkens, Joseph D. Ragan III and Niccolo de Masi (collectively, "Defendants"), by and through their respective counsel, have conferred and made certain agreements to facilitate discovery in this litigation. Those agreements are reflected herein, and the Parties have jointly requested that this Court enter this order.

WHEREAS, Plaintiffs' Consolidated Amended Complaint for Violations of the Federal Securities Laws (ECF 51 "CAC") states that the facts and allegations contained therein were based, in part, on information and documents provided by, and one or more

interviews conducted with, fifteen Confidential Witnesses, each of whom was alleged to be at the relevant time an employee of Defendant Resideo and/or Honeywell International Inc., with personal knowledge of the matters set forth in the CAC. ECF 51 at page 2, n.2, page 23 *et seq.*, Appendix B.

WHEREAS, Plaintiffs have not determined which, if any, of the Confidential Witnesses they may call at trial.

WHEREAS, Defendants state they need the identity of the Confidential Witnesses to prepare for trial.

WHEREAS, voluntary cooperation by former employees with investigations into allegations of securities fraud by former employers and colleagues promotes the interests of justice.

WHEREAS, apprehended or actual retaliation against cooperating witnesses by former employers and colleagues, or by other employers within an industry may deter such cooperation by other witnesses in the same or other matters.

WHEREAS, Plaintiffs state they have provided the names and addresses of each of the fifteen Confidential Witnesses among the persons with discoverable information included in their Rule 26(a) initial disclosures, but have not specifically identified which persons are the Confidential Witnesses.

WHEREAS, the Parties have conferred and agreed on a procedure for specifically identifying Confidential Witnesses while protecting them from possible retaliation, consistent with Fed. R. Civ. P. 26(b) and (c).

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Within three business days of the date this order is entered by the Court, Plaintiffs shall provide Defendants with a list matching the names of the Confidential Witnesses to their designations in the CAC.

2. The list and the information contained therein shall be designated "Confidential Attorney Eyes Only Discovery Material" pursuant to the Parties' Stipulation and Protective Order governing the exchange of confidential information in this Action.

3. For the avoidance of doubt, Defendants: (i) shall not use or disclose the information provided about the identities of the Confidential Witnesses for any purpose other than the defense of this litigation; (ii) shall not disclose to the Confidential Witnesses' current, former or prospective employers, or their agents, other than attorneys serving as internal or external counsel for the Defendants in this litigation, the fact that the Confidential Witness voluntarily assisted in Plaintiffs' counsel's investigation in this matter; and (iii) shall not take any action adverse to any of the Confidential Witnesses on account of their voluntary assistance in Plaintiffs' counsel's investigation in this matter.

4. Nothing herein shall prohibit Defendants from seeking third-party discovery from any of the Confidential Witnesses identified to the fullest extent permitted by the Federal Rules of Civil Procedure.

4

**SO ORDERED** this _____ day of _____, 2021:


_____
Hon. Katherine M. Menendez.,
United States Magistrate Judge