## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION

Case No. 19-cv-02863 (WMW/KMM)

**CLASS ACTION**

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action entitled *In re Resideo Technologies, Inc. Securities Litigation*, No. 19-cv-02863 (WMW/KMM) (the "Action") is pending in this Court;

WHEREAS, (a) Lead Plaintiffs The Gabelli Asset Fund, The Gabelli Dividend & Income Trust, Gabelli Focused Growth and Income Fund f/k/a The Gabelli Focus Five Fund, The Gabelli Multimedia Trust Inc., The Gabelli Value 25 Fund Inc., GAMCO International SICAV, GAMCO Asset Management Inc. (collectively, the "Gabelli Group"), Naya 1740 Fund Ltd., Naya Coldwater Fund Ltd., Naya Master Fund LP and Nayawood LP (collectively, the "Naya Group" and, together with the Gabelli Group, "Lead Plaintiffs") and additional Plaintiff Oklahoma Firefighters Pension and Retirement System (collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the proposed Settlement Class on the one hand; and (b) defendants Resideo Technologies, Inc. ("Resideo" or the "Company"), Michael G. Nefkens, Joseph D. Ragan III and Niccolo de Masi (collectively, "Defendants") on the other, have entered into a Stipulation and

Agreement of Settlement dated August 17, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action, as well as a complete release of all claims that could have been asserted against them and the other Released Defendant Parties by each other, by Plaintiffs, or by any other member of the Settlement Class, on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have moved, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW, THEREFORE, PURSUANT TO FED. R. CIV. P. 23(e)(1), IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a class consisting of all persons and entities who or which purchased or otherwise acquired the common stock of Resideo during the period from

October 15, 2018 through November 6, 2019, inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) Honeywell; (iii) the officers and directors of Defendants and Honeywell during the Class Period; (iv) Immediate Family of the Individual Defendants and of the excluded officers and directors; (v) any entity in which any Defendant, any excluded officer or director, or any member of their Immediate Family has or had a controlling interest; (vi) any affiliates, parents or subsidiaries of the Defendants and Honeywell; (vii) the legal representatives, agents, affiliates, heirs, successors or assigns of any of the foregoing, in their capacities as such; and (viii) those who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth in the Notice, or who are otherwise excluded by the Court.

2. **<u>Class Findings</u>** – Pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, the Court finds that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds for settlement purposes only that each element required for certification of the Settlement Class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure has been met or will likely be met: (1) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (4) Lead Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class. The Court also finds for settlement purposes only pursuant to Rule 23(b)(3) that common issues of law and fact

predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Co-Lead Counsel Entwistle & Cappucci LLP and Labaton Sucharow LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court  hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court will hold a hearing (the "Settlement  Hearing") on November 29, 2021 at 11:00 a.m., either in person at the United States District Court for the District of Minnesota, Courtroom 7A, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101, or by telephone or video conference (at the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be finally approved by the Court; (b) to

4

determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with modifications, if appropriate, without further notice to the Settlement Class.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class.   If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on a website to be developed for the Settlement as referenced in Paragraph 7(c) of this Order.  Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement website for any change in date, time, or format of the hearing.  Co-Lead Counsel are ordered to ensure that the Settlement website reflects the then-current time, date and format information for the hearing.

7.     **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Co-Lead Counsel are hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the

proposed Settlement as well as the processing of claims, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows.

(a)     not later than ten (10) calendar days after the date of entry of this Order, Resideo shall, at no cost to the Settlement Fund, provide or cause to be provided to Co-Lead Counsel or the Claims Administrator in electronic format its security lists containing names, mailing addresses and, if available, email addresses of the purchasers and other acquirers of Resideo common stock during the Class Period;

(b)     not later than fourteen (14) calendar days after the entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be mailed by first-class mail, and emailed to the extent emails are provided, to potential Settlement Class Members at the addresses set forth in the records provided by Resideo or in the records which Resideo caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Co-Lead Counsel's motion for an award of attorneys' fees and expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities

Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.    **Nominee Procedures** – Co-Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to brokers and other nominees who purchased or otherwise acquired Resideo common stock during the Class Period for the benefit of another person or entity.  Such brokers and other nominees shall either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, provide a list of the names and mailing addresses of all such beneficial owners to the Claims Administrator, which shall mail Notice Packets to such beneficial owners.  To the extent available, brokers and other nominees shall also, within seven (7) calendar days of receipt of the Notice, provide the Claims Administrator with the email addresses of beneficial owners who or which have agreed to receive communications regarding his, her or its investments in Resideo common stock by email, and the Claims Administrator shall email the Notice Packet to such beneficial owners.[1]  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable

---

[1] If the seventh calendar day after receipt of the Notice falls on a Saturday, Sunday or legal holiday, the time allowed to comply with these provisions shall be extended until the end of the next business day.

expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation.    Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Co-Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

11.    **Participation in the Settlement** – Settlement Class Members that wish to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a claim, a person or entity shall be deemed to have submitted to the

jurisdiction of the Court with respect to his, her, or its claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the releases provided for therein, whether favorable or unfavorable to the

Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in Paragraph 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Resideo Securities Litigation*, c/o JND Legal Administration, P.O. Box 91250, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name, address, telephone number, and email address of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate representative; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Resideo Technologies, Inc. Securities Litigation*, Case No. 19-cv-02863 (WMW/KMM)"; (iii) state the number of shares of Resideo common stock that the person or entity requesting exclusion purchased, otherwise acquired (including in the Spin-Off from Honeywell) and sold during the period from the opening of trading on October 15, 2018 through and including the close of trading on February 4, 2020 (the end of the 90-day look back period), as well as the dates and prices of each such purchase/acquisition and sale; (iv) state the number of shares of Resideo common stock held as of the close of trading on February 4, 2020; and (v) be signed by the person or

entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.  Co-Lead Counsel are authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Resideo common stock.

15.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

17.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who or which does not enter an appearance will be represented by Co-Lead Counsel.

18.     Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

**Co-Lead Counsel**
Entwistle & Cappucci LLP
Andrew J. Entwistle, Esq.
Frost Bank Tower
401 Congress Avenue, Suite 1170
Austin, Texas 78701

Labaton Sucharow LLP
Ira A. Schochet, Esq.
140 Broadway
New York, NY 10005

**Defendants' Counsel**
Willkie Farr & Gallagher LLP
Charles D. Cording, Esq.
787 Seventh Avenue
New York, NY 10019

Copies of the objections must also be emailed to aentwistle@entwistle-law.com, ischochet@labaton.com and ccording@willkie.com no later than twenty-one (21) calendar days prior to the Settlement Hearing.

19.     Any objections, filings and other submissions by the objecting Settlement Class Member must identify the case name and civil action number, *In re Resideo Technologies, Inc. Securities Litigation*, Case No. 19-cv-02863 (WMW/KMM), and they must: (a) state the name, address, telephone number and email address of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Resideo common

14

stock that the objecting Settlement Class Member purchased, otherwise acquired (including in the Spin-Off from Honeywell) and sold during the period from the opening of trading on October 15, 2018 through and including the close of trading on February 4, 2020 (the end of the 90-day look back period), as well as the dates and prices of each such purchase/acquisition and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors that enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors that intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

20. Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and expenses, or

from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and expenses in this or any other proceeding.

21.    **Stay Of Proceedings and Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.   Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against each and all of the Released Defendant Parties. The Court finds that issuance of this provision is necessary and appropriate in aid of the Court's jurisdiction over this Action.  The Court finds no bond is necessary for issuance of this provision.

22.    **Settlement Administration Fees and Expenses** – All costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.    **Settlement Fund** – The contents of the Settlement Fund held by the Escrow Bank shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.    **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to

otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on July 30, 2021, as provided in the Stipulation.

26. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other

litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the other Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.   **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and expenses no later than thirty-

five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.   **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.


SO ORDERED this____day of_____, 2021.


_____
Wilhelmina Wright
United States District Judge

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION | Case No. 19-cv-02863 (WMW/KMM) |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

If you purchased or otherwise acquired the common stock of Resideo Technologies, Inc. during the period from October 15, 2018 through November 6, 2019, inclusive, and were damaged thereby, you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $55 million cash fund, plus earned interest, if any, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses and Taxes. This is an average recovery of approximately $0.32 per allegedly damaged share before deductions for awarded attorneys' fees and litigation expenses, and $0.24 per allegedly damaged share after deductions for awarded attorneys' fees and litigation expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs The Gabelli Asset Fund, The Gabelli Dividend & Income Trust, Gabelli Focused Growth and Income Fund f/k/a The Gabelli Focus Five Fund, The Gabelli Multimedia Trust Inc., The Gabelli Value 25 Fund Inc., GAMCO International SICAV, GAMCO Asset Management Inc., Naya 1740 Fund Ltd., Naya Coldwater Fund Ltd., Naya Master Fund LP and Nayawood LP ("Lead Plaintiffs") and additional Plaintiff Oklahoma Firefighters Pension and Retirement System (together with Lead Plaintiffs, "Plaintiffs") that have been asserted on behalf of the Settlement Class (defined below) against Defendants Resideo Technologies, Inc. ("Resideo" or the "Company"), Michael G. Nefkens, Joseph D. Ragan III and Niccolo de Masi

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated August ____, 2021 (the "Stipulation"), which can be viewed at www._____.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

(collectively, "Defendants").  It avoids the costs and risks of continuing the Action; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2021** | The only way to get a payment.  *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2021** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  *See* Question 10 for details. |
| **OBJECT BY _____, 2021** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application.  If you object, you will still be in the Settlement Class.  *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2021 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2021** | Ask to speak to the Court at the Settlement Hearing.  *See* Question 18 for details. |
| **DO NOTHING** | Get no payment.  Give up rights.  Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## PSLRA SUMMARY OF THE NOTICE

__Statement of the Settlement Class's Recovery__

1.     Lead Plaintiffs have entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the case in its entirety.  Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $55,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiffs' consulting damages expert's estimate of the number of shares of Resideo common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, expenses, Taxes and Notice and Administration Expenses, would be approximately $0.32 per allegedly damaged share.[2]  **This average recovery amount is only an estimate and Settlement Class Members may recover more or less than this estimate.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Resideo common stock the Settlement Class Member purchased or acquired during the Class Period; and (iv) whether and when the Settlement Class Member sold Resideo

---

[2]     An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

- 3 -

common stock.  *See* the Plan of Allocation beginning on page 28 for information on the calculation of your Recognized Loss.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.    Lead Plaintiffs and Defendants disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Plaintiffs were to prevail on each claim.  The issues that Lead Plaintiffs and Defendants disagree about include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the price of Resideo common stock was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors unrelated to the alleged fraud, such as general market, economic and industry conditions, influenced the trading prices of Resideo common stock during the Class Period.

3.    Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.    Co-Lead Counsel, on behalf of themselves and other counsel, will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, *i.e.*, $13,750,000, plus accrued interest.  Co-Lead Counsel will also apply for payment of expenses incurred in prosecuting the Action in an amount not to

exceed $500,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  If the Court approves Co-Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.08 per allegedly damaged share of Resideo common stock.  A copy of the Fee and Expense Application will be posted on www. _____ after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint and certify a litigation class; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6.      For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty and risk of further litigation.

**Identification of Representatives**

7.      Lead Plaintiffs and the Settlement Class are represented by Co-Lead Counsel, Andrew J. Entwistle, Entwistle & Cappucci LLP, 401 Congress Avenue, Suite

1170, Austin, Texas, 78701, (512) 710-5960, www.entwistle-law.com; and Ira A. Schochet, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.      Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____, (_____) ____-____, www._____com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| 1.  Why did I get this Notice? |
| --- |

9.      The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or acquired Resideo common stock during the period from October 15, 2018 through November 6, 2019, inclusive (the "Class Period"), including in connection with the Company's "spin-off" from Honeywell International, Inc. ("Honeywell") on or about October 29, 2018.  **Receipt of this Notice does not mean that you are a member of the Settlement Class or that you will be entitled to receive a payment.  Lead Plaintiffs and Defendants do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below.**

10.      The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action

lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the District of Minnesota, and the case is known as *In re Resideo Technologies, Inc. Securities Litigation,* Case No. 19-cv-02863 (WMW/KMM).   The Action is assigned to the Honorable Wilhelmina M. Wright, United States District Judge.

---

**2.  How do I know if I am part of the Settlement Class?**

---

12.     The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All persons and entities who or which purchased or otherwise acquired the common stock of Resideo during the period from October 15, 2018 through November 6, 2019, inclusive, and were damaged thereby.**

13.     If one of your mutual funds purchased Resideo common stock during the Class Period, that **does not** make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or acquired Resideo common stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.  **Lead Plaintiffs and Defendants do not independently have access to your trading information.**

- 7 -

### 3.  Are there exceptions to being included?

14.     Yes.  There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants; (ii) Honeywell; (iii) the officers and directors of Defendants and Honeywell during the Class Period; (iv) Immediate Family of the Individual Defendants and of the excluded officers and directors; (v) any entity in which any Defendant, any excluded officer or director or any member of their Immediate Family has or had a controlling interest; (vi) any affiliates, parents or subsidiaries of the Defendants and Honeywell; (vii) the legal representatives, agents, affiliates, heirs, successors or assigns of any of the foregoing, in their capacities as such; and (viii) those who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth in this Notice, or who are otherwise excluded by the Court

### 4.  Why is this a class action?

15.     In a class action, one or more persons or entities (in this case, Plaintiffs), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed the Gabelli Group and the Naya

Group to serve as Lead Plaintiffs and has appointed Entwistle & Cappucci LLP and Labaton Sucharow LLP to serve as Co-Lead Counsel.

---

**5.  What is this case about and what has happened so far?**

---

16.      Resideo is a global provider of security, comfort, and smart-technology solutions and products.  The Company emerged out of a corporate spin-off of Honeywell, which was completed on October 29, 2018, whereby Honeywell combined certain unrelated business units and products and spun them off to create Resideo (the "Spin-Off"). Resideo became a publicly traded company as a result of a *pro rata* distribution of Resideo's common stock to Honeywell shareholders.  Resideo's common stock trades on the New York Stock Exchange under the ticker symbol: "REZI."

17.      In the Action, Plaintiffs alleged that Defendants made materially false and misleading statements and omissions in connection with the operations, financial condition, resources, and product lines of Resideo following the Spin-Off.  Plaintiffs alleged that Defendants misled investors as to Resideo's viability as a stand-alone company and the quality of the businesses or subdivisions of Honeywell that were transferred to Resideo.  Plaintiffs alleged that Defendants' statements about Resideo, both prior to and after the Spin-Off, were false and misleading because the statements allegedly concealed the shortcomings of Resideo's products and internal operations, which were allegedly known to certain of the Defendants before the Spin-Off.  Plaintiffs further alleged that the price of Resideo common stock was artificially inflated as a result of Defendants' allegedly

false and misleading statements and omissions, and that the price declined when the truth was allegedly revealed through a series of corrective disclosures.

18.     On November 8, 2019, a securities class action complaint was filed in the Court, styled *St. Clair County Employees' Retirement System v. Resideo Technologies, Inc., et al.*, No. 0:19-cv-02863.  The case was assigned to Judge Wilhelmina M. Wright and referred to Magistrate Judge Katherine M. Menendez on the same day.

19.     By Order dated January 27, 2020, the Court, *inter alia*, consolidated the *St. Clair* action and related actions; appointed the Gabelli Group and the Naya Group as Lead Plaintiffs; and appointed Entwistle & Cappucci LLP and Labaton Sucharow LLP as Co-Lead Counsel.

20.     On April 10, 2020, Plaintiffs filed the operative Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting class action claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, as noted above, the Complaint alleges materially false and misleading statements and omissions in connection with the operations, financial condition, resources and product lines of Resideo.

21.     On July 10, 2020, Defendants filed a motion to dismiss the Complaint, which Plaintiffs opposed on October 9, 2020.  On November 9, 2020, Defendants filed a reply brief in further support of their motion to dismiss.  Oral argument on Defendants'

motion to dismiss the Complaint was held on December 1, 2020.  On March 30, 2021, the Court entered its Opinion and Order denying Defendants' motion to dismiss in its entirety. Discovery in the Action commenced promptly after the Court issued the order denying Defendants' motion to dismiss and has been ongoing.

22.     On April 13, 2021, Defendants filed their Answer to the Complaint.

23.     On May 18, 2021, the Court conducted the initial pretrial conference, and on May 25, 2021, the Court issued a pretrial scheduling order setting litigation deadlines for amended pleadings, close of fact and expert discovery, and class certification discovery and briefing.

24.     Lead Plaintiffs and Defendants began to explore the possibility of a settlement and retained the Honorable Layn R. Phillips (Ret.) (the "Mediator") in January 2021 to act as mediator in the Action.  On February 25, 2021, Co-Lead Counsel and Defendants' Counsel participated in a full-day mediation session before the Mediator.  In advance of that session, Lead Plaintiffs and Defendants provided detailed mediation statements and exhibits to the Mediator, which addressed issues of both liability and damages.  While these discussions narrowed the differences between Lead Plaintiffs and Defendants, a resolution was not reached on that day.  Following extensive arm's-length negotiations, both directly and with the ongoing assistance of the mediator, over the next five months, the parties were able to reach an agreement in principle to settle the Action for $55,000,000, which was memorialized in a term sheet executed and finalized on July 30, 2021, subject to the execution of a definitive and customary stipulation and agreement

of settlement and related papers.  The Stipulation (together with the exhibits thereto) constitutes the final and binding agreement between Lead Plaintiffs and Defendants.

25.     Before agreeing to a settlement, Lead Plaintiffs, through Co-Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) relevant documents amongst approximately 167,000 documents that were produced, comprised of 1,052,216 pages, produced by Defendants during discovery, which consisted of emails, WhatsApp and SMS messages and other documents previously produced by Resideo to the SEC; and (vi) the applicable law governing the claims and potential defenses.  Co-Lead Counsel identified and interviewed numerous former Resideo employees and other persons with relevant knowledge of the underlying allegations, 15 of whom have provided information as confidential witnesses, and one of whom provided Co-Lead Counsel with 56,835 internal Resideo emails.  Co-Lead Counsel also consulted with experts on damages and loss causation issues.

---

**6.  What are the reasons for the Settlement?**

---

26.     The Court did not finally decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement.  Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through class certification, trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, Plaintiffs and Defendants would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Plaintiffs and the class.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

27.     Defendants have denied and continue to deny each and every one of the claims alleged by Plaintiffs in the Action, including all claims in the Complaint, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law.  Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any Member of the Settlement Class has suffered damages; that the prices of Resideo's common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that Members of the Settlement Class were harmed by the conduct alleged. Nonetheless, Defendants have concluded that continuation of the Action would be

protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

28.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 9 below), Defendants have agreed to cause a $55 million cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

### 8. How can I receive a payment?

29.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You may also obtain one from the website dedicated to the Settlement: www._____.com, or from Co-Lead Counsel's websites: www.entwistle-law.com and www.labaton.com, or submit a claim online at www._____.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.

30.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it

to the Claims Administrator so that it is **postmarked or received no later than** _____, **2021.**

---

**9.  What am I giving up to receive a payment and by staying in the Settlement Class?**

---

31.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     **"Released Claims"** means all claims, rights, or causes of action or liabilities of any nature whatsoever, whether known or Unknown Claims (defined below), whether arising under federal, state, local, statutory, common, or foreign law, that (a) were set forth, alleged, or referred to in the Complaint or any other complaint filed by any member of the Settlement Class prior to the consolidation of the Action, or (b) could have been asserted in the Action or in any forum, domestic or foreign, by Plaintiffs or any other member of the Settlement Class arising out of, based upon, or relating in any way to both (i) the purchase, acquisition, sale, or holding of Resideo common stock during the Class Period; and (ii) any of the allegations, transactions, acts, facts, statements, representations, or omissions involved, set forth, alleged, or referred to in the Complaint or any other complaint filed by any member of the Settlement Class prior to the consolidation of the Action, including, for the avoidance of doubt, any alleged untrue statement of a material fact or omission or alleged omission to state a material fact required to be stated therein or

- 15 -

necessary to make the statements therein not misleading made by Honeywell or Resideo in connection with the spin-off of Resideo from Honeywell.  For the avoidance of doubt, Released Claims do not include: (i) claims to enforce the Settlement; (ii) claims by any governmental entity, if any, that arise out of the events at issue in the Action; and (iii) claims in *Bud & Sue Frashier Family Trust U/A DTD 05/05/98, Derivatively on Behalf of Resideo Technologies, Inc. v. Fradin, et al*., C.A. No. 2021-0556 PAF (Del. Ch.); and *In re Resideo Technologies, Inc. Derivative Litigation*, Lead Case No. 20-cv-915-LPS (D. Del.).

(b)     **"Released Defendant Parties"** means Defendants, Defendants' Counsel, Honeywell, Honeywell's Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, divisions, principals, successors, and predecessors, assigns, officers, directors, shareholders, trustees, partners, members, agents, fiduciaries, contractors, auditors, accountants, executors, administrators, representatives, estates, estate managers, advisors, bankers, consultants, experts, employees, attorneys, insurers, indemnifiers, reinsurers, general or limited partners or partnerships, limited liability companies; and the Immediate Family, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their Immediate Family; any firm, trust, corporation, or entity in which any Defendant or Honeywell has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants or Honeywell.

(c)    "**Unknown Claims**" means any and all Released Claims that Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Released  Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Released Defendant Parties shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, or Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released

Claims, or the Released Defendants' Claims, but Plaintiffs and Released Defendant Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Released Defendant Parties acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

32.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

33.     Upon the "Effective Date," the Released Defendant Parties will also provide a release of any claims against Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

34.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims

alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Defendants have the option to terminate the Settlement if Settlement Class Members who incurred a certain aggregate amount of Recognized Losses (defined below) request exclusion.

---

**10.  How do I exclude myself from the Settlement Class?**

---

35.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re Resideo Technologies, Inc. Securities Litigation,* Case No. 19-cv-02863 (WMW/KMM) (D. Minn)."  You cannot exclude yourself by telephone or email.  Each request for exclusion must also: (i) state the name, address, telephone number, and email address of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate representative; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Resideo Technologies, Inc. Securities Litigation*, Case No. 19-cv-02863 (WMW/KMM);" (iii) state the number of shares of Resideo common stock that the person or entity requesting exclusion purchased, otherwise acquired (including in the Spin-Off from Honeywell) and sold during the period from the opening of trading on October 15, 2018 through and including the close of trading on February 7, 2020 (the end of the 90-day look back period), as well as the dates and prices of each such purchase/acquisition and sale; (iv) state the number of shares of Resideo common stock held as of the close of trading on February 7, 2020; and (v) be signed by the person or entity requesting exclusion or an authorized representative, together with proof of

- 19 -

authority.[3] Co-Lead Counsel are authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Resideo common stock.  A request for exclusion must be mailed so that it is **received no later than _____, 2021** at:

*Resideo Securities Litigation*
c/o _____
P.O. Box _____
_____

36.     This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.

37.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue)

---

[3] Shares obtained via the spin-off are treated as being purchased or acquired on October 29, 2018 at $28.00 per share, which is the opening price on October 29, 2018, the date on which those shares were issued and acquired.  Resideo shares traded on a when-issued basis between October 15, 2018 and October 28, 2018 at prices ranging from $26.50 to $32.55.  While when-issued trading occurred at much lower volumes than beginning on October 29, 2018 (when-issued volume totaled 1.8 million shares, while October 29, 2018 first day of regular-way trading reported volume was approximately 30.4 million shares), the final when-issued trade occurred at $27.85 per share, only $0.15 per share, or 0.54% lower than the opening regular-way trade of $28.00.  Therefore, Co-Lead Counsel believe that the opening regular-way trading price of $28.00 represents a fair indication of the market's valuation of Resideo as a spun-off entity.

Defendants and the other Released Defendant Parties in the future.

| 11. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? |
|---|---|

38.     No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit if it relates to any Released Claims.  Remember, the exclusion deadline is _____, **2021.**

## THE LAWYERS REPRESENTING YOU

| 12.  Do I have a lawyer in this case? |
|---|

39.     Entwistle & Cappucci LLP and Labaton Sucharow LLP are Co-Lead Counsel in the Action and represent all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and litigation expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13.  How will the lawyers be paid? |
|---|

40.     Co-Lead Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Co-Lead Counsel will apply to the Court, on behalf of themselves, other Plaintiffs' Counsel and certain additional attorneys, for an award of no more than 25% of the Settlement Fund, *i.e.,* $13,750,000, plus any accrued interest.  Plaintiffs' Counsel are Co-Lead Counsel, Robbins Geller Rudman & Dowd LLP

and Chestnut Cambronne PA. In addition, Berman Tabacco assisted in the early stages of the investigation and Vanoverbeke, Michaud & Timmony, P.C. and Derryberry & Naifeh, LLP assisted Robbins Geller. Any fee allocations among Plaintiffs' Counsel and additional counsel will in no way increase the fees that are deducted from the Settlement Fund, and no other attorneys will share the awarded attorneys' fees. Co-Lead Counsel will also seek payment of expenses incurred in the prosecution of the Action of no more than $500,000, plus any accrued interest, which may include an application in accordance with the PSLRA for reimbursement of the reasonable costs and expenses of the Plaintiffs directly related to their representation of the Settlement Class. Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

> **14. How do I tell the Court that I do not like something about the proposed Settlement?**

41.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Co-Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

42.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in

"*In re Resideo Technologies, Inc. Securities Litigation,* Case No. 19-cv-02863 (WMW/KMM) (D. Minn.)."   The objection must also: (i) state the name, address, telephone number and email address of the person or entity objecting and must be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Resideo common stock that the objecting Settlement Class Member purchased, otherwise acquired (including in the Spin-Off from Honeywell) and sold during the period from the opening of trading on October 15, 2018 through and including the close of trading on February 7, 2020 (the end of the 90-day look back period), as well as the dates and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors that enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors that intend to appear at the Settlement Hearing through counsel must also

identify that counsel by name, address, and telephone number.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation and/or Co-Lead Counsel's Fee and Expense Application.

43.     Your objection must be filed with the Court **no later than** _____, **2021 and** be mailed or delivered to the following counsel so that it is **received no later than** _____, **2021:**

| **Court** | **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **Clerk of the Court** | **Entwistle & Cappucci LLP** | **Willkie Farr & Gallagher LLP** |
| United States District Court District of Minnesota Warren E. Burger Federal Building and U.S. Courthouse 316 North Robert Street St. Paul, MN 55101 | Andrew J. Entwistle, Esq. Frost Bank Tower 401 Congress Avenue Suite 1170 Austin, TX 78701 | Charles D. Cording, Esq. 787 Seventh Avenue New York, NY 10019 |
| | **Labaton Sucharow LLP** Ira A. Schochet, Esq. 140 Broadway New York, NY 10005 | |

44.     You do not need to participate at the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may participate in the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear individually or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

### 15.  What is the difference between objecting and seeking exclusion?

45.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Co-Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

### THE SETTLEMENT HEARING

### 16.  When and where will the Court decide whether to approve the Settlement?

46.     The Court will hold the Settlement Hearing on _____, 2021 at _____ _.m., either remotely or in person, in Courtroom 7A at the United States District Court for the District of Minnesota, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.

47.     At this hearing, the Honorable Wilhelmina M. Wright will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Co-Lead Counsel for an award of attorneys' fees and payment of expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

48.     The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class

Members.  If you want to participate in the hearing, you should check with Co-Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www._____.com to see if the Settlement Hearing stays as scheduled or is changed.

| **17. Do I have to come to the Settlement Hearing?** |
|---|

49.     No.  Co-Lead Counsel will answer any questions the Court may have.  But, you are welcome to participate at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer participate (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2021**.

| **18. May I speak at the Settlement Hearing?** |
|---|

50.     You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than _____ __, 2021,** submit a statement that you, or your attorney, intend to appear in "*In re Resideo Technologies, Inc. Securities Litigation,* Case No. 19-cv-02863 (WMW/KMM) (D. Minn.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the

Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

### 19.  What happens if I do nothing at all?

51.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

### 20.  Are there more details about the Settlement?

52.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, District of Minnesota, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street – Suite 100 St. Paul, MN 55101.  (Please check the Court's website, www.mnd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed

publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

53.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement, by visiting the website dedicated to the Settlement, www._____.com, or the websites of Co-Lead Counsel, www.entwistle-law.com and www.labaton.com.  You may also call the Claims Administrator toll free at (_____) ____-_____ or write to the Claims Administrator at *Resideo Securities Litigation,* c/o_____.  **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| **21.  How will my claim be calculated?** |
| --- |

54.     The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiffs and Co-Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at: _____ and at www.entwistle-law.com and www.labaton.com.

55.     As noted above, the Settlement Amount and the interest it earns is the Settlement Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund.  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that

show a "Recognized Loss" according to the proposed Plan of Allocation (or any other plan of allocation approved by the Court). Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

56.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who allegedly suffered economic losses as a result of the alleged wrongdoing. To design this Plan, Co-Lead Counsel conferred with Lead Plaintiffs' consulting damages expert. This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiffs and Co-Lead Counsel believe were recoverable in the Action. The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants. An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the claimant purchased or acquired Resideo common stock; and (iii) whether and when the claimant sold his, her, or its shares of Resideo common stock. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The

Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss."

57.     In developing the Plan of Allocation in conjunction with Co-Lead Counsel, Lead Plaintiffs' consulting damages expert calculated, based on assumptions provided by Co-Lead Counsel, the amount of artificial inflation in the closing prices of publicly traded Resideo common stock during the Class Period[4] that was allegedly proximately caused by Defendants' materially false and misleading statements and omissions.

58.     In calculating the estimated artificial inflation, Lead Plaintiffs' consulting damages expert considered price changes in publicly traded Resideo common stock in reaction to certain public announcements that allegedly revealed the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes that were attributable to market or industry forces.  The estimated artificial inflation in publicly traded Resideo common stock is stated in Table A attached to the end of this Notice.

59.     For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue.  In this case, Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period, which allegedly artificially inflated the prices of Resideo publicly traded common stock.  It is alleged that

---

[4] For purposes of the Settlement, the definition of the Settlement Class includes "when-issued" trading of Resideo common stock during the period from October 15, 2018 through October 28, 2018, as well as shares received via the Spin-Off.  Resideo common stock traded as "when-issued" is being treated as "publicly traded."  For purposes of the Settlement, the term Class Period is October 15, 2018 through November 6, 2019, including the Spin-Off.

corrective information was released to the market on March 7, 2019, August 7, 8 and 12, 2019, October 22, 2019, and November 7, 2019 that partially removed artificial inflation from the prices of Resideo common stock on March 7, 2019, August 8-14, 2019, October 23, 2019, and November 7-11, 2019, respectively. Recognized Loss Amounts are based primarily on the difference in the amount of estimated artificial inflation in the respective prices of Resideo common stock at the time of purchase or acquisition and at the time of sale or, alternatively, the difference between the purchase/acquisition price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired Resideo common stock during the Class Period must have held the Resideo common stock over at least one of the dates on which allegedly corrective information was released to the market and partially removed the artificial inflation from the price of the Resideo common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

60.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of publicly traded Resideo common stock[5]

---

[5] Shares obtained via the spin-off are treated as being purchased or acquired on October 29, 2018 at $28.00 per share, which is the opening price on October 29, 2018, the date on which those shares were issued and acquired. Resideo shares traded on a when-issued basis between October 15, 2018 and October 28, 2018 at prices ranging from $26.50 to $32.55. While when-issued trading occurred at much lower volumes than beginning on October 29, 2018 (when-issued volume totaled 1.8 million shares, while October 29, 2018 first day of regular-way trading reported volume was approximately 30.4 million shares), the final when-issued trade occurred at $27.85 per share, only $0.15 per share, or 0.54% lower than the opening regular-way trade of $28.00. Therefore, Co-Lead Counsel believe that the opening regular-way trading price of $28.00 represents a fair indication of the market's valuation of Resideo as a spun-off entity.

during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number and thus the Recognized Loss Amount will be zero.

61.     For each share of publicly traded Resideo common stock purchased or otherwise acquired during the period from October 15, 2018 through and including the close of trading on November 6, 2019 and:

(a)     Sold on or before November 10, 2019, the Recognized Loss Amount per share will be the *lesser* of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A (attached to the end of this Notice) minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price per share minus the sale price per share.

(b)     Sold from November 11, 2019 through and including the close of trading on February 7, 2020, the Recognized Loss Amount per share will be the *least* of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price per share minus the average closing price per share between November 11, 2019 and the date of sale as stated in Table B (attached to the end of this Notice); or (iii) the purchase/acquisition price per share minus the sale price per share.

(c)     Held as of the close of trading on February 7, 2020, the Recognized Loss Amount per share will be the *lesser* of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price per share minus $11.02.[6]

---

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

62.     For purposes of determining whether a claimant has a "Recognized Loss," if a Settlement Class Member made more than one purchase/acquisition or sale of Resideo common stock during the Class Period, all purchases/acquisitions and sales will be matched on a "First in First Out" (FIFO) basis. Under the FIFO methodology, sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made.

63.     For the purposes of calculations under ¶¶60-61 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes. Shares obtained via the Spin-Off are treated as being purchased or acquired on October 29, 2018 at $28.00 per share, which is the opening price on October 29, 2018, the date on which the shares were issued.

64.     A claimant's "Recognized Loss" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶¶60-61 above.  If a Recognized Loss calculates to a negative number or zero, the Recognized Loss will be zero.

---

for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Resideo common stock during the "90-day look-back period," which is November 11, 2019 through and including February 7, 2020. The mean (average) closing price for Resideo common stock during this 90-day look back period was $11.02 per share.

65.     If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Loss divided by the total Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Losses of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

66.     Purchases or acquisitions and sales of Resideo common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date.[7]  Shares of Resideo common stock acquired in the Spin-Off are deemed eligible purchases as of October 29, 2018 for the calculation of a claimant's Recognized Loss.  The receipt or grant of shares of Resideo common stock by gift, inheritance, or operation of law during the Class Period will not be deemed an eligible purchase, acquisition, or sale of these shares of Resideo common stock for the calculation of a claimant's Recognized Loss, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Resideo common stock unless (i) the donor or decedent purchased or acquired such shares of Resideo

---

[7] In the case of shares obtained via the Spin-Off, the purchase date is considered to be October 29, 2018.

common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Resideo common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

67.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a claimant establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition will be matched against such short position on a FIFO basis and will not be entitled to a recovery.

68.     Resideo common stock is the only security eligible for recovery under the Plan of Allocation.   Option contracts are not securities eligible to participate in the Settlement.  With respect to Resideo common stock purchased or sold through the exercise of an option, the purchase/sale date of the Resideo common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

69.     The Claims Administrator will also determine if a claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Resideo common stock during the Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the claimant's Total Purchase

- 35 -

Amount[8] and (ii) the sum of the claimant's Total Sales Proceeds[9] and the claimant's Holding Value.[10] If the claimant's Total Purchase Amount minus the sum of the claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the claimant's Market Loss; if the number is a negative number or zero, that number will be the claimant's Market Gain.

70.    If a claimant had a Market Gain with respect to his, her, or its overall transactions in Resideo common stock during the Class Period, the value of the claimant's Recognized Loss will be zero, and the claimant will in any event be bound by the Settlement. If a claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Resideo stock during the Class Period but that Market Loss was less than the claimant's Recognized Loss, then the claimant's Recognized Loss will be limited to the amount of the Market Loss.

---

[8] The "Total Purchase Amount" is the total amount the claimant paid (excluding any fees, commissions, and taxes) for all shares of Resideo common stock purchased/acquired during the Class Period.  Shares obtained through the Spin-Off are assumed to have been purchased at $28.00 per share.

[9] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of Resideo common stock that were both purchased and sold by the claimant during the Class Period.  The FIFO method as described above will be applied for matching sales of Resideo common stock to prior purchases/acquisitions of the like security.

[10] The Claims Administrator will ascribe a "Holding Value" of $9.02 to each share of Resideo common stock purchased/acquired during the Class Period that was still held as of the close of trading on November 6, 2019.  $9.02 is the closing price of Resideo common stock on 11/11/2019, the date of the final alleged stock price movement due to disclosures that corrected the allegations.

71.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

72.     Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable amount of time from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses, and any awards to Plaintiffs, the Claims Administrator shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-for-profit charitable organization(s) serving the public interest designated by Lead Plaintiffs and approved by the Court.

73.     Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' consulting damages expert, the Claims Administrator, or other agent designated by Co-Lead Counsel, arising

from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

74.     Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the District of Minnesota with respect to his, her, or its claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

75.     If you purchased or acquired Resideo common stock (CUSIP_____) during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) CALENDAR DAYS[11] OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and mailing addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice and Claim Form ("Notice Packet") promptly to such identified beneficial owners; or (b) request additional copies of the Notice Packet from the Claims Administrator, which will be provided to you

---

[11] If the seventh calendar day after receipt of the Notice falls on a Saturday, Sunday or legal holiday, the time to comply with these provisions will be extended until the end of the next business day.

free of charge, and **WITHIN SEVEN (7) CALENDAR DAYS** of receipt, mail the Notice Packet directly to all the beneficial owners of those securities. (To the extent available, brokers and other nominees shall also, within seven (7) calendar days of receipt of the Notice, provide the Claims Administrator with the email addresses of beneficial owners who or which have agreed to receive communications regarding his, her or its investments in Resideo common stock by email.) If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Resideo Securities Litigation*
c/o _____
_____
_____

Dated: _____, 2021                 BY ORDER OF THE UNITED STATES
                                      DISTRICT COURT
                                      DISTRICT OF MINNESOTA

# TABLE A

**Resideo Common Stock - Estimated Artificial Inflation Per Share
(October 15, 2018 through and including November 11, 2019)**

| Date Range | | | Artificial Inflation per Share |
|---|---|---|---|
| October 15, 2018 | - | March 6, 2019 | $14.14 |
| March 7, 2019 | - | August 7, 2019 | $8.67 |
| August 8, 2019 | - | August 8, 2019 | $8.13 |
| August 9, 2019 | - | August 11, 2019 | $7.80 |
| August 12, 2019 | - | August 12, 2019 | $7.32 |
| August 13, 2019 | - | August 13, 2019 | $6.82 |
| August 14, 2019 | - | October 22, 2019 | $6.81 |
| October 23, 2019 | - | November 6, 2019 | $1.03 |
| November 7, 2019 | - | November 7, 2019 | $0.69 |
| November 8, 2019 | - | November 10, 2019 | $0.47 |
| November 11, 2019 | | onward | $0.00 |

# TABLE B

| Date | Average Closing Price from November 11, 2019 through Date | Date | Average Closing Price from November 11, 2019 through Date | Date | Average Closing Price from November 11, 2019 through Date |
|---|---|---|---|---|---|
| 11/11/2019 | $9.02 | 12/11/2019 | $9.98 | 1/13/2020 | $10.94 |
| 11/12/2019 | $8.90 | 12/12/2019 | $10.05 | 1/14/2020 | $10.96 |
| 11/13/2019 | $8.96 | 12/13/2019 | $10.13 | 1/15/2020 | $10.98 |
| 11/14/2019 | $9.08 | 12/16/2019 | $10.20 | 1/16/2020 | $11.01 |
| 11/15/2019 | $9.32 | 12/17/2019 | $10.28 | 1/17/2020 | $11.05 |
| 11/18/2019 | $9.42 | 12/18/2019 | $10.36 | 1/21/2020 | $11.07 |
| 11/19/2019 | $9.56 | 12/19/2019 | $10.42 | 1/22/2020 | $11.09 |
| 11/20/2019 | $9.61 | 12/20/2019 | $10.47 | 1/23/2020 | $11.11 |
| 11/21/2019 | $9.63 | 12/23/2019 | $10.52 | 1/24/2020 | $11.12 |
| 11/22/2019 | $9.65 | 12/24/2019 | $10.56 | 1/27/2020 | $11.11 |
| 11/25/2019 | $9.69 | 12/26/2019 | $10.60 | 1/28/2020 | $11.11 |
| 11/26/2019 | $9.73 | 12/27/2019 | $10.64 | 1/29/2020 | $11.10 |
| 11/27/2019 | $9.74 | 12/30/2019 | $10.67 | 1/30/2020 | $11.10 |
| 11/29/2019 | $9.74 | 12/31/2019 | $10.70 | 1/31/2020 | $11.08 |
| 12/2/2019 | $9.71 | 1/2/2020 | $10.74 | 2/3/2020 | $11.06 |
| 12/3/2019 | $9.73 | 1/3/2020 | $10.78 | 2/4/2020 | $11.05 |
| 12/4/2019 | $9.76 | 1/6/2020 | $10.81 | 2/5/2020 | $11.04 |
| 12/5/2019 | $9.82 | 1/7/2020 | $10.85 | 2/6/2020 | $11.03 |
| 12/6/2019 | $9.87 | 1/8/2020 | $10.88 | 2/7/2020 | $11.02 |
| 12/9/2019 | $9.90 | 1/9/2020 | $10.90 | | |
| 12/10/2019 | $9.93 | 1/10/2020 | $10.92 | | |

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION | Case No. 19-cv-02863 (WMW/KMM) |

**PROOF OF CLAIM AND RELEASE FORM**

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a member of the Settlement Class based on your claims in the action entitled *In re Resideo Technologies, Inc. Securities Litigation,* Case No. 19-cv-02863 (WMW/KMM) (D. Minn.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.[1]

2.     **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____ NO LATER THAN _____, 2021 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS:**

*Resideo Securities Litigation*

---

[1] All capitalized terms that are not defined herein have the meanings given them in the Stipulation and Agreement of Settlement, dated August 17, 2021, available at www. _____.



c/o _____
P.O. Box ____
___CITY, STATE  ZIP
www._____

3.      If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated _____, 2021, you are bound by and subject to all of the terms of the Stipulation and Agreement of Settlement, and all of the terms of the Judgment or any Alternative Judgments or orders entered in the Action, including all releases provided therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind asserting any Released Claim against any Released Defendant Party, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.   CLAIMANT IDENTIFICATION

4.      If you purchased or otherwise acquired shares of Resideo Technologies, Inc. ("Resideo") common stock during the period from October 15, 2018 through November 6, 2019, inclusive (the "Class Period"), including in connection with the Company's "spin-off" from Honeywell International, Inc. on or about October 29, 2018, and held the stock in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or otherwise acquired Resideo common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Resideo common stock that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.      All joint owners must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or

2

capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.    IDENTIFICATION OF TRANSACTIONS

7.     Use **Part II** of this form entitled "Transactions in Resideo Common Stock" to supply all required details of your transaction(s) in Resideo common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

8.     On the schedules, provide all of the requested information with respect to your holdings, purchases/acquisitions, and sales of Resideo common stock, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

9.     The date of covering a "short sale" is deemed to be the date of purchase of Resideo common stock.  The date of a "short sale" is deemed to be the date of sale.

10.     Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **LEAD PLAINTIFFS AND DEFENDANTS DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN RESIDEO COMMON STOCK.**

11.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to

submit your claim electronically, you must contact the Claims Administrator at (\_\_\_) \_\_\_-\_\_\_\_ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

4

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                              MI           Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                        MI           Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                                          State     ZIP/Postal Code

Foreign Country (only if not USA)                              Foreign County (only if not USA)

Social Security Number (last four digits only)    Taxpayer Identification Number (last four digits only)

OR

Telephone Number (home)                              Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
    Individual (includes joint owner accounts)        Pension Plan            Trust
    Corporation                                                  Estate
    IRA/401K                                                      Other _____ (please specify)

5

## PART II:   TRANSACTIONS IN RESIDEO COMMON STOCK

| **1. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of common stock from after the opening of trading on October 15, 2018 through and including the close of trading on November 6, 2019. (Must submit documentation.) | | | |
|---|---|---|---|
| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share[2] | Total Purchase Price (excluding taxes, commissions, and fees) |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| **3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of common stock purchased/acquired from after the opening of trading on November 7, 2019 through and including the close of trading on _____, 2020.[3] (Must submit documentation.) _____ | | | |
| **4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of common stock from after the opening of trading on October 15, 2018 through and including the close of trading _____, 2020. (Must submit documentation.) | | | |
| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
| | | $ | $ |
| | | $ | $ |

---

[2] Shares obtained via the spin-off are treated as being purchased or acquired on October 29, 2018 at $28.00 per share, which is the opening price on October 29, 2018, the date on which those shares were issued and acquired . Resideo shares traded on a when-issued basis between October 15, 2018 and October 28, 2018 at prices ranging from $26.50 to $32.55. While when-issued trading occurred at much lower volumes than beginning on October 29, 2018 (when-issued volume totaled 1.8 million shares, while October 29, 2018 first day of regular-way trading reported volume was 30.427 million shares), the final when-issued trade occurred at $27.85 per share, only $0.15 per share, or 0.54% lower than the opening regular-way trade of $28.00. Therefore, Counsel believes that the opening regular-way trading price of $28.00 represents a fair indication of the market's valuation of Resideo as a spun-off entity.

[3] Information requested in this Claim Form with respect to your transactions after the opening of trading on November 7, 2019 through and including the close of trading on _____, 2020, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period, however, are not eligible under the Settlement because these purchases/acquisitions are outside the Class Period and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

| | | $ | $ |
|---|---|---|---|
| | | $ | $ |

**5.  ENDING HOLDINGS –** State the total number of shares of common stock held as of the close of trading on _____, 2020.  If none, write "0" or "Zero." (Must submit documentation.) _____

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

12.     By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of the Net Settlement Fund described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Minnesota (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of the Judgment and any Alternative Judgments or orders entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Resideo common stock, if required to do so.  I (We) have not submitted any other claim covering the same transactions in Resideo common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASES, WARRANTIES, AND CERTIFICATION

13.     I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

14.     As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss with prejudice, and without costs, the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Resideo common stock that occurred during the Class Period and the number of securities held by me (us), to the extent requested.

17.     I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2021

_____        _____
Signature of Claimant                          Type or print name of Claimant

8

_____                   _____
Signature of Joint Claimant, if any                Type or print name of Joint Claimant


_____                   _____
Signature of person signing on behalf              Type or print name of person signing
of Claimant                                        on behalf of Claimant


_____
Capacity of person signing on behalf of Claimant, if other than an individual (*e.g.,*
Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

## REMINDER CHECKLIST:

1.      Please sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at XXX-XXX-XXXX.

6.      If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION | Case No. 19-cv-02863 (WMW/KMM) |

## SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To: All persons and entities who or which purchased or otherwise acquired the common stock of Resideo Technologies, Inc. ("Resideo" or the "Company") during the period from October 15, 2018 through November 6, 2019, inclusive and were damaged thereby ("Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Minnesota, that Court-appointed Lead Plaintiffs The Gabelli Asset Fund, The Gabelli Dividend & Income Trust, Gabelli Focused Growth and Income Fund f/k/a The Gabelli Focus Five Fund, The Gabelli Multimedia Trust Inc., The Gabelli Value 25 Fund Inc., GAMCO International SICAV, GAMCO Asset Management Inc., Naya 1740 Fund Ltd., Naya Coldwater Fund Ltd., Naya Master Fund LP and Nayawood LP and additional plaintiff Oklahoma Firefighters Pension and Retirement System, on behalf of themselves and all members of the proposed Settlement Class, and defendants Resideo, Michael G. Nefkens, Joseph D. Ragan III and Niccolo de Masi (collectively, "Defendants"), have

reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $55,000,000 (the "Settlement").

A hearing will be held before the Honorable Wilhelmina M. Wright, either in person or remotely in the Court's discretion, on _____, 2021, at ____ a.m. in Courtroom 7A of the United States District Court for the District of Minnesota, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement,[1] dated August____, 2021; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Co-Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to participate at the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received

---

[1] All capitalized terms that are not defined herein have the meanings given them in the Stipulation and Agreement of Settlement, dated August 17, 2021, available at www._____ .

a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www._____, or by contacting the Claims Administrator at:

*Resideo Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State  Zipcode
www._____
____ ____-_____

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel:

**ENTWISTLE & CAPPUCCI LLP**          **LABATON SUCHAROW LLP**
Andrew J. Entwistle, Esq.                        Ira A. Schochet, Esq.
Frost Bank Tower                                        140 Broadway
401 Congress Avenue, Suite 1170            New York, NY 10005
www.entwistle.com                                    www.labaton.com
512-710-5960                              settlementquestions@labaton.com
                                                              888-219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2021.*  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you may not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all of the terms of the Stipulation and Agreement of Settlement, and all of the terms of the Judgment or any Alternative Judgments or orders entered  by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is ***received no later than*** _____ __, ***2021.***  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***received no later than*** _____ __, ***2021***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2021    BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
                                            DISTRICT OF MINNESOTA