UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Resideo Technologies, Inc., Securities Litigation | Case No. 19-cv-2863 (WMW/KMM)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs, on behalf of themselves and the proposed Settlement Class,[1] seek preliminary approval of a proposed settlement of claims against Defendants Resideo Technologies, Inc. (Resideo); Michael G. Nefkens; Joseph D. Ragan, III; and Niccolo de Masi. (Dkt. 124.) Plaintiffs and Defendants have entered into a Stipulation and Agreement of Settlement dated August 17, 2021 (Stipulation), which provides for a complete dismissal with prejudice of the claims against Defendants in this action, as well as a complete release of all claims that could have been asserted against Defendants and the other Released Defendant Parties by each other, by Plaintiffs, or by any other member of the Settlement Class (Settlement). Plaintiffs now move, pursuant to Rule 23(e)(1), Fed. R. Civ. P., for an order preliminarily approving the Settlement in accordance with the Stipulation. The Court has reviewed and considered all papers filed in connection with Plaintiffs' unopposed motion. For the reasons addressed below, the Court is satisfied that the requirements for granting preliminary approval of the Settlement are otherwise satisfied. Accordingly, the Court grants Plaintiffs' unopposed motion.

---

[1] Unless otherwise indicated, capitalized terms in this Order have the meanings ascribed to those words in the parties' August 17, 2021 Stipulation and Agreement of Settlement.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23, Fed. R. Civ. P., the Court certifies, solely for purposes of effectuating the proposed Settlement, a class consisting of all persons and entities who or which purchased or otherwise acquired the common stock of Resideo during the period from October 15, 2018, through November 6, 2019, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) Honeywell International Inc. (Honeywell); (iii) the officers and directors of Defendants and Honeywell during the Class Period; (iv) Immediate Family of the Individual Defendants and of the excluded officers and directors; (v) any entity in which any Defendant, any excluded officer or director, or any member of their Immediate Family has or had a controlling interest; (vi) any affiliates, parents or subsidiaries of Defendants and Honeywell; (vii) the legal representatives, agents, affiliates, heirs, successors, or assigns of any of the foregoing, in their capacities as such; and (viii) those who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth in the Notice, or who are otherwise excluded by the Court.

2. **Class Findings** – Pursuant to Rule 23(e)(1)(B)(ii), Fed. R. Civ. P., the Court finds that it likely will be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, the Court finds, for settlement purposes only, that each element required for certification of the Settlement Class pursuant to Rule 23(a), Fed. R. Civ. P., has been met or likely will be met: (1) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (2) there

are questions of law and fact common to the Settlement Class; (3) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; and (4) Lead Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class. The Court also finds, for settlement purposes only, that common issues of law and fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the Action. *See* Fed. R. Civ. P. 23(b)(3).

3. The Court hereby finds and concludes that, pursuant to Rule 23, Fed. R. Civ. P.,, and for settlement purposes only, Lead Plaintiffs are adequate class representatives, and the Court certifies them as Class Representatives for the Settlement Class. The Court also appoints Co-Lead Counsel Entwistle & Cappucci LLP and Labaton Sucharow LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g), Fed. R. Civ. P.

4. **<u>Preliminary Approval of the Settlement</u>** – Plaintiffs' unopposed motion for preliminary approval of class action settlement, (Dkt. 124), is **GRANTED**. The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i), Fed. R. Civ. P., that it likely will be able to grant final approval of the Settlement as being fair, reasonable and adequate to the Settlement Class pursuant to Rule 23(e)(2), Fed. R. Civ. P., subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **<u>Settlement Hearing</u>** – Pursuant to Rule 23(e)(2), Fed. R. Civ. P., the Court will hold a hearing (Settlement Hearing) on January 27, 2022, at 9:00 a.m., either in

person at the United States District Court for the District of Minnesota, Courtroom 7A, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, MN 55101, or by telephone or video conference (at the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment consistent with the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with modifications, if appropriate, without further notice to the Settlement Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted by Co-Lead Counsel on a website to be developed for the Settlement as referenced in Paragraph 7(c) of this Order. Any Settlement Class Member (or his, her, or its counsel) who wishes to appear

at the Settlement Hearing should consult the Court's docket and/or the Settlement website for any change in date, time or format of the hearing. Co-Lead Counsel are ordered to ensure that the Settlement website reflects the then-current time, date and format information for the Settlement Hearing.

7. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Co-Lead Counsel are hereby authorized to retain JND Legal Administration (Claims Administrator) to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of claims, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows.

(a) not later than ten (10) calendar days after the date of entry of this Order, Resideo shall, at no cost to the Settlement Fund, provide or cause to be provided to Co-Lead Counsel or the Claims Administrator in electronic format its security lists containing names, mailing addresses and, if available, email addresses of the purchasers and other acquirers of Resideo common stock during the Class Period;

(b) not later than fourteen (14) calendar days after the entry of this Order (Notice Date), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached to the Stipulation as Exhibits A-1 and A-2, respectively (Notice Packet), to be mailed by first-class mail, and emailed to the extent that emails are provided, to potential Settlement Class Members at the addresses set forth in the records provided

by Resideo or in the records that Resideo caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit A-3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **<u>Approval of Form and Content of Notice</u>** – The Court approves, as to form and content, the Notice, the Claim Form and the Summary Notice, attached to the Stipulation as Exhibits A-1, A-2 and A-3, respectively. The Court also finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Co-Lead Counsel's motion for an award of attorneys' fees

6

and expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Co-Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to brokers and other nominees who purchased or otherwise acquired Resideo common stock during the Class Period for the benefit of another person or entity. Such brokers and other nominees shall either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (Notice Packet) to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, provide a list of the names and mailing addresses of all such beneficial owners to the Claims Administrator, which shall mail Notice Packets to such beneficial owners. To the extent available, brokers and other nominees shall also, within seven (7) calendar days of receipt of the Notice, provide the

Claims Administrator with the email addresses of beneficial owners who or which have agreed to receive communications regarding his, her or its investments in Resideo common stock by email, and the Claims Administrator shall email the Notice Packet to such beneficial owners.[2] Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* (CAFA), no later than ten (10) calendar days following the filing of the Stipulation. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Co-Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

11. **Participation in the Settlement** – Settlement Class Members that wish to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the

---

[2] If the seventh calendar day after receipt of the Notice falls on a Saturday, Sunday or legal holiday, the time allowed to comply with these provisions shall be extended until the end of the next business day.

Court orders otherwise, all Claim Forms must be submitted no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept late claims for processing provided that such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner, in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in Paragraph 11 above.

14. **<u>Exclusion From the Settlement Class</u>** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Resideo Securities Litigation*, c/o JND Legal Administration, P.O. Box 91250, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name, address, telephone number, and email address of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate representative; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Resideo Technologies, Inc. Securities Litigation*, Case

10

No. 19-cv-02863 (WMW/KMM)"; (iii) state the number of shares of Resideo common stock that the person or entity requesting exclusion purchased, otherwise acquired (including in the Spin-Off from Honeywell) and sold during the period from the opening of trading on October 15, 2018, through and including the close of trading on February 4, 2020 (the end of the 90-day look-back period), as well as the dates and prices of each such purchase/acquisition and sale; (iv) state the number of shares of Resideo common stock held as of the close of trading on February 4, 2020; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court. Co-Lead Counsel are authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her or its holdings and trading in Resideo common stock.

15. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or

any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who or which does not enter an appearance will be represented by Co-Lead Counsel.

18.     Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and expenses, and appear and show cause if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and expenses should not be approved; *provided, however*, that no

Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that copies of such objection are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

**Co-Lead Counsel**
Entwistle & Cappucci LLP
Andrew J. Entwistle, Esq.
Frost Bank Tower
401 Congress Avenue, Suite 1170
Austin, Texas 78701

Labaton Sucharow LLP
Ira A. Schochet, Esq.
140 Broadway
New York, NY 10005

**Defendants' Counsel**
Willkie Farr & Gallagher LLP
Charles D. Cording, Esq.
787 Seventh Avenue
New York, NY 10019

Copies of the objections must also be emailed to aentwistle@entwistle-law.com, ischochet@labaton.com and ccording@willkie.com no later than twenty-one (21) calendar days before the Settlement Hearing.

19. Any objections, filings and other submissions by the objecting Settlement Class Member must identify the case name and civil action number, *In re Resideo Technologies, Inc. Securities Litigation*, Case No. 19-cv-02863 (WMW/KMM), and they

13

must: (a) state the name, address, telephone number and email address of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Resideo common stock that the objecting Settlement Class Member purchased, otherwise acquired (including in the Spin-Off from Honeywell) and sold during the period from the opening of trading on October 15, 2018 through and including the close of trading on February 4, 2020 (the end of the 90-day look back period), as well as the dates and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors that enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors that intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.  It is within the Court's discretion to

allow appearances at the Settlement Hearing either in person or by telephone or video conference.

20. Any Settlement Class Member who or that does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and expenses in this or any other proceeding.

21. **Stay of Proceedings and Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against each and all of the Released Defendant Parties.  The Court finds that issuance of this provision is necessary and appropriate in aid of the Court's jurisdiction over this Action.  The Court finds no bond is necessary for issuance of this provision.

22. **Settlement Administration Fees and Expenses** – All costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in

administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23. **Settlement Fund** – The contents of the Settlement Fund held by the Escrow Bank shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on July 30, 2021, as provided in the Stipulation.

26. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation

contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary

to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Parties as an admission, concession or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the other Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation and Co-Lead Counsel's motion for an award of attorneys' fees and expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28. **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated:  October 21, 2021                                          s/Wilhelmina M. Wright
                                                                                                       Wilhelmina M. Wright
                                                                                                       United States District Judge