**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION | Civil Action No. 0:19-cv-02863 (WMW/BRT) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:**
**(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AND PLAN OF ALLOCATION AND FOR FINAL**
**CERTIFICATION OF THE SETTLEMENT CLASS; AND**
**(II) CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS'**
**FEES, REIMBURSEMENT OF LITIGATION EXPENSES**
**AND AWARDS PURSUANT TO 15 U.S.C. § 78u-4(a)(4)**

# **TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................2

ARGUMENT.....................................................................................................................3

I.      THE REACTION OF THE SETTLEMENT CLASS, FOLLOWING NOTICE, SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION AND THE REQUEST FOR FEES AND EXPENSES...........3

      A.     THE NOTICE PROGRAM...........................................................................3

      B.     THE POSITIVE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS BOTH MOTIONS.................................................5

CONCLUSION ..................................................................................................................8

i

# TABLE OF AUTHORITIES

**Cases**

*9–M Corp. v. Sprint Commc'ns Co. L.P.*,
        No. 11–3401 (DWF/JSM), 2012 WL 5495905 (D. Minn. Nov. 12, 2012).............8

*Barfield v. Sho-Me Power Elec. Co-op.*,
        No. 2:11–cv–4321NKL, 2015 WL 3460346 (W. D. Mo. June 1, 2015) ................8

*Beaver Cnty. Emps.' Ret. Fund v. Tile Shop Holdings, Inc.*,
        No. 0:14–cv–00786–ADM–TNL, 2017 WL 2588950 (D. Minn. June 14,
        2017)....................................................................................................................8

*DeBoer v. Mellon Mortg., Co.*,
        64 F.3d 1171 (8th Cir. 1995).................................................................................6

*In re Centurylink Sales Pracs. & Sec. Litig.*,
        No. CV 18-296 (MJD/KMM), 2021 WL 3080960 (D. Minn. July 21, 2021) .........6

*In re Charter Commc'ns, Inc., Sec. Litig.*,
        No. 4:02-CV-1186 CAS, 2005 WL 4045741 (E. D. Mo. June 30, 2005)...............7

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
        343 F. Supp. 3d 394 (S.D.N.Y. 2018)...................................................................7

*In re Heritage Bond Litig.*,
        No. 02–ML–1475 DT, 2005 WL 1594403 (C. D. Cal. June 10, 2005) ..................7

*In re Veeco Instruments Inc. Sec. Litig.*,
        No. 05 MDL 01695(CM), 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ...............8

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,
        396 F.3d 922 (8th Cir. 2005).................................................................................6

*McClean v. Health Sys., Inc.*,
        No. 6:11-CV-03037-DGK, 2015 WL 12426091 (W. D. Mo. June 1, 2015) ...........7

*Patel v. Axesstel, Inc.*,
        No. 3:14-CV-1037-CAB-BGS, 2015 WL 6458073 (S. D. Cal. Oct. 23,
        2015)....................................................................................................................7

*Rawa v. Monsanto Co.*,
        No. 4:17CV01252 AGF, 2018 WL 2389040 (E. D. Mo. May 25, 2018),
        *aff'd*, 934 F.3d 862 (8th Cir. 2019) .......................................................................6

Court-appointed Lead Plaintiffs The Gabelli Asset Fund, The Gabelli Dividend & Income Trust, The Gabelli Focused Growth and Income Fund f/k/a The Gabelli Focus Five Fund, The Gabelli Multimedia Trust Inc., The Gabelli Value 25 Fund Inc., GAMCO International SICAV, and GAMCO Asset Management Inc. (collectively the "Gabelli Group"), and Naya 1740 Fund Ltd., Naya Coldwater Fund Ltd., Naya Master Fund LP, and Nayawood LP (collectively, the "Naya Group" and, with the Gabelli Group, "Lead Plaintiffs"), along with Plaintiff Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters" and, collectively with Lead Plaintiffs, "Plaintiffs") on behalf of themselves and the proposed Settlement Class, and Court-appointed Co-Lead Counsel Entwistle & Cappucci LLP ("Entwistle & Cappucci") and Labaton Sucharow LLP ("Labaton Sucharow") (collectively, "Co-Lead Counsel") respectfully submit this reply memorandum in further support of (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and for Final Certification of the Settlement Class (ECF 140) and (ii) Co-Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Awards Pursuant to 15 U.S.C. § 78u-4(a)(4) (ECF 142) (collectively, the "Motions").[1]

---

[1] Unless otherwise defined in this memorandum, all capitalized terms have the meanings defined in the Stipulation and Agreement of Settlement, dated August 17, 2021 (ECF 127-1) or in the Joint Declaration of Andrew J. Entwistle and Ira A. Schochet in Support of: (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and for Final Certification of the Settlement Class; and (II) Co-Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Awards Pursuant to 15 U.S.C. ¶ 78u-4(a)(4) (ECF 144). All references to "ECF" are to the docket in *In re Resideo Technologies, Inc. Securities Litigation* No. 19-cv-2863 (WMW/BRT).  Unless otherwise specified, all citations are omitted.

**INTRODUCTION**

The proposed Settlement resolves this litigation in exchange for a cash payment of $55,000,000.    As detailed in Plaintiffs' and Co-Lead Counsel's opening papers (ECF 140-144), the proposed Settlement is the product of extended arm's-length settlement negotiations between experienced counsel, including mediation before retired Judge Layn Phillips, a highly experienced mediator.    Plaintiffs and Co-Lead Counsel believe that the Settlement is an excellent result in light of the many risks that Plaintiffs faced in proving that Defendants made false statements with scienter, and in establishing loss causation and damages, and the costs and delays of continued litigation.

The reaction of the Settlement Class confirms that the proposed Settlement is an outstanding result.  Following an extensive notice program, including broad publication of the summary notice and blanket mailing of over 465,000 copies of the Notice to potential Settlement Class Members and nominees, only 14 requests for exclusion from the Settlement Class were received. Of those requests, four were from non-class members. The ten remaining requests seek exclusion of just 226 shares (out of 171.8 million damaged shares), and none were from institutional investors.  Importantly, there has been *no* objection to *any* aspect of the Settlement, the Plan of Allocation or the requested fees and expenses.

The absence of objections or requests for exclusion by institutional investors is additional evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation and fee and expense request.

For these reasons and those set forth below, the Motions should be granted.

**ARGUMENT**

I.    **THE REACTION OF THE SETTLEMENT CLASS, FOLLOWING NOTICE, SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION AND THE REQUEST FOR FEES AND EXPENSES**

Plaintiffs and Co-Lead Counsel respectfully submit that their opening papers demonstrate that approval of the Motions is warranted. Now that the January 6, 2022 deadline for objecting to the Settlement or requesting exclusion from the Settlement Class has passed, the reaction of the Settlement Class provides strong additional support for granting the Motions.

**A. THE NOTICE PROGRAM**

In accordance with the Preliminary Approval Order, under Co-Lead Counsel's supervision, the Claims Administrator, JND Legal Administration ("JND"), conducted an extensive notice program that included mailing over 465,000 copies of the Notice and Claim Form (together, the "Notice Packet"), publishing the Summary Notice twice in *The Wall Street Journal* and twice over *PR Newswire*, and establishing a settlement website, www.resideotechnologiessettlement.com, which provides access to copies of the Notice, Claim Form, Stipulation of Settlement and other information and documents.

JND began mailing the Notice Packet to potential Settlement Class Members and nominees on November 4, 2021. *See* Segura Decl. (ECF 144-2) ¶¶ 3-14. Through January 18, 2022, a total of 469,079 Notices have been mailed to potential Settlement Class Members and nominees. *See* Supplemental Declaration of Luiggy Segura Regarding (A) Mailing of Notice and Claim Form; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date ("Supp. Segura Decl."), filed herewith, at ¶

3

4. The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Co-Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for Litigation Expenses not to exceed $500,000. *See* Notice ¶ 4. The Notice also advised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses, or to request exclusion from the Settlement Class, and of the January 6, 2022 deadline for doing so. *See id.* at p. 2 and ¶¶ 41-44.

On December 22, 2021, 15 days before the objection and exclusion deadline, Plaintiffs and Co-Lead Counsel filed their opening papers in support of the Motions. These papers are available on the public docket (ECF 140-144) and on the Settlement website. *See* Supp. Segura Decl. ¶ 7.

On January 14, 2022, the Court's courtroom deputy advised that the Settlement Hearing would be held video-phonically, in response to the Parties' joint letter requesting the same (ECF No. 146), and instructed Plaintiffs' counsel to file an amended notice of hearing on ECF, which counsel did (ECF 148). The Claims Administrator updated the Settlement website to inform Settlement Class Members that the Settlement Hearing would be conducted remotely and posted the Court's telephone instructions for the public. *See* Supp. Segura Decl. ¶ 8 n.1.  Co-Lead Counsel also updated their firm websites to reflect the same information. *See* Brodeur Declaration[2] at ¶ 7.

---

[2] Declaration Of Brendan J. Brodeur in Further Support of: (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and for Final Certification of

## B. THE POSITIVE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS BOTH MOTIONS

Following the notice program described above, not a single Settlement Class Member has objected to the Settlement, Plan of Allocation, or Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses. In addition, just fourteen requests for exclusion, out of more than 465,000 notice packets mailed, have been received. *See* Supp. Segura Decl. ¶¶ 4, 6 & Ex. A. Of those, none were submitted by an institutional investor seeking to bring its own action against Defendants. Rather, these requests for exclusion were submitted by individuals who collectively acquired two hundred twenty-six out of the estimated 171.8 million damaged shares of Resideo common stock acquired during the Class Period.[3] Moreover, in the letters submitted requesting exclusion, none of the individuals who submitted requests for exclusion voiced any criticism of any aspect of the proposed Settlement, the Plan of Allocation or the requested fees and expenses.[4]

---

the Settlement Class; and (II) Co-Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Awards Pursuant to 15 U.S.C. § 78u-4(A)(4), filed herewith.

[3] Based on the information provided in those requests for exclusion that provided transactional information, JND has determined that the persons and entities requesting exclusion collectively purchased a total of 226 eligible shares of Resideo common stock during the Class Period. *See* Supp. Segura Decl. ¶ 6.

[4] While not all of the requests for exclusion include all of the information about trading in Resideo common stock as required by the Notice (¶ 35) and four were received after the January 6, 2022 deadline for requesting exclusion from the Settlement Class, Plaintiffs

Co-Lead Counsel contacted the individuals who submitted requests for exclusion, other than one individual who requested not to be contacted by telephone or email and one individual who did not provide a telephone number or an email address.  As set forth in more detail in the Brodeur Declaration, the several individuals who responded to this outreach expressed no dissatisfaction with the Settlement, the Plan of Allocation or the request for fees and expenses.[5]

As set forth in Plaintiffs' opening papers, district courts within the Eighth Circuit consider the "amount of opposition to the settlement" in connection with approval of a proposed class action settlement.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005).  Receiving few or no objections to a proposed class action settlement is strong evidence that the settlement is fair and reasonable.  *See DeBoer v. Mellon Mortg.*, *Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995) ("The fact that only a handful of class members objected to the settlement similarly weighs in its favor."); *Rawa v. Monsanto Co.,* No. 4:17CV01252 AGF, 2018 WL 2389040, at *7 (E. D. Mo. May 25, 2018), *aff'd*, 934 F.3d 862 (8th Cir. 2019) (the fact that only one objection to the

and Co-Lead Counsel, with the consent of Defendants, request that the Court nonetheless grant each of the nine requests for exclusion submitted by potential members of the Settlement Class as of January 14, 2022, one week before the Settlement Hearing.  Four requests were submitted by individuals who do not appear to be members of the Settlement Class regardless.  One request, which did not provide any information about holdings or transactions in Resideo common stock, was received by the Claims Administrator on January 18, 2022; Lead Counsel has been unable to obtain Defendants' consent to treat this request as valid.

[5] *See In re Centurylink Sales Pracs. & Sec. Litig.*, No. CV 18-296 (MJD/KMM), 2021 WL 3080960, at *7 (D. Minn. July 21, 2021) (Noting that "[n]one of the opt-out requests stated any specific objection to any aspect of the Settlement or the requested fees and expenses," and concluding that this, along with the lack of objections, "weighs in favor of approval").

settlement was received "weighs in favor of approval"); *McClean v. Health Sys., Inc.*, No. 6:11-CV-03037-DGK, 2015 WL 12426091, at *6 (W. D. Mo. June 1, 2015) (where no class member objected to the settlement, this "lack of opposition clearly supports approval"). Here, the reaction of the Settlement Class provides strong support that the Settlement is fair and reasonable.

Indeed, it is particularly significant here that no institutional investors have objected to the Settlement or requested exclusion.  The absence of objections from institutional investors, which have substantial means and incentive to object to the Settlement if they deem it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g.*, *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re Charter Commc'ns, Inc., Sec. Litig.*, No. 4:02-CV-1186 CAS, 2005 WL 4045741, at *8 (E. D. Mo. June 30, 2005) (in evaluating the reaction of the class, the court should consider "the absence of objections from other large institutional investors who purchased Charter stock during the Class Period").

The lack of objections from individual Settlement Class Members also supports approval of the Plan of Allocation.  *See, e.g.*, *In re Heritage Bond Litig.*, No. 02–ML–1475 DT, 2005 WL 1594403, at *11 (C. D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement."); *Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 WL 6458073, at *7 (S. D. Cal. Oct. 23, 2015) (approving plan of allocation where it "was laid out in detail in the notice, and

7

no class members objected"); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Likewise, the absence of any objections to Co-Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses supports a finding that the fee and expense requests are fair and reasonable. *See, e.g., Beaver Cnty. Emps.' Ret. Fund v. Tile Shop Holdings, Inc.*, No. 0:14–cv–00786–ADM–TNL, 2017 WL 2588950, at *3 (D. Minn. June 14, 2017) ("Not a single Class Member has objected to Class Counsel's motion for attorneys' fees and expenses . . . The lack of objections is strong evidence that the requested amount of fees and expenses is reasonable."); *Barfield v. Sho-Me Power Elec. Co-op.*, No. 2:11–cv–4321NKL, 2015 WL 3460346, at *5 (W. D. Mo. June 1, 2015) ("The absence of timely objections by . . . Class Members to Class Counsel's fee-and-expense request further supports finding it reasonable."); *9–M Corp. v. Sprint Commc'ns Co. L.P.*, No. 11–3401 (DWF/JSM), 2012 WL 5495905, at *3 (D. Minn. Nov. 12, 2012) ("The absence of objections or disapproval by class members to . . . Class Counsel's fee-and-expense request further supports finding it reasonable.").

## CONCLUSION

For the foregoing reasons and the reasons set forth in their opening papers, Plaintiffs and Co-Lead Counsel respectfully request that the Court approve the Settlement and the Plan of Allocation, and the request for an award of attorneys' fees,

reimbursement of litigation expenses and awards to Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4). A proposed Judgment approving the Settlement, negotiated by the Parties, and separate proposed Orders approving the Plan of Allocation and awarding attorneys' fees and reimbursement of litigation expenses have been filed for the Court's consideration (ECFs 149, 150, 151), and editable copies were contemporaneously emailed to chambers.

Dated: January 20, 2022                    Respectfully submitted,

/s/ Andrew J. Entwistle
Andrew J. Entwistle (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (512) 710-5960
aentwistle@entwistle-law.com

*Lead Counsel for The Gabelli Plaintiffs and Co-Lead Counsel for the Class*

/s/ Ira A. Schochet
Ira A. Schochet (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
ischochet@labaton.com

*Lead Counsel for the Naya Group and Co-Lead Counsel for the Class*

/s/ X. Jay Alvarez
X. Jay Alvarez (*pro hac vice*)
Steven W. Pepich (*pro hac vice*)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058
jaya@rgrdlaw.com
stevep@rgrdlaw.com

*Counsel for Oklahoma Firefighters Pension and Retirement System*

/s/ Bryan L. Bleichner
Karl L. Cambronne (MN #14321)
Bryan L. Bleichner (MN #326689)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South
Suite 1700
Minneapolis, Minnesota 55401
Telephone: (612) 339-7300
kcambronne@chestnutcambronne.com
bbleichner@chestnutcambronne.com

*Plaintiffs' Liaison Counsel*

9