**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE RESIDEO TECHNOLOGIES, INC. SECURITIES LITIGATION | Civil Action No. 0:19-cv-02863 (WMW/BRT) |

**DECLARATION OF BRENDAN J. BRODEUR IN FURTHER SUPPORT OF: (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND FOR FINAL CERTIFICATION OF THE SETTLEMENT CLASS; AND (II) CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND <u>AWARDS PURSUANT TO 15 U.S.C. § 78u-4(a)(4)</u>**

EC.00118503.2

I, Brendan J. Brodeur, declare as follows:

1.    I am a partner at Entwistle & Cappucci LLP ("Entwistle & Cappucci"), which, together with Labaton Sucharow LLP, is Co-Lead Counsel for Court-appointed Lead Plaintiffs The Gabelli Asset Fund, The Gabelli Dividend & Income Trust, The Gabelli Focused Growth and Income Fund f/k/a The Gabelli Focus Five Fund, The Gabelli Multimedia Trust Inc., The Gabelli Value 25 Fund Inc., GAMCO International SICAV, and GAMCO Asset Management Inc., Naya 1740 Fund Ltd., Naya Coldwater Fund Ltd., Naya Master Fund LP, and Nayawood LP (collectively, "Lead Plaintiffs").[1]

2.    I have personal knowledge of the matters set forth herein.

3.    I respectfully submit this declaration in further support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and for Final Certification of the Settlement Class (ECF 140, the "Final Approval Motion") and Co-Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Awards Pursuant to 15 U.S.C. ¶78u-4(a)(4) (ECF 142, the "Fee and Expense Application").

4.    As explained in the accompanying memorandum of law in further support of the Final Approval Motion and the Fee and Expense Application, the reaction of the Settlement Class has been overwhelmingly positive.  The deadline to object to any aspect of the Settlement or to seek exclusion from the Settlement Class was January 6, 2022.  To

---

[1] All terms with initial capitalization not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated August 17, 2021 ("Stipulation") (ECF 127-1).

date, there have been no objections and only fourteen requests for exclusion. Of the fourteen requesters, three did not provide information about their transactions in Resideo common stock, and the other eleven, in aggregate, state they have acquired just 226 shares during the Class Period. Several of the requests for exclusion were not submitted with the required information or were submitted by people who are not actually members of the Settlement Class; nevertheless, all communications purporting to be requests for exclusion are being submitted as exhibits to the accompanying Segura Declaration.

5.      Following the receipt of the requests for exclusion, Co-Lead Counsel determined to contact those individuals who had provided email addresses or telephone numbers, to obtain any missing information and inquire about their reasons for requesting exclusion and to answer any questions they may have. One of the fourteen individuals had asked not to be contacted by phone or email, and one other did not provide a telephone number or an email address. Therefore, I called twelve individuals who requested exclusion. Specifically:

(a)      On January 12, 2022, a woman answered my call to the phone number provided to me by requester Roger Brown and identified herself as Mr. Brown's wife. She said that she and Mr. Brown had determined not to submit a claim because they (he) only acquired one share and did not expect a significant recovery and so Mr. Brown requested exclusion. Mr. Brown's wife stated that she and Mr. Brown had not understood that they could simply ignore the Notice without offending the attorneys or the Court.

(b)      My calls to the other eleven individuals were not answered. One individual had a full voicemail box. I left voicemail messages for the ten other individuals who submitted requests but did not answer my call.

EC.00118503.2                                          2

(c)     On January 13, 2022, Barbara Harrington returned my call.  Ms. Harrington stated that she and Irene Harrington (who also submitted a request for exclusion) had determined that they were not entitled to participate in the Settlement because neither acquired Resideo common stock during the Class Period.  Ms. Harrington explained that she and Irene Harrington believed they were required to alert Counsel that they were not Settlement Class Members in order to avoid receiving funds to which they were not entitled. I explained that if they were not members of the Settlement Class, they did not need to take any further action.

(d)     The remaining eight individuals have not returned my call.

6.     Attached hereto as Exhibit A is a chart summarizing the requests for exclusion that were received via the Claims Administrator along with my notes related to my telephonic conversations with them.

7.     After Co-Lead Counsel filed their Notice of Settlement Hearing by Zoom (ECF 148) at the direction of the courtroom deputy, Co-Lead Counsel updated their websites on January 18, 2022 to reflect the fact that the Settlement Hearing would be conducted remotely and that the public could observe via telephone.

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Dated: January 20, 2022
Westborough, Massachusetts

/s/ Brendan J. Brodeur
Brendan J. Brodeur

EC.00118503.2                                              3

# EXHIBIT A

**Persons Listed in Exhibit 1 to Proposed Judgment**

| Requester's Name and Location | Date Request Was Received | Number of Shares Acquired | Notes |
|---|---|---|---|
| Perry Jennings of Cumming, Georgia | Timely | 31 | By letter, this potential Settlement Class Member instructed us not to call or email. |
| Roger Brown of Knoxville, Tennessee | Timely | 1 | This potential Settlement Class Member was assisted by his wife when he spoke with Mr. Brodeur. Mr. Brown's wife stated that they submitted Mr. Brown's request for exclusion because it was not worth the effort to submit a claim for a single share, and they thought not responding might offend the Court or counsel. |
| James B. Murray of New Brighton, Minnesota | Timely | 5 | |
| Donna House of Trinidad, Texas | Timely | 31 | |
| Chester R. Gardner TTE U/A Jan 25, 2008 Gardner Family Trust Revocable of Lincoln City, Oregon | Timely | 25 | |
| Gloria T. Hampton of Sylmar, California | Timely | 12 | |
| Charles R. Maier TTEE Charles R Maier Living Trust of Wayne, Nebraska | Jan. 7 | 121 | |
| LaMar A. Palmer of Pasco, Washington | Jan. 12 | Unknown | |
| Joan Palmer of Pasco, Washington | Jan. 12 | Unknown | |

### Persons Not Listed in Exhibit 1 to Proposed Judgment

| Requester's Name and Location | Date Request Was Received | Number of Shares Acquired | Notes |
|---|---|---|---|
| Andrea Zava | Timely | None acquired | |
| Renee C. Beck of Pennsylvania | Timely | None acquired | |
| Barbara Harrington of Pennsylvania | Timely | None acquired | This potential Settlement Class Member spoke with Mr. Brodeur and stated she had not acquired Resideo common stock during the Class Period and that she thought she was required to respond. She stated the same is true for Irene Harrington. Mr. Brodeur explained that if neither Barbara Harrington nor Irene Harrington were members of the Settlement Class, they did not need to take further action. |
| Irene Harrington of Pennsylvania | Timely | None acquired | See notes for Barbara Harrington, above. |
| Camille Sheats of Georgia | Jan. 18, 2022 | Unknown | This potential Settlement Class Member did not provide a telephone number or an email address. Due to the lateness of the request, Defendants' assent to list her in Exhibit 1 to the Proposed Judgment has not been obtained. |

EC.00118416.1