# EXHIBIT 1

# UNITED STATES DISTRICT COURT

## District of Minnesota

In re Resideo Technologies, Inc., Securities
Litigation

St. Clair County Employees' Retirement
System; Gabelli Asset Fund, The; Gabelli
Dividend & Income Trust, The; Gabelli Equity
Trust Inc., The; Gabelli Focused Growth and
Income Fund, The; Gabelli Multimedia Trust
Inc., The; Gabelli Value 25 Fund Inc., The;
GAMCO International SICAV; GAMCO Asset
Management Inc.; Hollywood Firefighters'
Pension Fund; Frampton Living Trust; Naya
1740 Fund Ltd.; Naya Coldwater Fund Ltd;
Naya Master Fund LP; Nayawood LP,

**[PROPOSED] AMENDED**

**JUDGMENT IN A CIVIL CASE**

Plaintiffs,

v.

Case Number: 19-cv-2863 WMW/BRT

Resideo Technologies, Inc.; Michael G.
Nefkens; Joseph D. Ragan, III; Niccolo de Masi,

Defendants,

Alaska Electrical Pension Fund; Oklahoma
Firefighters Pension and Retirement System,

Movants.

---

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been
tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have
been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. The Court's Judgment of March 25, 2022 (Dkt. 159) is replaced in its entirety by this
   Amended Judgment.

2. Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement, (Dkt. 140),
   is GRANTED.

a.  The Settlement Agreement and Plan of Allocation are finally approved as being fair, reasonable and adequate pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

b.  The Settlement Class is finally certified, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

c.  The Court confirms that the Notice provided to the Settlement Class was the best notice practicable under the circumstances and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the Private Securities Litigation Reform Act.

d.  All Settlement Class Members who timely requested exclusion are excluded from the Settlement. The Settlement Class Members who did not timely request exclusion are hereby bound by the terms of the Settlement Agreement.

e.  The action is dismissed with prejudice.

3.  Plaintiffs' unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Awards, (Dkt. 142), is **GRANTED**.

a.  The Court awards $13,750,000, plus any accrued interest, in attorneys' fees to Plaintiffs' counsel.

b.  The Court awards $349,575.75 in litigation expenses to Plaintiffs' counsel.

c.  The Court approves service awards of $12,500 to the Gabelli Group and $10,000 to the Naya Group, for an aggregate amount of $22,500, to compensate Lead Plaintiffs for the time spent directly related to their representation of the Settlement Class.

4.    Without affecting the finality of this Order and the judgment, the Court retains

jurisdiction over this matter for the purpose of resolving disputes related to the

interpretation, administration, implementation, effectuation and enforcement of the

Settlement.


Date: __/__/2022                              _____