UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Resideo Technologies, Inc. Securities Litigation | Case No. 19-cv-2863 (WMW/BRT) |

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND JUDGMENT**

Plaintiffs, on behalf of themselves and the proposed Settlement Class,[1] move to amend the March 25, 2022 Judgment in this case. (Dkt. 160.) A district court "may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Here, Plaintiffs' motion seeks to correct an inadvertent erroneous omission in the Court's March 25, 2022 Judgment—namely, to reflect that "[t]he action is dismissed with prejudice." Defendants do not oppose Plaintiffs' motion, which is consistent with the parties' Settlement Agreement. As such, the motion is granted.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiffs' unopposed motion to amend the March 25, 2022 Judgment, (Dkt. 160), is **GRANTED**; the March 25, 2022 Judgment, (Dkt. 159), is **VACATED**; and the Clerk of Court is directed to enter an Amended Judgment as provided herein.

---

[1] Unless otherwise indicated, capitalized terms in this Order have the meanings ascribed to those words in the parties' August 17, 2021 Stipulation and Agreement of Settlement.

2. Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement, (Dkt. 140), is **GRANTED**.

   a. The Settlement Agreement and Plan of Allocation are finally approved as being fair, reasonable and adequate pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

   b. The Settlement Class is finally certified, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

   c. The Court confirms that the Notice provided to the Settlement Class was the best notice practicable under the circumstances and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the Private Securities Litigation Reform Act.

   d. All Settlement Class Members who timely requested exclusion are excluded from the Settlement. The Settlement Class Members who did not timely request exclusion are hereby bound by the terms of the Settlement Agreement.

   e. The action is dismissed with prejudice.

3. Plaintiffs' unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Awards, (Dkt. 142), is **GRANTED**.

   a. The Court awards $13,750,000, plus any accrued interest, in attorneys' fees to Plaintiffs' counsel.

    b. The Court awards $349,575.75 in litigation expenses to Plaintiffs' counsel.

    c. The Court approves service awards of $12,500 to the Gabelli Group and $10,000 to the Naya Group, for an aggregate amount of $22,500, to compensate Lead Plaintiffs for the time spent directly related to their representation of the Settlement Class.

4. Without affecting the finality of this Order and the judgment, the Court retains jurisdiction over this matter for the purpose of resolving disputes related to the interpretation, administration, implementation, effectuation and enforcement of the Settlement.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 13, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge